## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

---

| | |
|---|---|
| KEIRA VAUGHAN, JACQUELINE WOODARD, SASHE OMOGIATE, and MAKEDA ROOTS individually and on behalf of all other similarly situated individuals,<br><br>          Plaintiffs,<br><br>v.<br><br>PARADISE ENTERTAINMENT GROUP, INC. d/b/a MAGIC CITY,<br><br>          Defendant. | Civil Action No.: 1:14-cv-00914-JEC |

---

## SECOND AMENDED COLLECTIVE ACTION COMPLAINT
_____

Plaintiffs Keira Vaughan, Jacqueline Woodard, Sashe Omogiate, and Makeda Roots ("Plaintiffs"), by and through their attorneys, Nichols Kaster, PLLP and Mays & Kerr, LLC, on behalf of themselves and the Collective as defined below, bring this Second Amended Collective Action Complaint against Paradise Entertainment Group, Inc. d/b/a Magic City ("Magic City" or "Defendant"). Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction to hear this Second Amended Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this action asserts claims arising under federal law, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3.     Defendant Magic City is a domestic corporation with its principal place of business in Atlanta, Georgia.  At times relevant to this action, Magic City qualifies as Plaintiffs and the Collective's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

4.     Plaintiff Keira Vaughan is an adult resident of Fulton County, Georgia.  During relevant times, Plaintiff Vaughan worked as an entertainer for Magic City and qualifies as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

5.     Plaintiff Jacqueline Woodard is an adult resident of Fayetteville County, Georgia.   During relevant times, Plaintiff Woodard worked as an

entertainer for Magic City and qualifies as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

6.    Plaintiff Sashe Omogiate is an adult resident of Gwinnette County, Georgia.  During relevant times, Plaintiff Omogiate worked as an entertainer for Magic City and qualifies as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

7.    Plaintiff Makeda Roots is an adult resident of Fulton County, Georgia. During relevant times, Plaintiff Roots worked as an entertainer for Magic City and qualifies as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

8.    Plaintiffs have consented in writing to assert claims for unpaid minimum wages under the FLSA, 29 U.S.C. § 216(b).  (See Ex. A.)  Others are interested in joining this lawsuit.  Indeed, an opt-in Plaintiff has already consented to bring claims against Defendant by filing a consent form with this Court.  (See ECF No. 3.)  As this case proceeds, it is likely that other individuals will sign consent forms and join this action as opt-in Plaintiffs.

## FACTUAL ALLEGATIONS

9.    Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

10.    Plaintiffs and the Collective work(ed) for Defendant as exotic dancers, or entertainers, during the statutory period.

11.    Entertainers are integral to Defendant's business operations.

12.    Defendant is a fully nude, adult entertainment club made famous in part by its reference in rap songs and rap videos.

13.    Indeed, numerous customers from outside of Georgia visit the club.

14.    Defendant advertises its entertainment business, in part, on its website, Facebook, Twitter, Instagram, newsletter, and YouTube.

15.    Defendant controls its entire club. It provides the stage, furniture, lighting, sanitation, music, and other amenities. These items of furniture and décor together form the aesthetic Defendant desires to maintain, promote, and sell at the club. This furniture and décor are likely manufactured outside of Georgia and/or pass through interstate commerce prior to its arrival at Defendant's establishment.

16.    Defendant limits its customer base to adults over the age of twenty-one. Defendant serves domestic and imported alcohol to its customers.

17.    Defendant's customers pay an admission for entry. In exchange, entertainers entertain customers at Defendant's direction and control.

18.    For example, Defendant directs and controls entertainers at relevant times by:

a)    Hiring and firing entertainers;

b)    Evaluating entertainers to ensure they meet Defendant's standards before hiring;

c)    Directing entertainers to sign non-compete agreements, prohibiting them from working at other clubs, and/or telling the entertainers that they were prohibited from working at other clubs;

d)    Mandating the number of shifts entertainers have to work per week;

e)    Setting and holding mandatory meetings with the entertainers;

f)    Requiring entertainers to sign in at the beginning of their shifts;

g)    Limiting the amount of time entertainers have to get ready at the beginning of their shifts;

h)    Establishing set times when entertainers may have access to their phones;

i)    Requiring entertainers to be on the floor for a set amount of time before they can be eligible to take breaks;

j)    Reviewing and approving entertainers' apparel, hair, and makeup;

k)    Setting entertainers' music, rotation, and duration of time on stage; and

l)    Deciding when entertainers are permitted to leave at the end of the shift.

19.    Defendant communicates many of these and other restrictions, rules, and regulations to entertainers through meetings, direct communication by management, and in writing.

20.    Defendant posts rules and distributes memorandum to communicate changed rules, fines, and/or issues with the entertainers.

21.    Defendant enjoys the discretion to create, implement, enforce, and change rules and restrictions for its entertainers as it sees fit.

22.    When entertainers violate rules, Defendant has the authority to fine, suspend, or terminate them.

23.    Entertainers work for Defendant as employees in fact.  Nevertheless, Defendant considers entertainers to be "independent contractors."

24.    Defendant misclassifies entertainers in part to avoid paying them a minimum wage as required by law.

25.    Indeed, Defendant does not pay entertainers *any* wages or other compensation for the work it suffers or permits them to perform.

26.    Defendant instead requires that entertainers pay the club as a precondition to working at the facility.  Defendant requires entertainers pay, for example, nightly "house fees."  These are also referred to as "bar fees" or "dance rental fees."  Defendant sets this fee at its discretion, often increasing it on nights when fewer entertainers work.

27.    Defendant also imposes fines.  For example, at relevant times, Defendant has issued fines to entertainers for the following reasons:  arriving late to the club, not complying with the club's scheduling requirements, being late to

perform on stage, and failing to meet management's on-stage performance standards.

28.    For example, Defendant circulated a memo in or around September 2013, explaining: "[Entertainers] will be held to a higher standard.  If management thinks [entertainers] are not performing to our standards, [they] will be asked to exit the stage; pay a $50 fine and given a one day suspension."

29.    Despite the fact that Defendant does not pay the entertainers' wages, Defendant requires them to tip out other workers, such as the house mom, at the end of each night.

30.    Defendant cannot avail itself of the federal tipped minimum wage rate because Defendant does not provide notice to its employees of its intention to take a tip credit and because Defendant forbids its entertainers from keeping all of their tip money. *See* 29 U.S.C. § 201.

31.    Because Defendant directly controls entertainers, it is aware that entertainers work as employees in fact; yet, Defendant still fails to classify entertainers as employees under federal law.

32.    Defendant's failure to pay entertainers prescribed wages is willful and recklessness, in part, because Defendant knows it treats entertainers as employees in fact.  Entertainers who worked under similar circumstances have been found to

qualify as "employees" under the FLSA in similar cases in this district, <u>see</u> <u>Stevenson v. Great Am. Dream, Inc.</u>, No. 1:12-CV-3359, 2013 WL 6880921 (N.D. Ga. Dec. 31, 2013); <u>Clincy v. Galardi S. Enter., Inc.</u>, 808 F. Supp. 2d 1326 (N.D. Ga. 2011).

<b><u>COLLECTIVE ACTION ALLEGATIONS</u></b>

33.    Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

34.    Like Plaintiffs, there are members of this putative Collective who are or were legally employed by Defendant who have also been denied minimum wages and who have experienced Defendant taking their earned tips in the form of fees, fines, and payments to other employees.

35.    These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

36.    Defendant can readily identify these similarly situated entertainers through its business records.

37.    Plaintiffs therefore bring Count One of this Second Amended Complaint pursuant to the FLSA, 29 U.S.C. § 216(b) as a putative Collective on behalf of themselves and other similarly situated entertainers.  Specifically, this putative Collective includes:

8

All persons who work(ed) as entertainers for Defendant at any time within three years of the filing of the Complaint.

## COUNT ONE
## MINIMUM WAGE VIOLATION
## Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.

38.    Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

39.    The FLSA requires covered employers to pay employees no less than $7.25 for each hour worked in a workweek.  29 U.S.C. § 206.

40.    The minimum wage requirement must be satisfied "free and clear" of any deductions or "kickbacks."   29 C.F.R. § 531.35 ("For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.").

41.    Defendant is an "enterprise," as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

42.    Defendant is an "employer" of Plaintiffs and the Collective, who are "employees in fact," as defined by the FLSA, 29 U.S.C. § 203(d), (e)(1), (g).

43.     Defendant failed to pay Plaintiffs and the Collective *any* wages, much less free and clear minimum wages.

44.     In failing to provide wages at the minimum rate and in taking fees, fines, and wage payments from Plaintiffs and the Collective, Defendant violated the FLSA.

45.     Defendant did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the Collective.

46.     Defendant knew Plaintiffs and the Collective worked as employees in fact, and it willfully failed and refused to pay Plaintiffs and the Collective the required minimum wages.

47.     Defendant's willful failure and refusal to pay Plaintiffs and the Collective minimum wages for time worked violates the FLSA. 29 U.S.C. § 206.

48.     As a result of these unlawful practices, Plaintiffs and the Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid minimum wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of herself, and all others similarly situated, pray for judgment against Defendant as follows:

a.     A finding that Plaintiffs and the Collective are similarly situated;

b.     Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

c.     Authorization for the prompt issuance of notice to all those similarly situated employees, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

d.     Judgment that Plaintiffs and the Collective are non-exempt employees entitled to protection under the FLSA;

e.     Judgment against Defendant for violation of the minimum wage provisions of the FLSA;

f.     Judgment that Defendant acted willfully and without good faith in violating the FLSA;

g.     An award to Plaintiffs and those similarly situated for the amount of unpaid minimum wages owed free and clear, and liquidated damages;

h.     An award of prejudgment interest to the extent liquidated damages are not awarded;

i.     An award of reasonable attorneys' fees and costs;

j.     Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court; and

k.     For such other relief as the Court may deem just.

Dated:    May 2, 2014            **NICHOLS KASTER, PLLP**

 /s/ Michele R. Fisher
Michele R. Fisher, GA Bar No. 76198
Anna Prakash, MN Bar No. 0351362*
Rebekah L. Bailey, MN Bar No. 0389599*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
fisher@nka.com
bailey@nka.com
*pro hac vice admissions forthcoming*

**MAYS & KERR, LLC**
Jeff Kerr, GA Bar No. 634260
Craig Nydick, GA Bar No. 760565
235 Peachtree St. NE #202
Atlanta, GA  30303
Telephone: (404) 410-7998
Fax: (404) 855-4066
jeff@maysandkerr.com
john@maysandkerr.com

**ATTORNEYS FOR PLAINTIFFS AND THE COLLECTIVE**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

## CERTIFICATE OF SERVICE

**Vaughan et al. v. Paradise Entertainment Group, Inc. d/b/a Magic City**
**Court File No.: 1:14-cv-009014-JEC**

I hereby certify that on May 2, 2014, I caused the following documents to be served:

**Second Amended Collective Action Complaint**

I caused the above-listed document(s) to be served by electronic mail with consent to the following persons at the following address(es):

Gary Freed
THOMPSON HINE LLP
Two Alliance Center
5360 Lenox Road, Suite 1600
Atlanta, GA  30326-4274
Gary.Freed@thopsonhine.com

Attorney for Paradise Entertainment Group, Inc. d/b/a Magic City

Dated:  May 2, 2014                    /s/ Michele R. Fisher
                                        Michele R. Fisher