# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEIRA VAUGHAN, JACQUELINE WOODARD, SASHE OMOGIATE, and MAKEDA ROOTS individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PARADISE ENTERTAINMENT GROUP, INC. d/b/a MAGIC CITY,<br><br>Defendant. | Civil Action No.: 1:14-cv-00914-JEC |

## DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COLLECTIVE ACTION COMPLAINT AND AFFIRMATIVE DEFENSES

Paradise Entertainment Group, Inc. ("PEG") responds to the allegations set forth in Plaintiffs' Second Amended Collective Action Complaint ("Complaint").

### AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a legally cognizable cause of action.

### Second Defense

Makeda Roots is an improperly added Plaintiff to this action.

### Third Defense

The Complaint in whole or in part is barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

### Fourth Defense

The Complaint in whole or in part is barred in that the Plaintiffs are not "employees" as that term is defined in the Fair Labor Standards Act ("FLSA").

### Fifth Defense

The Complaint in whole or in part is barred by the applicable statute of limitations.

### Sixth Defense

The Complaint in whole or in part is barred in that the any act or omission by PEG was not willful under the FLSA.

### Seventh Defense

The Complaint in whole or in part is barred in that Plaintiffs seek to recover or assert claims on behalf of individuals who are not similarly situated for purposes of the FLSA.

### Eighth Defense

The Complaint in whole or in part is barred because Plaintiffs are not covered by the FLSA.

### Ninth Defense

The Complaint in whole or in part is barred because Plaintiffs are exempt for the requirements of the FLSA.

### Tenth Defense

The Complaint in whole or in part is barred because Plaintiffs failed to mitigate their damages, if any.

### Eleventh Defense

The Complaint in whole or in part is barred by license and payment.

### Twelfth Defense

The Complaint in whole or in part is barred by fraud and illegality.

### Thirteenth Defense

The Complaint in whole or in part is barred because Plaintiffs failed to satisfy a condition precedent to the Complaint's filing.

### Fourteenth Defense

PEG responds to the specifically enumerated paragraphs of the Complaint as follows:

## ANSWER

1. PEG denies the allegations of Paragraph 1, admits that this Court has original jurisdiction to entertain Plaintiffs' claims, and refers all questions of law to the Court.

2. PEG denies the allegations of Paragraph 2, admits that venue is proper in this District, and refers all questions of law to the Court.

3. PEG denies the allegations of Paragraph 3, admits that it is a domestic corporation with its principal place of business in Atlanta, Georgia, and refers all questions of law to the Court.

4. PEG denies the allegations of Paragraph 4, lacks knowledge or information sufficient to form a belief about the truth of the first sentence, and refers all questions of law to the Court.

5. PEG denies the allegations of Paragraph 5, lacks knowledge or information sufficient to form a belief about the truth of the first sentence, and refers all questions of law to the Court.

6. PEG denies the allegations of Paragraph 6, lacks knowledge or information sufficient to form a belief about the truth of the first sentence, and refers all questions of law to the Court.

7. PEG denies the allegations of Paragraph 7, lacks knowledge or information sufficient to form a belief about the truth of the first sentence, and refers all questions of law to the Court.

8. PEG denies the allegations of Paragraph 8, admits that Plaintiffs apparently executed consent forms, and refers all questions of law to the Court.

9. PEG repeats and re-alleges its affirmative defenses and responses to Paragraphs 1 through 8 as if more fully set forth herein.

10. PEG denies the allegations of Paragraph 10, admits that Plaintiffs performed at Magic City, and refers all questions of law to the Court.

11. PEG denies the allegations of Paragraph 11 as worded.

12. PEG denies the allegations of Paragraph 12 but admits that it is an adult entertainment club ("Club").

13. PEG admits the allegations of Paragraph 13.

14. PEG admits the allegations of Paragraph 14.

15. PEG denies the allegations of Paragraph 15 but admits that it has furnished and decorated the Club and has installed other amenities as are necessary to maintain, operate and promote the Club.

16. PEG admits the allegations of Paragraph 16.

17. PEG denies the allegations of Paragraph 17 but admits that its customers pay an admission fee for entry.

18. PEG denies the allegations of Paragraph 18 but admits that it evaluates and hires performers, that performers are required to sign in before entering the Club, and that it maintains minimal rules to operate properly and legally the Club.

19. PEG denies the allegations of Paragraph 19 but admits it communicates with its performers as necessary to operate properly and legally the Club.

20. PEG denies the allegations of Paragraph 20 but admits it communicates with its performers as necessary to operate properly and legally the Club.

21. PEG denies the allegations of Paragraph 21 but admits it communicates with its performers as necessary to operate properly and legally the Club.

22. PEG denies the allegations of Paragraph 22 but admits it communicates with its performers as necessary to operate properly and legally the Club.

23. PEG denies the allegations of Paragraph 23.

24. PEG denies the allegations of Paragraph 24 and refers all questions of law to the Court.

25. PEG denies the allegations of Paragraph 25 but admits that it does not pay the performers at the Club.

26. PEG denies the allegations of Paragraph 26 but admits that PEG charges the performers a fee to enter the Club.

27. PEG denies the allegations of Paragraph 27 but admits it communicates with its performers as necessary to operate properly and legally the Club.

28. PEG denies the allegations of Paragraph 28 but admits it communicates with its performers as necessary to operate properly and legally the Club.

29. PEG denies the allegations of Paragraph 29.

30. PEG denies the allegations of Paragraph 30 and refers all questions of law to the Court.

31. PEG denies the allegations of Paragraph 31 and refers all questions of law to the Court.

32. PEG denies the allegations of Paragraph 32 and refers all questions of law to the Court.

33. PEG repeats and re-alleges its affirmative defenses and responses to Paragraphs 1 through 33 as if more fully set forth herein.

34. PEG denies the allegations of Paragraph 34.

35. PEG denies the allegations of Paragraph 35.

36. PEG denies the allegations of Paragraph 36.

37. PEG denies the allegations of Paragraph 37 and refers all questions of law to the Court.

38. PEG repeats and re-alleges its affirmative defenses and responses to Paragraphs 1 through 37 as if more fully set forth herein.

39. PEG denies the allegations of Paragraph 39 and refers all questions of law to the Court.

40. PEG denies the allegations of Paragraph 40 and refers all questions of law to the Court.

41. PEG denies the allegations of Paragraph 41, admits it is an "enterprise" and "is engaged in commerce", and refers all questions of law to the Court.

42. PEG denies the allegations of Paragraph 42 and refers all questions of law to the Court.

43. PEG denies the allegations of Paragraph 43, admits it did not pay performers "wages", and refers all questions of law to the Court.

44. PEG denies the allegations of Paragraph 44 and refers all questions of law to the Court.

45. PEG denies the allegations of Paragraph 45 and refers all questions of law to the Court.

46. PEG denies the allegations of Paragraph 46 and refers all questions of law to the Court.

47. PEG denies the allegations of Paragraph 47 and refers all questions of law to the Court.

48. PEG denies the allegations of Paragraph 48 and refers all questions of law to the Court.

**WHEREFORE**, PEG respectfully requests that this honorable Court:

a. deny the prayers of Plaintiffs set forth in the Complaint;

b. award it reasonable attorneys' fees and the costs of this litigation; and

c. grant such other and further relief as is just, proper and equitable.

Respectfully submitted this 22nd day of May, 2014.

**THOMPSON HINE LLP**

/s/  Gary S. Freed
Gary S. Freed
Georgia Bar No. 275275
Erin L. Brooks
Georgia Bar No. 996936
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
(404) 541.2900 (Telephone)
(404) 541.2905 (Facsimile)
Gary.Freed@ThompsonHine.com
Erin.Brooks@ThompsonHine.com

## **CERTIFICATE OF COMPLIANCE WITH LR 7.1 NDGa**

The undersigned counsel hereby certifies that this pleading was prepared using one of the font and point selections approved by this Court in LR 5.1C, NDGa. Specifically, Times New Roman font was used in 14 point.

/s/ Gary S. Freed
Gary S. Freed (Ga. Bar No. 275275)
Gary.Freed@thompsonhine.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing ANSWER TO PLAINTIFFS' SECOND AMENDED COLLECTIVE ACTION COMPLAINT with the Clerk of Court using the CM/ECF system which will send automatic notification of such filing to the following counsel of record:

| | |
|---|---|
| Rebekah L. Bailey, Esq. | Thomas Jefferson Kerr, Esq. |
| Michele R. Fisher, Esq. | Craig Nydick, Esq. |
| Anna Prakash , Esq. | MAYS & KERR, LLC |
| NICHOLS KASTER, PLLP | 235 Peachtree St. NE |
| 80 South 8th Street | Suite #202 |
| 4600 IDS Center | Atlanta, GA 30303 |
| Minneapolis, MN 55402 | jeff@maysandkerr.com |
| bailey@nka.com | craig@maysandkerr.com |
| fisher@nka.com | |
| aprakash@nka.com | |

This 22nd day of May, 2014.

/s/  Gary S. Freed
Gary S. Freed (Ga. Bar No. 275275)
Gary.Freed@thompsonhine.com