# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEIRA VAUGHAN, JACQUELINE WOODARD, SASHE OMOGIATE, and MAKEDA ROOTS individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PARADISE ENTERTAINMENT GROUP, INC. d/b/a MAGIC CITY,<br><br>Defendant. | **Civil Action No.: 1:14-cv-00914-SCJ** |

## DEFENDANT'S COUNTERCLAIMS, AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COLLECTIVE ACTION COMPLAINT

Defendant Paradise Entertainment Group, Inc. ("PEG") responds to the allegations set forth in Plaintiffs' Second Amended Collective Action Complaint ("Complaint").

## I. AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a legally cognizable cause of action.

**<u>Second Defense</u>**

Makeda Roots is an improperly added Plaintiff to this action.

**<u>Third Defense</u>**

The Complaint in whole or in part is barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

**<u>Fourth Defense</u>**

The Complaint in whole or in part is barred in that the Plaintiffs are not "employees" as that term is defined in the Fair Labor Standards Act ("FLSA").

**<u>Fifth Defense</u>**

The Complaint in whole or in part is barred by the applicable statute of limitations.

**<u>Sixth Defense</u>**

The Complaint in whole or in part is barred in that the any act or omission by PEG was not willful under the FLSA.

**<u>Seventh Defense</u>**

The Complaint in whole or in part is barred in that Plaintiffs seek to recover or assert claims on behalf of individuals who are not similarly situated for purposes of the FLSA.

## **Eighth Defense**

The Complaint in whole or in part is barred because Plaintiffs are exempt from the requirements of the FLSA.

## **Ninth Defense**

The Complaint in whole or in part is barred because Plaintiffs failed to mitigate their damages, if any.

## **Tenth Defense**

The Complaint in whole or in part is barred by license and payment.

## **Eleventh Defense**

The Complaint in whole or in part is barred by fraud and illegality.

## **Twelfth Defense**

The Complaint in whole or in part is barred because Plaintiffs failed to satisfy a condition precedent to the Complaint's filing.

## **Thirteenth Defense**

Defendant invokes the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## Fourteenth Defense

Plaintiffs' claims for minimum wage payments are barred to the extent that Defendant is not currently, and was not during any relevant time, an "employer" under the FLSA, with regard to Plaintiffs.

## Fifteenth Defense

Defendant did not act knowingly, intentionally, recklessly, or with malice to deprive Plaintiffs of any federally protected rights.

## Sixteenth Defense

At all times relevant hereto, Defendant acted in good faith and had reasonable grounds for believing its actions with regard to Plaintiffs were in compliance with the FLSA.

## Seventeenth Defense

To the extent that Plaintiffs seek recovery for time which is not compensable, i.e. not "hours worked" under the FLSA, their claims are barred.

## Eighteenth Defense

Plaintiffs' claims are barred in whole or in part by 29 U.S.C. § 259(a) in that Defendant's actions taken in connection with Plaintiffs' compensation were taken in good faith, and in conformity with and in reliance on administrative practices or

enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### Nineteenth Defense

To the extent that Plaintiffs seek to recover for time that is *de minimus* work time which is not recoverable under the FLSA, Plaintiffs are barred from such recovery.

### Twentieth Defense

Plaintiffs' claims are barred as to all hours during which Plaintiffs were engaged in activities that were preliminary or postliminary to Plaintiffs' principal activities.

### Twenty-First Defense

Plaintiffs were independent contractors as that term is defined by federal courts applying the FLSA.

### Twenty-Second Defense

The actions of Defendant did not constitute "willful" violations of the Fair Labor Standards Act, and as such, if properly stated at all, are subject to a two (2) year statute of limitations and liquidated damages.

### Twenty-Third Defense

Plaintiffs' claims against Defendant are barred because the Fair Labor Standards Act does not apply to the business relationship between Plaintiff and Defendant.

### Twenty-Fourth Defense

Plaintiffs' claims against Defendant for not paying them at least the federal minimum wage are barred because even assuming Defendant was legally obligated to pay Plaintiffs the applicable federal minimum wage for each hour they performed at Magic City, they earned at least the applicable federal minimum wage for every hour worked.

### Twenty-Fifth Defense

Defendant reserves the right to assert further defenses as they become evident through discovery or investigation.

### Twenty-Sixth Defense

PEG responds to the specifically enumerated paragraphs of the Complaint as follows:

## II. ANSWER

1.      PEG denies the allegations of Paragraph 1, admits that this Court has original jurisdiction to entertain Plaintiffs' claims, and refers all questions of law to the Court.

2.      PEG denies the allegations of Paragraph 2, admits that venue is proper in this District, and refers all questions of law to the Court.

3.      PEG denies the allegations of Paragraph 3, admits that it is a domestic corporation with its principal place of business in Atlanta, Georgia, and refers all questions of law to the Court.

4.      PEG denies the allegations of Paragraph 4, lacks knowledge or information sufficient to form a belief about the truth of the first sentence, and refers all questions of law to the Court.

5.      PEG denies the allegations of Paragraph 5, lacks knowledge or information sufficient to form a belief about the truth of the first sentence, and refers all questions of law to the Court.

6.      PEG denies the allegations of Paragraph 6, lacks knowledge or information sufficient to form a belief about the truth of the first sentence, and refers all questions of law to the Court.

7.     PEG denies the allegations of Paragraph 7, lacks knowledge or information sufficient to form a belief about the truth of the first sentence, and refers all questions of law to the Court.

8.     PEG denies the allegations of Paragraph 8, admits that Plaintiffs apparently executed consent forms, and refers all questions of law to the Court.

9.     PEG repeats and re-alleges its affirmative defenses and responses to Paragraphs 1 through 8 as if more fully set forth herein.

10.     PEG denies the allegations of Paragraph 10, admits that the named Plaintiffs performed at Magic City, and refers all questions of law to the Court.

11.     PEG denies the allegations of Paragraph 11 as worded.

12.     PEG denies the allegations of Paragraph 12 but admits that it is an adult entertainment club ("Club").

13.     PEG admits the allegations of Paragraph 13.

14.     PEG admits the allegations of Paragraph 14.

15.     PEG denies the allegations of Paragraph 15 but admits that it has furnished and decorated the Club and has installed other amenities as are necessary to maintain, operate and promote the Club.

16.     PEG admits the allegations of Paragraph 16.

17.     PEG denies the allegations of Paragraph 17 but admits that its customers pay an admission fee for entry.

18.     PEG denies the allegations of Paragraph 18 but admits that it evaluates and hires performers, that performers are required to sign in before entering the Club, and that it maintains minimal rules to operate properly and legally the Club.

19.     PEG denies the allegations of Paragraph 19 but admits it communicates with its performers as necessary to operate properly and legally the Club.

20.     PEG denies the allegations of Paragraph 20 but admits it communicates with its performers as necessary to operate properly and legally the Club.

21.     PEG denies the allegations of Paragraph 21 but admits it communicates with its performers as necessary to operate properly and legally the Club.

22.     PEG denies the allegations of Paragraph 22 but admits it communicates with its performers as necessary to operate properly and legally the Club.

23.     PEG denies the allegations of Paragraph 23.

9

24.    PEG denies the allegations of Paragraph 24 and refers all questions of law to the Court.

25.    PEG denies the allegations of Paragraph 25 but admits that it does not pay the performers at the Club.

26.    PEG denies the allegations of Paragraph 26 but admits that PEG charges the performers a fee to enter the Club.

27.    PEG denies the allegations of Paragraph 27 but admits it communicates with its performers as necessary to operate properly and legally the Club.

28.    PEG denies the allegations of Paragraph 28 but admits it communicates with its performers as necessary to operate properly and legally the Club.

29.    PEG denies the allegations of Paragraph 29.

30.    PEG denies the allegations of Paragraph 30 and refers all questions of law to the Court.

31.    PEG denies the allegations of Paragraph 31 and refers all questions of law to the Court.

32.    PEG denies the allegations of Paragraph 32 and refers all questions of law to the Court.

33.    PEG repeat and re-alleges its affirmative defenses and responses to Paragraphs 1 through 33 as if more fully set forth herein.

34.    PEG denies the allegations of Paragraph 34.

35.    PEG denies the allegations of Paragraph 35.

36.    PEG denies the allegations of Paragraph 36.

37**.**    PEG denies the allegations of Paragraph 37 and refers all questions of law to the Court.

38.    PEG repeats and re-alleges its affirmative defenses and responses to Paragraphs 1 through 37 as if more fully set forth herein.

39.    PEG denies the allegations of Paragraph 39 and refers all questions of law to the Court.

40.    PEG denies the allegations of Paragraph 40 and refers all questions of law to the Court.

41.    PEG denies the allegations of Paragraph 41, admits it is an "enterprise" and "is engaged in commerce", and refers all questions of law to the Court.

42.    PEG denies the allegations of Paragraph 42 and refers all questions of law to the Court.

43.     PEG denies the allegations of Paragraph 43, admits it did not pay performers "wages", and refers all questions of law to the Court.

44.     PEG denies the allegations of Paragraph 44 and refers all questions of law to the Court.

45.     PEG denies the allegations of Paragraph 45 and refers all questions of law to the Court.

46.     PEG denies the allegations of Paragraph 46 and refers all questions of law to the Court.

47.     PEG denies the allegations of Paragraph 47 and refers all questions of law to the Court.

48.     PEG denies the allegations of Paragraph 48 and refers all questions of law to the Court.

### III.  <u>COUNTERCLAIMS</u>

Defendant/Counterclaim Plaintiff PEG respectfully files its Counterclaims for damages and declaratory judgment against all named Plaintiffs and members of the collective action (collectively "Counterclaim Defendants").

1.     PEG reiterates all previous paragraphs of its Answer and Defenses as if fully set forth herein.

2.      Counterclaim Defendants consented to the jurisdiction and venue of this Court by filing the Complaint.  Upon information and belief, all Counterclaim Defendants are residents of the state of Georgia.

3.      Counterclaim Defendants were entertainers who contracted with PEG to perform at Magic City.

4.      Upon information and belief, Counterclaim Defendants signed either an Activity and  Facility Use Agreement ("Tenancy Agreement") (attached hereto as Exhibit "A") or an older Independent Contractor Agreement ("IC Agreement")(attached hereto as Exhibit "B")  in which they agreed that they were (a)  independent contractors or tenants; (b)  artists skilled in the discipline of dance; (c)  performing entertainer services on Magic City's premises as an independent contractor or tenant; and (d) to provide at their own expense all items necessary to perform their entertainer services.

5.      Under the terms of the IC Agreement, each entertainer agreed to pay a daily license fee for each day she desired to perform at the Club.

6.      Under the terms of the IC Agreement, each entertainer also agreed to waive, release and hold harmless the Club against all claims, attorney's fees and expenses that may arise as a result of the entertainer's performance at the Club.

7.    Under the terms of the IC Agreement, any money received by the entertainer was completely property of the entertainer.

8.    Under the terms of the Tenancy Agreement, the Club agreed to provide facilities for the use of the entertainers who would pay a fee to lease space in the Club in which to perform for clients.

9.    Under the terms of the tenancy Agreement, any money received by the entertainer was completely property of the entertainer.

10.    Also under the terms of the Tenancy Agreement, the entertainer agreed to comply with all applicable tax laws.

11.    Entertainers who signed the Tenancy Agreement also agreed to waive, release, hold harmless Magic City from any claims of whatsoever kind or nature resulting in activities she performed at the Club.

12.    Under the dispute resolution clause in the Tenancy Agreement, each entertainer agreed to notify management of any dispute and hold two meetings to discuss the dispute.

13.    After the two meetings, an entertainer with a dispute was required to submit to informal mediation, followed by formal mediation if the issue was unresolved before seeking a judicial remedy.

14.     None of the Counterclaim Defendants submitted to this process before filing or joining this lawsuit.

15.     Upon information and belief, certain of the Counterclaim Defendants performed at other adult entertainment establishments in the Atlanta area.

16.     Upon information and belief, those Counterclaim Defendants participated in one or more lawsuits against those establishments prior to seeking tenancy with PEG.

17.     It was the responsibility of each of the Counterclaim Defendant to accurately record the hours during which she was present at Magic City by signing in before each performance.

18.     Counterclaim Defendants often failed to properly sign in, making it difficult if not impossible to determine with certainty each entertainer's time of arrival at Magic City.

19.     On each occasion each Counterclaim Defendant elected to perform at Magic City, she was responsible for determining when she would arrive at the Club, when she would depart the Club, and for how many hours she would perform on each occasion she elected to perform.

20.     Counterclaim Defendants have each materially breached their Agreements with Magic City, entitling  Magic City  to recover damages, jointly or

jointly and severally, in an amount to be determined at trial, including without limitation, the service charges for dances which Plaintiffs kept and did not remit to Magic City.

## COUNT I

## **Breach of Contract**

21.    PEG repeat and re-alleges paragraphs 1-20 as if more fully set forth herein.

22.    Counterclaim Defendants under the IC Agreement contracted to waive, release and hold harmless Magic City against any disputes arising from the contract.

23.    Counterclaim Defendants under the IC Agreement breached their contract with Magic City.

24.    Counterclaim Defendants under the Tenancy Agreement contracted to waive, release, hold harmless the Club from any claims of whatsoever kind or nature resulting in activities they performed at the Club.

25.    Counterclaim Defendants under the Tenancy Agreement contracted to submit to certain dispute resolution procedures before filing suit.

26.    None of the Counterclaim Defendants submitted to this process before joining this lawsuit.

27.    Counterclaim Defendants have each materially breached their Agreements with Magic City, entitling Magic City to recover damages from each Counterclaim Defendant in an amount to be determined at trial, including without limitation, the service charges for dances which Counterclaim Defendants kept and did not remit to Magic City.

28.    As a direct result of Counterclaim Defendants' breach of contract, PEG has been damaged in an amount to be proven at trial.

## COUNT II

### Breach of Implied Duties of Good Faith and Fair Dealing

29.    PEG repeats and re-alleges the foregoing paragraphs 1-28 as if more fully set forth herein.

30.    Counterclaim Defendants had a duty to exercise good faith and honest judgment when carrying out their rights under their respective contracts.

31.    Counterclaim Defendants acted with an improper motive when they agreed to independent contractor status and to hold harmless the club.

32.    As a direct result of Counterclaim Defendants' improper motive, PEG has been damaged in an amount to be proven at trial.

## COUNT III

## Unjust Enrichment

33.     PEG repeat and  re-alleges  foregoing paragraphs 1-32 as if more fully set forth herein.

34.     PEG set minimum service charges for specific performances, including a ten dollar charge for a table dance and one hundred dollars for a private performance.  Counterclaim Defendant was permitted to retain the entire amount of these set charges.

35.     Additionally, patrons regularly provided Counterclaim Defendants with additional gratuities or tips which Counterclaim Defendants also retained.

36.     On each date, and during each week that each Counterclaim Defendant performed, she received compensation for her performances far in excess of what she would have earned at minimum wage had she been an actual employee.

37.     Counterclaim Defendants paid certain performance fees which entitled them to perform.  These fees were incorporated into the gross receipts of PEG.   In exchange, Counterclaim Defendants were permitted to retain the minimum service charges and tips which they received directly from the patrons.

38.    PEG maintains that Counterclaim Defendants were independent contractors and tenants under their business agreements with the Club.  However, in the alternative, if the Court finds that Counterclaim Defendants were employees, they have been unjustly enriched and PEG is entitled to repayment or setoff of all amounts which Counterclaim Defendants received through service charges and tips.

**WHEREFORE**, PEG requests relief of this honorable Court against each Counterclaim Defendant individually for such amount as the jury may determine will adequately compensate it for each Plaintiff/Counterclaim Defendant's breach of her Agreement, for its costs of this action, reasonable attorneys' fees pursuant to O.C.G.A § 13-6-11 and for such other relief as the Court deems appropriate.

## IV.  JURY DEMAND

PEG  respectfully requests a trial by jury of all justiciable issues triable by a jury.

Respectfully submitted this 19th day of December, 2014.

**THOMPSON HINE LLP**

*/s/  Gary S. Freed*

Gary S. Freed, Esq.
Georgia Bar No. 275275
Stephen Richey, Esq. (*Admitted Pro Hac Vice*)
Ohio Bar No. 0061570
Erin L. Brooks, Esq.
Georgia Bar No. 996936
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
(404) 541.2900 (Telephone)
(404) 541.2905 (Facsimile)
Gary.Freed@ThompsonHine.com
Stephen.Richey@ThompsonHine.com
Erin.Brooks@ThompsonHine.com

## <u>CERTIFICATE OF COMPLIANCE WITH LR 7.1 NDGa</u>

The undersigned counsel hereby certifies that this pleading was prepared using one of the font and point selections approved by this Court in LR 5.1C, NDGa. Specifically, Times New Roman font was used in 14 point.

*/s/ Gary S. Freed*
Gary S. Freed (Ga. Bar No. 275275)
Gary.Freed@ThompsonHine.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing DEFENDANT'S COUNTERCLAIMS, AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COLLECTIVE ACTION COMPLAINT with the Clerk of Court using the CM/ECF system which will send automatic notification of such filing to the following counsel of record:

Rebekah L. Bailey, Esq.
Michele R. Fisher, Esq.
Anna Prakash , Esq.
NICHOLS KASTER, PLLP
80 South 8th Street
4600 IDS Center
Minneapolis, MN 55402
bailey@nka.com
fisher@nka.com
aprakash@nka.com

Thomas Jefferson Kerr, Esq.
Craig Nydick, Esq.
MAYS & KERR, LLC
235 Peachtree St. NE
Suite #202
Atlanta, GA 30303
jeff@maysandkerr.com
craig@maysandkerr.com

This 19th day of December, 2014.

/s/  Gary S. Freed
Gary S. Freed (Ga. Bar No. 275275)
Gary.Freed@ThompsonHine.com