# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

---

KEIRA VAUGHAN, JACQUELINE WOODARD, SASHE OMOGIATE, and MAKEDA ROOTS, individually and on behalf of all other similarly situated individuals,

      Plaintiffs,

v.

PARADISE ENTERTAINMENT GROUP, INC. d/b/a MAGIC CITY, -M- ENTERTAINMENT & CONSULTANT SERVICE, INC., MARVIN L. BROWN, individually, and MICHAEL BARNEY, SR., individually,

      Defendants.

Case No.: **1:14-cv-00914-SCJ**

Conference <u>IS</u> requested

---

## <u>AMENDED CONSOLIDATED PRETRIAL ORDER</u>

*The parties submit this amended consolidated pretrial order primarily to update the Court on the parties' progress working through various issues, including stipulations relating to damages. The parties still have not heard from pro se Plaintiff Brianna Taylor.*

1.

There are no motions or other maters pending for consideration by the court except as noted:

**Plaintiffs State:** On December 19, 2016, Plaintiffs moved to maintain the confidentiality designations made to Plaintiffs' deposition testimony pursuant to the protective order entered into in this case.  Plaintiffs filed this motion in response to Defendants' written objection to the designations on December 9, 2016.

Plaintiffs intend to soon file motions in limine, which may include but will not be limited to requests to exclude testimony and evidence related to Plaintiffs' tax filings or other financial representations; to exclude testimony and evidence concerning the amount of money Plaintiffs earned in tips; to exclude evidence and testimony about Defendants' Rule 68 offer; to exclude accusations against Makeda Roots related to missing files; to exclude testimony from Defendants' "rebuttal" expert witness; and to exclude testimony from witnesses never previously identified.

**Plaintiff Taylor States**: unresponsive

**Defendants State:** Defendants have filed the following motions, which are pending:

(1)  **Motion in Limine To Exclude Evidence of Plaintiffs' Alleged Fines, Tip-Outs, and Door Fees** [Dkt. 240]. Defendants have moved to exclude evidence of Plaintiffs' alleged fines, tip-outs, and door fees because these elements of

AM. CONSOL. PRETRIAL ORD.        2

damages are not recoverable under the FLSA in this case. The Court denied the motion on December 22, 2016.

(2) **Defendants' Rule 41(B) Motion to Dismiss Plaintiffs Briana Taylor, Quiona Wagner, Danielle Gordon, Tulethia Hambrick and Brittany Love [Dkt. 237]**. On May 11, 2015, and again on February 1, 2016, the Court entered orders compelling the named and opt-in plaintiffs to produce copies of all federal and state income tax returns. [Dkt. 91, and 182.] The following plaintiffs have not complied: (i) Briana Taylor, (ii) Quiona Wagner, (iii) Danielle Gordon, (iv) Tulethia Hambrick, (v) Brittany Love. This motion seeks dismissal of the five Plaintiffs as a sanction for their failure to comply with the Court's orders.

(3) **Defendants' Rule 41(b) Motion to Dismiss Plaintiff Briana Taylor** [Dkt. 239]. Plaintiff Briana Taylor is *pro se*, and she has stopped participating in the litigation. Accordingly, Defendants have moved to dismiss her for failure to prosecute her claims, including her failure to participate in the development of the Pretrial Order.  Plaintiff Taylor has until January 2, 2016 to respond.

Defendants intend to file motions in limine ("MIL") by January 3, 2017, which is the deadline set forth in the Court's Instructions [Dkt. 51].

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B).

Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Collective Plaintiffs State**:  All discovery has been completed.

**Plaintiff Taylor states**: unresponsive

**Defendants state**:  All written discovery has been completed, except that the following opt-in plaintiffs have failed to produce all federal and state income tax returns as required by the Court: (i) Briana Taylor, (ii) Quiona Wagner, (iii) Danielle Gordon, (iv) Tulethia Hambrick, (v) Brittany Love. The parties have agreed that Defendants may depose Plaintiffs' non-expert mathematician/para-legal, Alexander Wise.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

The Plaintiffs and Defendants named in the above caption all properly remain in this action.  Plaintiffs and the additional opt-in Plaintiffs presently and properly included in the collective action include:

| # | Last Name | First Name |
|---|-----------|------------|
| 1. | Raven | Bankston |
| 2. | Larissa | Castro |
| 3. | Christina | Charles |

| 4.  | Astin     | Currie         |
| --- | --------- | -------------- |
| 5.  | Takieron  | Davis          |
| 6.  | Angela    | Glass          |
| 7.  | Danielle  | Gordon         |
| 8.  | Tulethia  | Hambrick       |
| 9.  | Kristin   | Journigan      |
| 10. | Sabrina   | Lopes          |
| 11. | Crystal   | Mohan          |
| 12. | Patrice   | Noble          |
| 13. | Tamecia   | Pace           |
| 14. | Glynnis   | Pittman        |
| 15. | Brittany  | Robinson       |
| 16. | Gera      | Robinson       |
| 17. | Makeda    | Roots          |
| 18. | Summer    | Sales          |
| 19. | Arketa    | Smith          |
| 20. | Precious  | Stephens Kelly |
| 21. | Erica     | Tarver         |
| 22. | Sheena    | Tinsley        |
| 23. | Keira     | Vaughan        |
| 24. | Quiona    | Wagner         |
| 25. | Eryn      | Watkins        |

AM. CONSOL. PRETRIAL ORD.        5

| 26. | Courtney | Whitehead |
| 27. | Jacqueline | Woodard |
| 28. | Sorel | Woods |

Plaintiff Brianna Taylor is also still included in this case. Plaintiffs' Counsel requested and the Court permitted them to withdraw from representing her. (ECF Nos. 199, 210.) Defendants moved to dismiss Plaintiff Taylor, (ECF No. 239). On December 21, 2016, the Court ordered Defendants to serve Ms. Taylor and stated that, if she did not respond in ten days, her claims would be dismissed, (ECF No. 254.)

On December 21, 2016, the Court dismissed Plaintiff Jasmine Tate because her claims were barred by the statute of limitations, (ECF No. 257).

The following Plaintiffs accepted a settlement offer on December 16, 2016, and are no longer prosecuting their claims: Sashe Omogiate, Armie Auxtero, Linsdsey Hardin, and Brittany Love, (ECF No. 251.) The Court maintains jurisdiction over their petition for fees and costs, which will be raised at the appropriate time after trial.

Additional opt-in plaintiffs have previously withdrawn and are therefore no longer part of the case: Leah Nelson, Lantanjula Thomas, Tiffany Bennett, Rebecca Camon, Jamie Taylor, Shakeelah Graham, Tara Taylor, Tanesha Dedier, and Stephanie Howard. (ECF Nos. 64, 153, 183–85, 188, 194, 203, 226.)

Former Defendant M-Entertainment Properties, LLC ("MEP") should be removed from the caption above pursuant to the Court's order dismissing MEP from the case (ECF No. 190).

**Defendants additionally state**: Defendants contend that the following additional opt-in plaintiffs should be dismissed from the lawsuit as a sanction for failing to produce federal and state income tax returns as ordered by the Court: (i) Briana Taylor, (ii) Quiona Wagner, (iii) Danielle Gordon, (iv) Tulethia Hambrick, (v) Brittany Love. Defendants have filed a motion requesting this relief [Dkt. 237].

**Plaintiffs respond**:  Plaintiffs do not have in their possession, custody, or control the documents Defendants seek.  Moreover, this information is inadmissible as prejudicial and irrelevant to the issues that remain to be tried. Plaintiffs opposed Defendants' motion to dismiss, (ECF No. 250), and intend to bring a motion in limine regarding the same.

**Defendants' additional response**: The Court has already ruled on the relevance of the tax returns to Plaintiffs' wage claims, and Plaintiffs had plenty of opportunity to obtain copies or transcripts of their returns from their tax preparers or the IRS.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

There is no dispute.  Plaintiffs' claims arise under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*  The Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

**Defendants state:** There is a dispute as to Plaintiffs' claim for recovery of alleged fines, tip-outs, and door fees, which were purportedly paid by the Plaintiffs from their tips earned while working at Magic City. The FLSA does not recognize a stand-alone cause of action for recovery of these items, and thus, Defendants contend that Plaintiffs' request for recovery of these items is outside the subject matter jurisdiction of the Court.

**Plaintiffs state**: minimum wages must be paid free and clear of kickbacks. Plaintiffs' minimum-wage damages are made up of the $7.25 per hour for all hours worked *plus* recovery of monies paid to work.  Failure to repay kickbacks as part of minimum-wage backpay damages would keep the employees' net wages below the legal minimum.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Collective Plaintiffs**: Rebekah L. Bailey, Nichols Kaster PLLP, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN   55402, (612) 256-3200, bailey@nka.com

**Plaintiff Taylor**: unresponsive.

**Defendants**: Gary S. Freed, Freed Howard,  Suite 3600, 101 Marietta Street NW, Atlanta, GA  470-839-9300, gary@freedhoward.com

**Other Parties**: (specify) n/a

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

The traditional order shall apply.

7.

The captioned case shall be tried (____) to a jury or (_____) to the court without a jury, or (__X__) the right to trial by jury is disputed.

**Collective Plaintiffs state**:  Plaintiffs did not demand a jury trial when initiating this action and request a bench trial for the remaining issues.  Defendants did not demand a jury trial until filing its amended answer, ECF No. 55.

**Plaintiff Taylor states**: unresponsive.

**Defendants state**: Defendants have demanded a trial by jury of "all issues and causes of action set forth in the Amended Complaint, Answer and Counterclaims." (*See* Defs.' Answer to Pls.' Third Am. Collective Action Complaint ¶ 97 [Dkt. 76].)

**Collective Plaintiffs and Defendants state**:   The parties agree that the following issues are issues to be addressed by the finder of facts:

a.      Representative Plaintiffs' house fees paid[a] (damages question),

b.      Representative Plaintiffs fines paid[a] (damages question),

c.      Representative Plaintiffs tip-outs paid[a] (damages question), and

d.      The question of whether Defendants' violations were willful, triggering the longer three-year statute of limitations period, pursuant to 29 U.S.C. § 255.

*As detailed in the factual stipulations included herein, the parties stipulated to Plaintiffs' overtime and minimum wage damages made up of the $7.25 earned per hour.

**Defendants further state**: [a] Defendants have filed a Motion in Limine To Exclude Evidence of Plaintiffs' Alleged Fines, Tip-Outs, and Door Fees [Dkt. 240]. On December 22, 2016, the Court denied the Motion. Defendants are considering whether to seek a certificate of immediate review.

Part 17 below identifies the legal issues that remain for the Court to resolve following the jury's verdict.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

The parties do not wish to bifurcate trial.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.  Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.  The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

Defendants object to Plaintiffs' proposed *voir dire* question Number 12 to the extent that it is vague. Defendants would understand the question and agree that it was appropriate if it used the word "filed" in place of the word "experienced."

Defendants object that Plaintiffs' proposed *voir dire* question Number 19 is prejudicial because it implies that Defendants have attempted to "break the rules" intentionally.

Defendants object that Plaintiffs' proposed *voir dire* question Numbers 21 and 22 because they use the words "strippers," which is a pejorative. Defendants would withdraw their objection if the words "adult entertainments" were substituted in place of the word "strippers."

Defendants object that Plaintiffs' proposed *voir dire* question Number 26 because it uses the word "strip club," which is a pejorative. Defendants would withdraw their objection if the words "adult entertainment club" were substituted in place of the words "strip club."

Defendants object that Plaintiffs' proposed *voir dire* question Number 27 because it uses the word "strip club," which is a pejorative. Defendants would withdraw their objection if the words "adult entertainment club" were substituted in place of the words "strip club."

State any objections to defendant's voir dire questions:

Plaintiffs object to question number 7 to the extent that it does not include in the standard "or with reckless disregard" after "willfully".

Plaintiffs also object to question number 7 and 9 to the extent that these questions misrepresent the record as Defendants' attorneys did not testify that they advised Defendants on entertainer classification, only that they amended Defendants' contract with entertainers.

Plaintiffs object to question number 8 as it deals with the good-faith defense that is an issue for the Court, not the jury to determine.

Plaintiffs object to questions number 11–13 because they are irrelevant, prejudicial and because they imply all Plaintiffs intentionally and improperly filed their taxes.

Plaintiffs object to question 16's use of the word "famous" to describe Magic City as it vague, prejudicial and lacks foundation.

Plaintiffs objection to question 17 as it is irrelevant, vague, prejudicial, and lacks foundation, intended solely to paint the club in a positive light.

State any objections to the voir dire questions of the other parties, if any:

n/a

## 12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise.

The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

Plaintiffs do not request any adjustments to the usual process.

**Defendants request:** a jury with eight (8) members and one (1) alternate.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

None.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.

All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

17.

The legal issues to be tried are as follows: _____

Based on the evidence presented, the Court must determine the amount of liquidated damages (if any) to be awarded to the named and opt-in plaintiffs pursuant to 29 U.S.C. § 260.

Following trial, the Court must also apply damages awarded to the representative plaintiffs to the collective and determine an award of reasonable attorneys' fees, litigation expenses, and interest (if applicable), 29 U.S.C. § 216(b).*

***Defendants** contend that no award of attorneys' fees will be appropriate to the Plaintiffs because on December 16, 2014 and again on January 16, 2015

Defendants tendered offers of judgment for Plaintiffs' minimum wage and overtime claims.

**Plaintiffs** object to Defendants' characterization of the offer process, the validity of the offer, the amount offered, and Defendants' interpretation of the rule and supporting authority regarding the same. Defendants' Rule 68 offer is not ripe for determination; thus, Plaintiffs will address this challenge if necessary at the appropriate time.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

---

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

The parties do not presently intend to designate portions of any depositions at trial but reserve the right to subsequently do so if deposed witnesses are later determined to be unavailable for trial.

**Defendants state:** Defendants intend to designate portions of the transcripts that would be relevant to their cross examination of Plaintiffs who may fail to appear at trial, including those portions of deposition transcripts identified on Defendants' exhibit list below.

**Plaintiffs state**: Plaintiffs will oppose Defendants' efforts to designate deposition testimony to the extent that the portions are unidentified and to the extent the request runs contrary to the Trial Plan permitting this case to be tried using representative evidence.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

**Collective Plaintiffs State:**   Plaintiffs request that the parties submit motions in limine and proposed jury instructions earlier than traditionally required, on **December 16, 2016**, and request that the Court rule on these before trial.  This requested schedule will allow the parties to raise issues with the Court's early so to allow the parties to tailor their cases appropriately.  For example, Defendants seek to cross examine Plaintiffs using confidential tax returns.  Plaintiffs assert these documents are irrelevant and that their low probative value is outweighed by their prejudice.  Knowing whether or not this line of testimony will or will not be permitted will greatly impact both parties trial preparations.

**Plaintiff Taylor states**: unresponsive

**Defendants state**:   Defendants request that the deadline for motions in limine be January 3, 2017, as set in the Court's Instructions [Dkt. 51].

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**Collective Plaintiffs state**: Plaintiffs' propose special verdict form attached as Attachment I-1.

**Plaintiff Taylor states**: unresponsive

**Defendants' state**:  Defendants propose the special verdict form attached as Attachment I-2. Defendants note that revised, simplified special verdict forms will be required if the Court grants Defendants' Motion in Limine to exclude evidence of Plaintiffs' fines, tip-outs, and door fees [Dkt. 240].

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

No alterations requested.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met on November 11, 2014; in July 2015; and on November 29, 2016 in good faith to discuss the possibility of settling of this case. The court (_____) has or (__X___) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.
(_____) Some possibility of settlement.
(__X__) Little possibility of settlement.
(_____) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

_____ The parties request a special setting.  The Court set this case first on the trial

calendar for January 17, 2017. _____

28.

The plaintiff estimates that it will require ___4___ days to present its evidence. The defendant estimates that it will require ___4___ days to present its evidence. The other parties estimate that it will require _____ days to present their evidence. It is estimated that the total trial time is ___8___ days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (__X___) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

**NICHOLS KASTER, PLLP**                    **FREED HOWARD LLC**


*/s/ Rebekah L. Bailey*                         */s/Beau Howard* (with permission)
Paul J. Lukas*                                  Gary S. Freed, GA Bar No. 275275
Michele R. Fisher                              F. Beau Howard, GA Bar No. 142641
Anna Prakash*                                  101 Marietta Street NW
Rebekah L. Bailey*                             Suite 3600
Robert L. Schug*                               Atlanta, Georgia 30303
4600 IDS Center                                Office: (407) 839-9300
80 South 8th Street                            gary@freedhoward.com
Minneapolis, MN 55402                          beau@freedhoward.com
Telephone: (612) 256-3200
Fax: (612) 215-6870                            *Attorney for Defendants*
lukas@nka.com
fisher@nka.com
aprakash@nka.com
bailey@nka.com
schug@nka.com
*admitted pro hac vice

**MAYS & KERR, LLC**
John L. Mays, GA Bar No. 986574
Suite 202, North Tower
235 Peachtree Street N.E.
Atlanta, GA 30303
john@maysandkerr.com
meredith@mcarterlaw.com

*Attorneys for Plaintiffs and*
*the Collective Action*

# ATTACHMENT A

# Questions to the Jury

## ATTACHMENT A

In addition to the questions typically asked by the Hon. Judge Jones, (Tr. Outline 3–4, ECF No. 232-1), the parties request that the Court ask these additional questions to determine their legal qualifications to serve, pursuant to 28 U.S.C. § 1865:

1.     Have any of you ever worked, or had a member of your immediate family work, for Paradise Entertainment Group, Inc. d/b/a Magic City, or -M-Entertainment & Consultant Services, Inc.?

2.     Have any of you ever worked, or had a member of your immediate family work, in an adult entertainment club or business? If so, what was the name of the club, what were your dates of employment, and what was your job?

3.     Have any of you ever worked, or had a member of your immediate family work, in a law firm? If so, what was the name of the firm, what were the dates of employment, and what was the job?

4.     Do you have trouble reading, writing, speaking, or understanding the English language?

5.     Are you over the age of 18?

6.     Are you a citizen of the United States?

7.     What is your educational background?

8.     Is there any other reason that you could not serve on this jury or be present for the duration of this trial?

9.      Do you have trouble seeing or hearing well? Do you have any other physical or mental health condition that would prevent you from serving as a juror in this case?

10.     This trial could take up to eight (8) business days. Does that present a special problem for you?

# ATTACHMENT B-1

# Plaintiffs' Proposed Questions

# Voir Dire Examination

## ATTACHMENT B-1

### Plaintiffs' Proposed General Questions to the Jury

*In addition to the questions typically asked by the Hon. Judge Jones, (Tr. Outline 4–5, ECF No. 232-1), Plaintiffs request the right to ask these additional questions:*

1.     What are the ages and sex of your children and/or grandchildren (if any)?

2.     What did or do your parents do for a living?

3.     Would you describe the town where you grew up as rural, urban, or suburban?

4.     Do you regularly read the newspaper?  If so, which one?

5.     Do you regularly watch the news on television?  If so, which channels do you watch?

6.     Have you read or heard anything about this case?

7.     Have you ever owned your own business?  If so, what type of business?

8.     Have you ever worked as an independent contractor?  If so, doing what?

9.     Have you ever been a union member?

10.    Are you aware of recent efforts across the nation to increase the minimum wage to upwards of $15.00 an hour?  Do you agree with those efforts?

11.     Have you or anyone in your immediate family ever experienced any kind of unfairness at work?  Describe.

12.     Have you or anyone in your immediate family ever experienced any kind of complaint or grievance against your/their employer?  Describe.

13.     Do you feel there are too many lawsuits?

14.     Have you ever been sued?  For what?

15.     Have you ever brought a lawsuit?  For what?

16.     Have you ever participated in a class action lawsuit?  What was it about?  Did you receive money?

17.     Do you have an opinion about class action lawyers?

18.     Have you ever worked in a personnel or human resources department?

19.     Do you feel that workplaces are too closely regulated?

20.     Do you think companies sometimes break the rules when they think they will not get caught?

21.     Have you or anyone close to you ever worked at a job where you received tips or gratuities?  What type of job, when and where?

22.     Do you believe exotic dancers / strippers should have the same employment rights as other types of workers?

23.     Do you personally know anyone who has worked as an exotic dancer / stripper / adult entertainer?

24.     How do you feel about being on a jury where the Plaintiffs are exotic dancers / strippers / adult entertainers?

25.     Have you ever heard of Magic City?  What have you heard about it?

26.     Have you ever been to Las Vegas?  On how many occasions?

27.     Do discussions about adult entertainment make you uncomfortable?

28.     Are you comfortable admitting whether or not you have been to a strip club before?

29.     The parties in this case work at or operate a strip club.  The testimony in this trial may discuss interactions between dancers and club clients.  Will this upset you or make you uncomfortable?

30.     Is there anything that you want to discuss privately?

31.     Is there anything that you have heard so far about this case that would prevent you from serving as an unbiased juror?

# ATTACHMENT B-2

# Defendants' Proposed Questions

# Voir Dire Examination

**ATTACHMENT B-2**

**Defendants' Proposed General Questions to the Jury**

1.     Do any of you know what the Fair Labor Standards Act is? If so, how do you know about it?

2.     Do you feel that adult entertainment is repugnant or offensive?

3.     Have you ever felt like your employer did not pay you all of the wages or overtime you were owed? If so, please describe the situation, what you did about it, and how it was resolved?

4.     Has anyone close to you ever felt like their employer did not pay them all of the wages or overtime they were owed? If so, please describe the situation, how you felt about it, and how it was resolved?

5.     Have you or anyone close to you ever sued or made a claim against an employer for any other kind of unfair treatment? If so, please describe the claim, whether litigation resulted, and how it was resolved. Was the resolution fair to both parties? Why or why not?

6.     When considering the times in which we live, in addition to your own personal experiences, is there anything that would cause you to start off on the side of the employee or the employer in an employment dispute, even just a little bit, before hearing any evidence in this case whatsoever? If yes, please explain.

7.     In this case, the Court has already determined that the Defendants owe some amount of money to the Plaintiffs, and that the failure to pay this money previously was a violation of the Fair Labor Standards Act. You will be required to decide whether the Defendants violated the law willfully, as Plaintiffs claim, or inadvertently based upon the advice of their attorneys, as Defendants claim. Is there anything that would prevent you from judging this issue fairly to either party, despite knowing that a violation of the law has occurred?

8.     Likewise, you will be required to decide whether the Defendants made a good faith attempt to comply with the Fair Labor Standards Act. Is there anything that would prevent you from judging this issue fairly to either party, despite knowing that a violation of the law has occurred?

9.     Defendants will present evidence that they hired attorneys to advise them on how to comply with the Fair Labor Standards Act, which they contend shows their good faith attempt to follow the law. Is there anything that causes you to distrust lawyers to the point where you could not find for the Defendants on this issue regardless of the facts that you hear at trial?

10.    Have you ever sought professional advice from a lawyer or accountant? If so, did you rely upon their advice? Why or why not?

11.     Do you believe that a person should report all of their earnings on their federal and state income tax returns and pay the amount of taxes required by the law? Why or why not?

12.     Have you ever been accused of misrepresenting your income on your income tax returns in order to avoid paying federal or state income taxes? Were you audited or prosecuted? If so, please explain the situation, and how it was resolved.

13.     Do any of you believe it is okay to fudge the truth on your federal income tax returns, or to report less money than you actually earned?

14.     Can you assure all parties that you will wait until you have heard all of the testimony from all of the witnesses and carefully listened to the Judge's instructions on the law before you form any conclusions about this case?

15.     If you find yourself in a situation where your personal opinion conflicts with the law and you believe that the law is not right, would you still be able to follow the law, as the Judge explains it to you, and to apply it to the facts of this case?

16.     Have any of you ever heard of Magic City, a famous adult entertainment club in Atlanta, Georgia? What have you heard about the club?

17.     Have any of you ever heard the references to Magic City in any of the 30 or more popular songs that reference the club?

AM. CONSOL. PRETRIAL ORD.          34                    Attachment B-2

18.    Do any of you believe that adult entertainment, and in particular Magic City, are involved in any way with human trafficking, or sex trafficking? What do you believe this?

19.    Do any of you feel that Plaintiffs' lawyers file too many lawsuits?

20.    Do any of you feel that there is too much frivolous litigation generally?

# ATTACHMENT C

# Plaintiffs' Case Outline

## ATTACHMENT C

### Plaintiffs' Outline of the Case

I)   **PLAINTIFFS' CLAIMS**

Plaintiffs Keira Vaughan, Jacqueline Woodard, Sashe Omogiate and Makeda Roots filed this collective action on behalf of themselves and other similarly-situated entertainers ("Plaintiffs") who work(ed) at a strip club called Magic City. Plaintiffs' complaint contains one count for unpaid minimum wages and one count for unpaid overtime premiums pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* (Compl., ECF Nos. 1, 6, 8, 72.) Plaintiffs allege that Defendants misclassified them as independent contractors, rather than employees, and as a result Defendants failed to pay Plaintiffs any wages and instead required Plaintiffs to pay to work in the form of fines, fees, and "tip-outs" to Defendants' other workers.

Under the FLSA, all non-exempt employees of covered employers are entitled to wages of at least the federal minimum hourly rate of $7.25 for all hours worked free and clear of kickbacks, and at a rate of $10.88 for all hours worked over forty in a workweek. As explained below, the elements of this case have already been established for the collective against Defendants. The answers to the remaining inquiries at trial will determine the amount of money owed, which

includes a finding of compensatory damages, willfulness, and liquidated damages. The following breaks down the issues already decided and those that remain.

A)      **Resolved Issues**

1)      *Plaintiffs' Employee Status*

The FLSA only provides *employees* with minimum wage and overtime protections.  The term "employees" is not directly defined under the statue, but this Circuit examines the "economic reality" of the working relationship to determine employee status (rather than mere labels).  Defendants have always considered Plaintiffs to be independent contractors, not employees.  In granting Plaintiffs' motion for summary judgment on this issue, this Court has already ruled that Plaintiffs indeed qualify as employees deserving of minimum wages and overtime protections.  (Summ. J. Order 15–27, ECF No. 190.)

2)      *Defendants' Employer Status*

Because Plaintiffs are employees, Defendant Paradise Entertainment Group, Inc. ("PEG") is their employer.  Defendant also admits that it is a covered enterprise, (Def.'s Ans. ¶ 41, ECF No. 15), and the Court has already ruled that Defendants –M-Entertainment & Consultant Service, Inc. ("MEC"), Brown, and Barney, SR all qualify as joint employers.  (Summ. J. Order 43–46, ECF No. 190.)

Thus, FLSA coverage will not be an issue at trial.

AM. CONSOL. PRETRIAL ORD.          38                    Attachment C

3)      *Defendants' Offset Affirmative Defense*

Defendants argued that the monies Plaintiffs received from customers should offset Defendants' wage-payment obligations.   Plaintiffs argued this money qualifies under the regulations as gratuities paid from customers and belonging to the employees, and therefore it cannot be considered payments from Defendants. The Court granted Plaintiffs' motion for summary judgment on this setoff affirmative defense.   (*Id.* 28–31.)   Thus, the gratuities Plaintiffs received from customers have no relevance to Plaintiffs' minimum wage claims at trial.

4)      *Counterclaims*

Defendants brought counterclaims of unjust enrichment and breach of contract against Plaintiffs.   The Court granted Plaintiffs' motion for summary judgment on both of these counts.   (*Id.* at 31–36.)   Thus, this trial will be limited to determining the amount of wages owed.

B)   **Triable Issues**

1)      *Willfulness*

The FLSA extends the statute of limitations from two years to three years if the employer acted "willfully," meaning he either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was.   The Court recently found that a fact question existed as to whether Defendants acted willfully and therefore this issue will be tried before the jury.   (*Id.* at 36–42.)

2)    *Liquidated Damages*

The FLSA provides an award of liquidated damages in an equal amount to compensatory damages.  Liquidated damages are mandatory unless an employer can prove it acted in good faith and with reasonable grounds for believing it was not violating the law.  A finding of willfulness precludes a finding of good-faith.  But, a showing of good faith does not demand a reduction in liquidated damages; rather it is discretionary.  The Court denied Defendants' request for summary judgment as to their good-faith defense, reserving the issue until the jury determines willfulness.  (*Id.* at 42.)

3)    *Damages*

The federal minimum wages is $7.25 per hour free and clear of kickbacks.  The overtime premium equals 1.5 times the employee's hourly rate of pay for every hour worked over forty in a work week.  Plaintiffs alleged Defendants paid Plaintiffs no money and instead made them pay to work.  Plaintiffs are therefore entitled to minimum wages in the amount of $7.25 an hour for every hour worked ($10.88 for every overtime hour), overtime premiums, plus recoupment of fees, fines, and tipouts paid to bring Plaintiffs recover up to a net of $7.25 per hour plus overtime premiums.

The parties stipulate herein to the hour mathematical calculation for minimum wages and overtime.  The Court ruled that wages need to be paid "free

and clear." (ECF No. 145.) Defendants continue to dispute the amount of fines Plaintiffs paid and also whether tipouts were indeed required (and by how much), and thus now recoverable. The evidence at trial will show that Defendants did indeed require Plaintiffs to pay these sums as a condition of work, and therefore Plaintiffs are entitled to recover paid kickbacks.

## II) **AUTHORITY**

| Element/Issue | Relevant authority |
|---|---|
| Triable Issues | |
| Willfulness | 29 U.S.C. § 255(a); 29 C.F.R. §§ 551.104, 578.3(c); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Davila v. Menendez*, 717 F.3d 1179 (11th Cir. 2013); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008); *Gardner v. Country Club, Inc.*, 2015 WL 7783556 (D.S.C. Dec. 3, 2015); *Townley v. Floyd & Beasley Transfer Co. Inc.*, 1989 WL 205342, at *4 (N.D. Ala. Dec. 8, 1989). |
| Liquidated Damages (Defendants' good-faith defense) | 29 U.S.C. § 216(b); 29 U.S.C. § 260; *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 2013); *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012); *Alvarez Perez*, 515 F.3d at 1163; *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008); *Olson v. Super. Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985); *Gardner*, 2015 WL 7783556 (D.S.C. Dec. 3, 2015); *Pena v. Handy Wash, Inc.*, 2015 WL 4264614, at *3 (S.D. Fla. July 13, 2015); *Swan v. Nick Grp., Inc.*, 2013 WL 5200508 (N.D. Ga. Sept. 13, 2013); *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp. 2d 1347, 1358 (S.D. Fla. 2010). |

| Damage components | 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; DOL, *Fact Sheet #15 Tipped Employees* (July 2013); *De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295, 1315 (N.D. Ga. 2008); *see also Hart v. Rick's Cabaret Intern'l, Inc.*, 60 F. Supp. 3d 447 (S.D.N.Y. 2014); *Donovan*, 1986 WL 32746 (D. Col. Jan. 8, 1986); *Reich v. Circle C. Invest., Inc.*, 998 F.2d 324, 330 (5th Cir. 1993); *Reich v. Priba Corp.*, 890 F. Supp. 586, 595 (N.D. Tex. 1995). |
|---|---|
| **Resolved Issues** | |
| Plaintiffs' employee status | 29 U.S.C. §§ 203; 206(a); U.S. Dep't Labor, Adm'r Interpretation, No. 2015-1 ("A.I. 2015-1"); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947); *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308 (11th Cir. 2013); *Berry v. Great Am. Dream, Inc.*, 2014 WL 5822691 (N.D. Ga. Nov. 10, 2014); *Stevenson v. Great Am. Dream, Inc.*, 2013 WL 6880921 (N.D. Ga. Dec. 31, 2013); *Clincy v. Galardi S. Enter., Inc.*, 808 F. Supp. 2d 1326 (N.D. Ga. 2011); *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343 (M.D. Fla. 1997); *see also McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235 (4th Cir. 2016); *Reich v. Circle C. Invest., Inc.*, 998 F.2d 324; *Foster v. Gold & Silver Private Club, Inc.*, 2015 WL 8489998 (W.D. Va. Dec. 9, 2015); *Degidio v. Crazy Horse Saloon & Rest., Inc*, 2015 WL 5834280 (D.S.C. Sept. 30, 2015); *Mason v. Fantasy, LLC*, 2015 WL 4512327 (D. Colo. July 27, 2015); *Verma v. 3001 Castor, Inc.*, 2014 WL 2957453 (E.D. Pa. June 30, 2014); *Collins v. Barney's Barn, Inc.*, 2013 WL 11457080 (E.D. Ark., Nov. 14, 2013; *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901 (S.D.N.Y. 2013); *Thornton v. Crazy Horse, Inc.*, 2012 WL 2175753 (D. Alaska June 14, 2012); *Thompson v. Linda and A., Inc.*, 779 F. Supp. 2d 139 (D.D.C. 2011); *Morse v. Mer Corp.*, 2010 WL 2346334 (S.D. Ind. June 4, 2010); *Reich v. Priba Corp.*, 890 F. Supp. 586 (N.D. Tex. 1995); *Martin,* |

| | |
|---|---|
| | 1992 WL 486911 (N.D. Tex. Nov. 6, 1992); *Martin v. Circle C Invest., Inc.*, 1991 WL 338239 (W.D. Tex. Mar. 27, 1991); *Donovan v. Tavern Talent & Placements, Inc.*, 1986 WL 32746 (D. Colo. Jan 8, 1986). |
| FLSA coverage | 29 U.S.C. §§ 203(b), (i), (s)(1)(A), 206(a). |
| Defendants' employer status | 29 U.S.C. §§ 203(d), 206(a); 29 C.F.R. § 791.2(a); *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233 (11th Cir. 2013); *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172 (11th Cir. 2012); *Antenor v. D & S Farms*, 88 F.3d 925 (11th Cir. 1996); *Patel v. Wargo*, 803 F.2d 632 (11th Cir. 1986); *Coppage v. Bradsha*w, 665 F. Supp. 2d 1361 (N.D. Ga. 2009); *De Leon-Granados*, 581 F. Supp. 2d 1295; *Stout v. Smolar*, 2007 WL 2765519 (N.D. Ga. Sept. 18, 2007); *Donohue v. Francis Servs.*, 2005 WL 1155860 (E.D. La. May 11, 2005). |
| Defendants' setoff affirmative defense | 29 C.F.R. §§ 531.52, .55; *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds by McLaughlin*, 486 U.S. 128; *see also Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010); *Henderson v. 1400 Northside Dr., Inc.*, 110 F. Supp. 3d 1318 (N.D. Ga. 2015); *McFeeley*, 47 F. Supp. 3d 260 (D. Md. 2014); *Hart*, 967 F. Supp. 2d 901; *Thornton*, 2012 WL 2175753 (D. Alaska June 14, 2012); *Reich v. Priba Corp.*, 890 F. Supp. 586; *Reich v. ABC/York-Estes Corp.*, 1997 WL 264379 (N.D. Ill. May 12, 1997). |
| Defendants' counterclaims | *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290 (1985); *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728 (1981); *Tenn. Coal Co. v. Muscoda Local No. 123*, 321 U.S. 590 (1944); *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 808 (6th Cir. 2015); *Hart*, 967 F. Supp. 2d at 934–35. |

III)   **NEGLIGENCE**

Not applicable.

IV)   **DAMAGES**

In compliance with the local rules, Plaintiffs submit the following damages estimate for the collective created based upon Defendants' sign-in sheets and the present record of Plaintiffs' good-faith estimates:

| Component | 3 Yr Amt | Authority |
|---|---|---|
| Hourly Wages free of Kickbacks | $745,059.98 | 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; DOL, *Fact Sheet #15 Tipped Employees* (July 2013) *Hart*, 60 F. Supp. 3d 447; *De Leon-Granados*, 581 F. Supp. 2d at 1315; *Donovan*, 1986 WL 32746; *Reich v. Circle C. Invest., Inc.*, 998 F.2d at 330; *Reich v. Priba Corp.*, 890 F. Supp. at 595. |
| Liquidated Dmgs | $745,059.98 | 29 U.S.C. § 216(b) |
| Attorneys' Fees | >$890,000 to date | 29 U.S.C. § 216(b) |
| Litigation Costs | >$53,000 to date | 29 U.S.C. § 216(b) |
| Pre-lit interest (if no liquidated) | Unknown | *See Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) |
| Post-Judgment interest | Unknown | 28 U.S.C. § 1961 |

The above damages breakdown is based on the parties' stipulation, as well as Plaintiffs' reasonable estimates, and is subject to adjustment based upon the

evidence and testimony offered by the representative Plaintiffs at trial.  Plaintiffs will petition for fees and costs post-trial with full and complete records of fees and costs incurred up to and including trial and post-trial.

# ATTACHMENT D

# Defendants' Case Outline

# ATTACHMENT D

## Defendants' Outline of the Case

The issues which remain are:

(a)     Plaintiff Brianna Taylor's claim should be dismissed for failure to prosecute [Dkt. 239];

(b)     Plaintiff Jasmine Tate's claim should be dismissed because she admits that she did not work for Defendants within the statute of limitations [Dkt. 238];

(c)     The following named and opt-in plaintiffs' claims should be dismissed for violating the Court's order to produce all of their state and federal income tax returns in discovery: (i) Briana Taylor; (ii) Quiona Wagner; (iii) Danielle Gordon; (iv) Tulethia Hambrick; and (v) Brittany Love [Dkt. 237].

(d)     The Plaintiffs have no FLSA claim for alleged house fees, fines, or tip-outs, because these were paid (if at all) from Plaintiffs' tips and were not taken from Plaintiffs' wages [Dkt. 240].

(e)     For each of the remaining named and opt-in plaintiffs:

(i)     What amount of hourly wages are owed?

(ii)    If the Court denies Defendants' Motion in Limine to exclude evidence of Plaintiffs' alleged door fees [Dkt. 240], what amount of door fees must be reimbursed?

(iii)    If the Court denies Defendants' Motion in Limine to exclude evidence of Plaintiffs' alleged fines [Dkt. 240], what amount of fines must be reimbursed?

(iv)    If the Court denies Defendants' Motion in Limine to exclude evidence of Plaintiffs' alleged tip-outs [Dkt. 240], was each plaintiff required to pay tip-outs to the DJs and House Mom, and if so, what amount must be reimbursed?

(v)    Can plaintiffs meet their burden of proof that Defendants violated the FLSA willfully, thus triggering a three-year statute of limitations?

(vi)    Did defendants try, in good faith, to pay the plaintiffs in accord with the FLSA justifying the elimination of liquidated damages?

(vii)    Does Plaintiffs' failure to accept Defendants' two offers of judgment prevent Plaintiffs from seeking an award of costs and attorneys' fees in this case, or justify a reduction in Plaintiffs' claim for recovery of attorneys' fees?

(viii)  Are Defendants entitled to an award of costs and/or attorneys' fees?

## I.  PLAINTIFF BRIANNA TAYLOR'S CLAIM SHOULD BE DISMISSED

This is the subject of a pending motion [Dkt. 239]. Plaintiff Brianna Taylor is a plaintiff in this case. The Court permitted her counsel to withdraw from representing Plaintiff Taylor because plaintiffs' counsel could not locate Ms. Taylor despite numerous efforts. (*See* Decl. of Rebekah L. Bailey in Supp. of Mot. to Withdraw Representation for Individual Pl. Brianna Taylor ¶¶ 1-18, Apr. 13, 2016 [Dkt. 199-2]; Order on Pls.' Counsels' Mot. to Withdraw Representation for Individual Pl. Brianna Taylor pp. 1-2, May 3, 2016 [Dkt. 210].) Plaintiff Taylor has not made any effort to participate in this lawsuit since her counsel withdrew.

Plaintiffs' counsel sent a proposed draft of the pretrial order to Plaintiff Taylor and attempted to initiate a conference on the same. To date, the parties have not yet received a response from Plaintiff Taylor despite the Court's Order on October 11, 2016, that "the parties, including all plaintiffs and all defendants, shall jointly file their proposed pretrial order on Monday, October 17, 2016." [Dkt. 235.] Likewise, Plaintiff Taylor has failed to produce her income tax returns despite the Court's clear order that she do so. Accordingly, dismissal is appropriate for failure to prosecute pursuant to Fed. R. Civ. P. 41 and LR41.3A(2), NDGa. *See Bohannon v. PNH Mortgage Corp.*, Civ. Act. No. 1:12-cv-2477-RWS-GGB, 2013 WL

12062836, at *2-*3 (N.D. Ga. June 28, 2013) (dismissing pursuant to Rule 41(b) because of the plaintiff's "persistently failing to comply with the plaintiff's pretrial obligation"); *Wang v. Georgia Highlands College*, Civ. Act. No. 1:12-cv-1280-TWT-GGB, 2013 WL 1180790, at *3 (N.D. Ga. Feb. 11, 2013) (dismissal was proper under Rule 41(b) because the defendant failed to appear at her own deposition and failed to attend a pre-trial status conference).

## II.   PLAINTIFF JASMINE TATE'S CLAIM SHOULD BE DISMISSED BECAUSE SHE DID NOT WORK FOR DEFENDANTS WITHIN THE STATUTE OF LIMITATIONS

This is the subject of a pending motion [Dkt. 238]. Plaintiffs admit that Jasmine Tate did not work for Defendants within the applicable statute of limitations. Her claim must therefore be dismissed. 29 U.S.C. § 255(a); *Dunn v. Cobb Cty.*, 760 F. Supp. 909, 914 (N.D. Ga. 1991), aff'd, 979 F.2d 1538 (11th Cir. 1992) (dismissing FLSA claims that admittedly arose outside the statute of limitations period).

## III.   FIVE PLAINTIFFS CLAIMS SHOULD BE DISMISSED FOR VIOLATING THE COURT'S ORDER TO PRODUCE STATE AND FEDERAL INCOME TAX RETURNS

This is the subject of a pending motion [Dkt. 237]. On May 11, 2015, and again on February 1, 2016, the Court entered orders compelling the named and opt-in plaintiffs to produce copies of all federal and state income tax returns. [Dkt. 91, and 182.] In the February 1, 2016 Order, the Court stated, "[i]f any of the opt-in

Plaintiffs should fail to comply with this Court's order, the Court will consider the sanction of dismissing such Plaintiffs." (*See* Order p. 6 [Dkt. 182].) Several of the plaintiffs failed to comply, and when the defendants raised the issue with the Court, the Court directed the parties to submit letter briefs explaining which plaintiffs had not complied. Defendants submitted a letter brief on May 2, 2016. Defendants submitted a follow-up letter on May 5, 2016. Plaintiffs also submitted a letter to the Court on May 5, 2016. Defendants submitted a letter to the Court on October 13, 2016, at which point the Court asked the Defendants to file a formal motion with the Court's ECF system, which Defendants have done.

This matter is ripe for decision. Presently, the following opt-in plaintiffs should be dismissed because they have failed to produce income tax returns as required by the Court's order: (i) Briana Taylor, (ii) Quiona Wagner, (iii) Danielle Gordon, (iv) Tulethia Hambrick, (v) Brittany Love.

The following authority supports Defendants' position:

(a)     This is a wage-and-hour case, and Plaintiffs' tax returns should have been produced as ordered. The tax returns are relevant to Plaintiffs'  wages, impeachment, credibility and character for truthfulness.. *Roberts v. Lee A. Stephenson Security, Inc.,* 2006 U.S. Dist. LEXIS 28153, at *6 (M.D. Fla. May 10, 2006) (ordering plaintiff to produce tax returns to corroborate FLSA plaintiff's affidavit regarding number of hours worked); *Mendoza v. Testa,* 2015 U.S. Dist

LEXIS 73614, at *6 (D. Conn. Jun. 8, 2015) (compelling FLSA plaintiff to produce tax returns); *Areizaga v. ADW Corp.,* 2016 U.S. Dist LEXIS 45494, at *20-21 (N.D. Tex., Apr. 4, 2016) (tax returns relevant to former employee's claims for alleged unpaid overtime); *Maurer v. Chico's FAS, Inc.,* 2013 U.S. Dist LEXIS 181756, at *5 (E.D. Mo. Dec. 31, 2013) (former employee's tax returns relevant to show employee's earnings in FLSA and employment discrimination case); *Walker v. AmeriCare Radiographies, Inc.,* 2010 U.S. Dist. LEXIS 113489, at *2-3 (S.D. Fla. Oct. 15, 2010) (granting motion to compel production of FLSA plaintiffs tax returns); *Callaway v. Papa John's USA, Inc.,* 2010 U.S. Dist. LEXIS 113274, at *5-6 (S.D. Fla. Oct. 12, 2010) (granting motion to compel production of plaintiffs tax returns in FLSA minimum wage case).

(b)     Plaintiffs have the ability to request their tax returns or transcripts from the state and federal governments, which means that the returns are within their "control" even if they are not within their immediate possession. Fed. R. Civ. P. 34; *Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir.1984) ("Control" is defined as the "legal right to obtain documents requested upon demand"); *Mendoza,* 2015 U.S. Dist LEXIS 73614, at *4.

(c)     Plaintiffs' tax returns are admissible to impeach them at trial. *See, e.g. Besco v. City of Longview,* 2016 U.S. Dist. LEXIS 35465, at *8 (W.D. Wash. Mar. 18, 2016) ("tax returns are admissible as impeachment evidence against a witness's

character for truthfulness and 'highly relevant' towards calculation of loss of income claim), *quoting Gaillard v. Jim Water Service, Inc.,* 535 F.3d 771, 778 (8th Cir. 2008); *Tapia v. Florida Cleanex, Inc.,* 2013 U.S. Dist. LEXIS 188901, at *3 (S.D. Fla. 2013) (denying plaintiffs motion in limine and holding that defendant in FLSA case may use plaintiffs' tax returns for impeachment at trial); *Santana v. RCSH Operations, LLC,* 2012 U.S. Dist. LEXIS 124119, at *23 (S.D. Fla. Aug. 31, 2012) (awarding as taxable costs expenses incurred obtaining tax returns used at trial for impeachment); *Callaway,* 2010 U.S. Dist. LEXIS 113274, at *7 (holding that tax returns "may also be relevant for impeachment purposes .... "); *Garner v. Grenadier Lounge,* 2008 U.S. Dist. LEXIS 54976, at *5-6 n.2 (E.D. Mich. Jul. 15, 2008) (in Title VII back pay case, noting that defendant used plaintiffs tax returns to impeach plaintiffs trial testimony regarding tip income).

(d)     Dismissal is appropriate where an FLSA plaintiff fails to abide by court orders to comply with their discovery obligations, including failure to produce tax returns as ordered by a court. *See Lora v. NHS, Inc.*, 2014 U.S. Dist. LEXIS 70248, at *4, 19-20 (E.D. Pa. May 22, 2014) (dismissing plaintiffs' complaint in its entirety for plaintiffs' repeated failures to comply with court's discovery orders, including failure to produce tax returns).

IV.   THE PLAINTIFFS HAVE NO FLSA CLAIM FOR ALLEGED HOUSE
FEES, FINES, OR TIP-OUTS, BECAUSE THESE WERE PAID (IF AT
ALL) FROM PLAINTIFFS' TIPS AND WERE NOT TAKEN FROM
PLAINTIFFS' WAGES.

This is the subject of a pending motion [Dkt. 240]. The Court has ordered

expedited treatment of the motion [Dkt. 424]. Defendants did not pay Plaintiffs

wages during the period relevant to this case because the Plaintiffs were classified

either as tenants or independent contractors of the Defendants, but not employees.

Plaintiffs were adult entertainers who performed exclusively for tips from

Defendants' customers. All amounts of money Plaintiffs received as income while

working at Magic City were "tips." The Court has ruled that Plaintiffs' earnings

were not "service charges." The Court has ruled that Plaintiffs were misclassified

as tenants or independent contractors, and that they must be reclassified as

employees. As a result of the Court's ruling, Magic City must pay the Plaintiffs

minimum wage plus overtime (if any) for the work they performed during the

applicable limitations period. The Court has also ruled that Plaintiffs' tips have not

been and cannot be used as a "tip credits" to offset Defendants' minimum wage

obligations.

Plaintiffs have only asserted two causes of action in this lawsuit: (a) failure

to pay minimum wage in violation of the FLSA; and (b) failure to pay overtime in

violation of the FLSA. In paragraph 80 of the Third Amended Collective Action

Complaint [Dkt. 72], Plaintiffs allege that Defendants failed to provide "free and

clear" minimum wages, by which Plaintiffs mean that Defendants should reimburse Plaintiffs for their alleged fines, tip-outs, and door fees. These amounts were paid by Plaintiffs from their tips, and not from their wages.

The FLSA does not include a cause of action for improper withholding of tips, except in connection with an employer who withholds tips as a "tip credit" to offset its minimum wage obligations, which has not happened in this case. Because Defendants are being ordered to pay the Plaintiffs minimum wage plus overtime, without any offset for tips earned, the FLSA does not contain a cause of action that would allow Plaintiffs to recover the alleged tipouts, fines, and door fees, which they paid from their earned tips.

*See*, *e.g.*, *Malivuk v. Ameripark, LLC*, Civ. Act. No. 1:15-cv-2570-WSD, 2016 WL 3999878 (N.D. Ga. July 26, 2016) (dismissing Plaintiffs' FLSA claim seeking tips withheld from Plaintiffs); *Hughes, et al. v. Sccarlett's G.P., Inc. d/b/a Pink Monkey*, Civ. Act. No. 15-cv-5546, 2016 WL 454348 (N.D. Ill. Feb. 5, 2016) ("The Court dismisses with prejudice Plaintiffs' claim for tip recovery under the FLSA"); *Labriola v. Clinton Entertainment Management, LLC*, No. 15 C 4123, 2016 WL 1106862, at *4-5 (N.D. Ill. Mar. 22, 2016) (exotic dancers had no claim under the FLSA for recovery of "dance fees," "DJ fees," "house fees," "floor fees," and fines paid from tips); *Levi Chicoine*, 2016 WL 552469, at *2 (dismissing exotic dancers' tip confiscation claims because, under the FLSA, the employer is

only required to ensure that the employee receives all of their tips if the employer has taken a tip credit under Section 203(m)); *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442 (4th Cir. 2015) (affirming district court's decision to dismiss claims for reimbursement of withheld tips because "Plaintiffs concede that their wages do not fall below the statutory minimum, and the 'the statutory language,' of the FLSA, including § 203(m), 'simply does not contemplate a claim for wages other than minimum or overtime wages.'"); *Meller v. Wings Over Spartanburg, LLC*, Civ. Act. No. 2:15-cv-2094-PMD, 2016 WL 1089382 (D.S.C. Mar. 21, 2016) (granting defendant's motion to dismiss and to strike, and denying plaintiff's motion for conditional certification, because plaintiffs were not entitled under the FLSA to recover tips that would have been in excess of their minimum wage and overtime claims); *Brueningsen v. Resort Express Inc.*, Civ. Act. No. 2:12–cv–00843–DN, 2015 WL 339671 (D. Utah Jan. 26, 2015) ("an employer is not prohibited from retaining an employee's tips if the employer does not take the tip credit"); *Aguila v. Corporate Caterers II, Inc.*, --- F.Supp.3d ----, 2016 WL 4196656 (S.D. Fla. Aug. 9, 2016) (granting motion to dismiss FLSA claim for withheld tips because the defendant did not take a "tip credit" against minimum wage).

## V.   ISSUES FOR TRIAL RELATED TO DISCOVERY

### (A)   What amount of hourly wages are owed?

The Court has ruled that Plaintiffs must be reclassified as employees and paid back wages equal to the federal minimum wage plus overtime at one-and-one-half times the federal minimum wage for the hours they worked within the relevant limitations period. The federal minimum wages is $7.25 per hour.  The overtime rate is $10.88 for every hour worked in excess of 40 per workweek. The parties have stipulated to the amount of hourly wages and overtime owed.

### (B)   What amount of door fees must be reimbursed?

Once minimum wage is paid, no door fees need to be reimbursed because (1) the FLSA does not prohibit Defendants from assessing door fees that are paid from Plaintiffs' gratuities, which are over and above minimum wage; and (2) Plaintiffs cannot state a claim for recovery of allegedly confiscated tips under the FLSA because Defendants did not take a "tip credit" as permitted in FLSA Section 203(m). *See Malivuk*, 2016 WL 3999878, at *2 (parking attendants could not recover confiscated tips under the FLSA because the employer did not take a tip credit and pay a reduced minimum wage); *Hughes*, 2016 WL 454348, *1-2 (exotic dancers could not recover tips used to pay house fees, dance fees, and tip-outs to the club, DJ, and "house mom" in their FLSA claims); *Labriola*, 2016 WL 1106862, at *4-5 (exotic dancers had no claim under the FLSA for recovery of

"dance fees," "DJ fees," "house fees," "floor fees," and fines paid from tips); *Levi Chicoine*, 2016 WL 552469, at *2 (dismissing exotic dancers' tip confiscation claims because, under the FLSA, the employer is only required to ensure that the employee receives all of their tips if the employer has taken a tip credit under Section 203(m)). Further, Defendants disagree that door fees can be determined collectively.

**(C)** **What amount of purported fines must be reimbursed?**

Once minimum wage is paid, no fines need to be reimbursed because (1) the FLSA does not prohibit Defendants from assessing fines that are paid from Plaintiffs' gratuities, which are over and above minimum wage; and (2) Plaintiffs cannot state a claim for recovery of allegedly confiscated tips under the FLSA because Defendants did not take a "tip credit" as permitted in FLSA Section 203(m). *See Malivuk*, 2016 WL 3999878, at *2 (parking attendants could not recover confiscated tips under the FLSA because the employer did not take a tip credit and pay a reduced minimum wage); *Hughes*, 2016 WL 454348, *1-2 (exotic dancers could not recover tips used to pay house fees, dance fees, and tip-outs to the club, DJ, and "house mom" in their FLSA claims); *Labriola*, 2016 WL 1106862, at *4-5 (exotic dancers had no claim under the FLSA for recovery of "dance fees," "DJ fees," "house fees," "floor fees," and fines paid from tips); *Levi Chicoine*, 2016 WL 552469, at *2 (dismissing exotic dancers' tip confiscation

claims because, under the FLSA, the employer is only required to ensure that the employee receives all of their tips if the employer has taken a tip credit under Section 203(m)). Further, Defendants disagree that fines can be determined collectively.

### (D)   Was the plaintiff required to pay tip-outs to the DJs and House Mom, and if so, what amount must be reimbursed?

Any tip-outs paid by Plaintiffs were not required by Magic City, and that these amounts do not need to be reimbursed to Plaintiffs. Further, once minimum wage is paid, no mandatory tip-outs need to be reimbursed because the FLSA does not prohibit Defendants from requiring tip-outs that are paid from Plaintiffs' gratuities, which are over and above minimum wage. Finally, Plaintiffs cannot state a claim for recovery of allegedly confiscated tips under the FLSA because Defendants did not take a "tip credit" as permitted in FLSA Section 203(m). *See Malivuk*, 2016 WL 3999878, at \*2 (parking attendants could not recover confiscated tips under the FLSA because the employer did not take a tip credit and pay a reduced minimum wage); *Hughes*, 2016 WL 454348, \*1-2 (exotic dancers could not recover tips used to pay house fees, dance fees, and tip-outs to the club, DJ, and "house mom" in their FLSA claims); *Labriola*, 2016 WL 1106862, at \*4-5 (exotic dancers had no claim under the FLSA for recovery of "dance fees," "DJ fees," "house fees," "floor fees," and fines paid from tips); *Levi Chicoine*, 2016 WL 552469, at \*2 (dismissing exotic dancers' tip confiscation claims because,

under the FLSA, the employer is only required to ensure that the employee receives all of their tips if the employer has taken a tip credit under Section 203(m)). Further, Defendants disagree that tip-outs can be determined collectively.

**(F)   Can plaintiffs meet their burden of proof that Defendants violated the FLSA willfully, thus triggering a three-year statute of limitations?**

The FLSA extends the statute of limitations from two years to three years if the employer acted "willfully," meaning the employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was. Actions which are unreasonable, but not necessarily reckless, do not rise to the level of willfulness. Plaintiffs bear the burden of proof on this question, which should be tried to the jury.

The following authority is in support of this position: 29 U.S.C. § 255(a); 29 C.F.R. §§ 551.104, 578.3; *Bankston v. Illinois,* 60 F.3d 1249, 1253 (7th Cir.1995) (plaintiff bears burden of proof); *Lockaby v. Top Source Oil Analysis, Inc.*, 998 F. Supp. 1469, 1471 (N.D. Ga. 1998) (plaintiff bears the burden of proof, and if the employer has acted unreasonably, but not recklessly, its actions should not be considered willful); *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988) (same).

**(G)    Did defendants try, in good faith, to pay the plaintiffs in accord with the FLSA justifying the elimination of liquidated damages?**

In an FLSA case, if the employer "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." 29 U.S.C. § 260.

The Court determines whether Defendants acted in good faith in order to avoid liquidated damages. *Cf. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding the limitations period question that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question").

The determination of whether an employer acted in good faith and had reasonable grounds for believing its act or omission was not a violation of the FLSA has both a subjective and objective component. *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1566 (11th Cir. 1991). Subjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it. *Id.* Objective good faith means the employer had reasonable grounds for believing its conduct comported with the FLSA. *Id.* In

addition, "[g]ood faith requires some duty to investigate potential liability under FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir.1979).

The amount of damages awarded by the jury is the ceiling for the liquidated damage award by the court. Although the court may award less in liquidated damages than the jury awarded in back wages, the court can award no more in liquidated damages than the jury awarded. *Marshall v. Hanioti Hotel Corp.*, 490 F. Supp. 1020, 1024 (N.D. Ga. 1980).

In this case, the evidence will show that Defendants sought advice of legal counsel in determining whether to classify Plaintiffs as independent contractors or tenants rather than employees. Two separate attorneys advised Defendants that it was permissible to consider Magic City entertainers independent contractors or tenants. Defendants acted in accord with advice of counsel and the industry norms and practices in the manner in which they compensated Plaintiffs. Accordingly, the evidence will show that Defendants acted in a good faith attempt to comply with the FLSA sufficient to eliminate liquidated damages.

**(H)   Does Plaintiffs' failure to accept Defendants' two offers of judgment prevent Plaintiffs from seeking an award of attorneys' fees in this case, or reduce the same?**

Defendants tendered two offers of judgment to the Plaintiffs. Plaintiffs did not accept them; some said under oath they never received the offers. Assuming the eventual award to the Plaintiffs is less than the amount of the offers of

judgment, Defendants contend that Plaintiffs will be barred from requesting an award of attorney's fees, that the lodestar for Plaintiffs' request for attorneys' fees will need to be reduced proportionate to the degree of success they have achieved in this litigation, and that Defendants may be awarded their costs and possibly attorneys' fees.

See *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 150 (11th Cir. 2008) ("the starting point in this analysis is a multiplication of the hours reasonably expended by a reasonable hourly rate, the product of which is known as the lodestar"); *Gray ex rel. Alexander v. Bostic*, 720 F.3d 887, 894 (11th Cir. 2013) ("The most critical factor is the degree of success obtained. *Farrar*, 506 U.S. at 114, 113 S.Ct. 566. When considering this factor, we must compare the amount of damages sought to the amount awarded."); *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580-81 (11th Cir. 1987) (reducing lodestar proportionate to the small degree of success in the litigation because the Plaintiff originally sought "$2,000,000 in compensatory and punitive damages, but the jury awarded him only $30,000"); *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 801 (5th Cir. 2006) (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983))), for the proposition that "[w]here 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive

amount"); *Hensley*, 461 U.S. at 436 (1983) ("had respondents prevailed on only one of their six general claims, for example the claim that petitioners' visitation, mail, and telephone policies were overly restrictive, see n. 1, *supra*, a fee award based on the claimed hours clearly would have been excessive").

# ATTACHMENT E

# Factual Stipulations

# ATTACHMENT E

## Factual Stipulations

The parties stipulate and agree to the following facts and/or the Court has already found the following facts to be undisputed:

### *Minimum Wages and Overtime*

1.     Based on Defendants' records, the parties agree that the mathematical calculation of all regular hours worked during the two-year statute of limitations period times $7.25, plus all overtime hours worked during the two-year statute of limitations period times $10.88, for each of the following Plaintiffs equals:

| Plaintiff | Min Wage - 2yr | OT - 2yr |
|-----------|---------------:|---------:|
| Patrice Noble | $15,151.53 | $11.31 |
| Jacqueline Woodard | $13,969.34 | $0.00 |
| Brittany Robinson | $13,508.00 | $107.64 |
| Keira Vaughan | $11,436.60 | $0.00 |
| Arketa Smith | $11,301.34 | $0.00 |
| Takieron Davis | $8,904.53 | $2.92 |
| Makeda Roots | $8,672.59 | $0.00 |
| Gera Robinson | $7,603.32 | $0.00 |
| Kristin Journigan | $6,671.33 | $0.00 |
| Precious Stephens Kelly | $5,455.62 | $2.79 |
| Glynnis Pittman | $3,554.27 | $0.00 |
| Astin Currie | $2,712.82 | $0.00 |
| Christina Charles | $1,874.47 | $0.00 |
| Raven Bankston | $1,579.61 | $0.00 |
| Sabrina Lopes | $1,157.53 | $0.00 |
| Erica Tarver | $954.20 | $0.00 |
| Sheena Tinsley | $688.63 | $0.00 |
| Crystal Mohan | $650.62 | $0.00 |
| Tulethia Hambrick | $313.85 | $0.00 |
| Angela Glass | $0.00 | $0.00 |
| Courtney Whitehead | $0.00 | $0.00 |

| | | |
|---|---|---|
| Danielle Gordon | $0.00 | $0.00 |
| Eryn Watkins | $0.00 | $0.00 |
| Jasmine Tate | $0.00 | $0.00 |
| Larissa Castro | $0.00 | $0.00 |
| Quiona Wagner | $0.00 | $0.00 |
| Sorel Woods | $0.00 | $0.00 |
| Summer Sales | $0.00 | $0.00 |
| Tamecia Pace | $0.00 | $0.00 |
| **Total** | **$116,160.19** | **$124.65** |

2.      Based on Defendants' records, the parties agree that the mathematical calculation of all regular hours worked during the three-year statute of limitations period times $7.25, plus all overtime hours worked during the three-year statute of limitations period times $10.88, for each of the following Plaintiffs equals:

| Plaintiff | Min Wage - 3yr | OT - 3yr |
|---|---|---|
| Patrice Noble | $20,872.68 | $11.31 |
| Jacqueline Woodard | $20,275.59 | $0.00 |
| Keira Vaughan | $17,499.82 | $0.00 |
| Arketa Smith | $15,938.32 | $0.00 |
| Takieron Davis | $15,274.35 | $135.32 |
| Gera Robinson | $14,757.12 | $12.48 |
| Brittany Robinson | $14,248.81 | $107.82 |
| Kristin Journigan | $12,422.88 | $0.00 |
| Makeda Roots | $11,191.47 | $0.00 |
| Glynnis Pittman | $7,827.91 | $0.00 |
| Precious Stephens Kelly | $7,227.49 | $2.79 |
| Danielle Gordon | $5,117.80 | $0.00 |
| Erica Tarver | $3,964.95 | $0.00 |
| Christina Charles | $3,826.50 | $0.00 |
| Astin Currie | $3,679.24 | $0.00 |
| Sorel Woods | $3,536.07 | $0.00 |
| Sabrina Lopes | $3,074.18 | $0.00 |
| Tamecia Pace | $2,879.77 | $0.00 |
| Angela Glass | $2,673.23 | $0.00 |
| Raven Bankston | $1,579.61 | $0.00 |
| Sheena Tinsley | $688.63 | $0.00 |

| | | |
|---|---|---|
| Crystal Mohan | $650.63 | $0.00 |
| Courtney Whitehead | $351.71 | $0.00 |
| Tulethia Hambrick | $313.85 | $0.00 |
| Eryn Watkins | $215.72 | $0.00 |
| Larissa Castro | $206.65 | $0.00 |
| Quiona Wagner | $145.80 | $0.00 |
| Summer Sales | $103.93 | $0.00 |
| Jasmine Tate | $0.00 | $0.00 |
| **Total** | **$190,544.65** | **$269.71** |

3.     The three-year numbers represented in Paragraph 2 are only relevant if Plaintiffs prove that Defendants willfully violated the FLSA.

4.     Defendants do not agree that Plaintiffs were misclassified as independent contractors, but, for the convenience of the parties, the Court, and the jury, the parties agree to the portion of Plaintiffs' minimum wage and overtime damages as set forth in Paragraphs 1 and 2 and requested by Plaintiffs, through their counsel. While Defendants contend that the damages amounts set forth in Paragraphs 1 and 2 comprise the complete minimum wage and overtime damages, Plaintiffs claim to be entitled to an additional amount of minimum wage damages attributed to allegedly unlawful "kickbacks," which would include any alleged door fees, tip-outs, and fines.  The alleged "kickback" damages are not included in the amounts set forth in Paragraphs 1 and 2. Further, the amounts set forth in Paragraphs 1 and 2 do not include any liquidated damages, attorneys' fees, or costs of litigation.

*__Magic City Operations__*

5.     Magic City is an adult entertainment establishment located at 241 Forsyth Street in Atlanta, Georgia

6.     Defendant Paradise Entertainment Group, Inc. ("PEG") does business as and owns and operates Magic City.

7.     PEG is a covered enterprise engaged in interstate commerce.

8.     At all times from three years prior to the filing of this action through the present, Defendant Marvin Brown ("Brown") has been the sole owner of PEG and has held corporate positions for PEG, including CEO, CFO, and Secretary.

9.     In approximately 2002, Barney Sr. incorporated Defendant –M-Entertainment & consultant Services, Inc. ("MEC").

10.     At all times since its incorporation, Barney Sr. has been and continues to be the sole owner of MEC.

11.     The Court found PEG, MEC, Brown, and Barney, Jr. qualify as joint employers and thus are collectively referred to herein as "Magic City."

12.     Managers at the club include Michael Barney, Jr. ("Barney, Jr."), Maurtise Jordan ("Jordan"), Loma Jamil ("Jamil"), and Chernita Zachery ("Zachery").

13.     Katrina Smith worked for PEG as well as MEC and provided assistance to Barney Sr.

14.     Jordan, Barney Junior and Loma have been managers at Magic City for the last eight years.

15.     Among other things, Jordan is responsible for signing the entertainers in when they arrive to work and collecting and documenting the fees they pay to the club.

16.     Barney, Jr. manages the adult entertainers at the club.

17.     Barney, Jr. has responsibility over the disc jockeys ("DJs") that work at the club.

18.     Jamil is an assistant manager at the club and handles the front door and the admission of customers and entertainers, as well as taking photos for Magic City's promotional calendar.

19.     Zachery has been the day shift manager at the club for the last five years when Brown is not present.

20.     In addition to being a manager, Zachery is also an office administrator for the club and sits in on new hire interviews.

21.     Zachery also handles orientation for entertainers when they are first hired.

22.     Smith was in the office weekdays, answered the phones, took liquor orders, helped out Zachery when necessary, was present to interview potential entertainers, and handled signing entertainers into the club if Zachery was busy.

23.     The managers at Magic City report to Defendant Brown.

24.     Rosemary Saylors ("Saylors") worked as a house mom at Magic City from 1998 to 2009 and from 2012 to present.

### *The Entertainers*

25.     Entertainers (also known as dancers) work at Magic City.

26.     Plaintiffs, other than Jasmine Tate, worked as entertainers at Magic City during the time in question.

27.     Magic City had no knowledge of entertainer incorporating their own entertainment businesses, filing with the secretary of state as an independent business, or employing other dancers to work for them.

28.     For the relevant period, Magic City classified the adult entertainers who dance at Magic City as independent contractors or tenants.

29.     The Court ruled that the entertainers qualify as employees under the FLSA.

### *Monies Entertainers Receive & Pay*

30.     For the relevant period, Magic City did not pay entertainers any money for their work at Magic City.

31.     For the relevant period, Entertainers' sole source of income for their work at Magic City is the tips given to them on site by Magic City's Customers.

32.     Magic City did not track the number of dances entertainers performed

or the amount of tips they received from customers.

33.     Magic City did not record any money entertainers received from customers in gross receipts.

34.     The Court ruled that this money qualifies as tips or gratuities from the customers and does not satisfy Magic City's minimum wage payment obligations.

35.     For the relevant period, Magic City charged entertainers bar fees (aka House Fees or Rental Fees) as a condition of to perform at the club.

36.     Magic City charges bar fees on a sliding scale, generally meaning that the later an entertainer arrives to the club, the more expensive the bar fee would be.

37.     Magic City uses differentiated bar fees to incentivize entertainers to perform during less popular shifts.

38.     The club also incentivizes dancers to work the day shift by waiving the bar fee they would at night pay if they worked through the start of the night shift.

39.     The club also uses differentiated bar fees to get entertainers to work during the dayshift; specifically, by sending text blasts stating that the bar fee would go up if more dancers did not work earlier.

40.     Entertainers sometimes pay fines assessed to them by Magic City.

41.     Magic City has the discretion whether or not to impose or threaten a fine.

42.     Magic City fines entertainers for not getting dressed and coming into the public portion of the club within an hour (i.e., spending more than an hour in the dressing room), or for workplace violence, or for other security reasons.

43.     Magic City, in its discretion, decides whether or not to impose or threaten a fine.

44.     If entertainers do not work the required number of shifts, they can be subject to monetary fines imposed by the club.

### *Sign-in Sheets*

45.     Entertainers obtain permits from the Atlanta Police Department before performing.

46.     Entertainers use "stage names" when they perform at the Club that re generally not the same as their legal names.

47.     The stage name for Armie Auxtero is Asia.

48.     The stage name for Raven Bankston is Magistic.

49.     The stage name for Larissa Castro is Tina/Christina.

50.     The stage name for Astin Currie is Danger.

51.     The stage name for Christina Charles is Chyna/China

52.     The stage name for Takieron Davis is Jewelz/Jewels

53.     The stage name for Angela Glass is Storm.

54.     The stage name for Daniel Gordon is April.

55.     The stage name for Tulethia Hambrick is Nina.

56.     The stage name for Lindsay Hardin is Milan.

57.     The stage name for Stephanie Howard is A-1.

58.     The stage name for Kristin Journigan is Karma.

59.     The stage name for Sabrina Lopes is Dream.

60.     The stage name for Brittany Love is Love.

61.     The stage name for Crystal Mohan is New York

62.     The stage name for Patrice Noble is at least Lola.

63.     The stage name for Sashe Omogiate is Queen.

64.     The stage name for Tamecia Pace is Mya.

65.     The stage name for Glynnis Pittman is Promise.

66.     The stage name for Gera Robinson is Jade.

67.     The stage name for Brittany Robinson is Charlie.

68.     The stage name for Mekeda Roots is Amillion.

69.     The stage name for Summer Sales is Chastity or Chaz.

70.     The stage name for Arketa Smith is Ego.

71.     The stage name for Precious Stephens Kelly is Jerzey/Jersey.

72.     The stage name for Erica Tarver is at least Eva and Syion.

73.     The stage name for Jasmine Tate is Sasha.

74.     The stage name for Sheena Tinsley is Vegas.

75.     The stage name for Kiera Vaughan is Chi.

76.     The stage name for Quiona Wagner is China Doll.

77.     The stage name for Eryn Watkins is Angie.

78.     The stage name for Courtney Whitehead is Priceless and Nikki.

79.     The stage name for Jacqueline Woodard is Autumn.

80.     The stage name for Sorel Woods is at least Seven.

81.     The day shift runs from 3:00 pm to 10:00 pm.  Entertainers arrive between 3:00 pm and 5:00 pm.

82.     The night shift runs from 8:00 pm to 3:00 am.  Entertainers arrive between 8:00 pm and 10:00 pm.

83.     Magic City requires entertainers to sign in when they arrive to work and pay any applicable Bar or Tenancy Fee at that time.

84.     As the entertainers arrive, the managers make note on a sign in sheet of the entertainers' name, time of arrival, and the fee they pay to the club.

85.     If the fee column on sign-in sheet has a vertical line through it for an entertainer, that means she paid the same amount as the entertainer above her.

86.     If the time in column on the sign-in sheet has a vertical line through it for an entertainer, that means she came in at the same time as the entertainer above her.

87.     Featured dancers are signed in on the right-hand side of the sign-in

sheet, indicating that they go up on the stage at a specific time.  The fee listed for the featured dancers indicate what time the dancers signed in for their shifts.

### ***The Agreements***

88.     Magic City has used three written agreements during the applicable time period.

89.     Magic City used the first agreement ("First Agreement") beginning in 2004.

90.     Magic City used the second agreement ("Second Agreement") beginning in between 2011 and 2012.

91.     Magic City began using the third agreement in June of 2012.

# ATTACHMENT F-1

# Plaintiffs' Witness List

## ATTACHMENT F-1

### Plaintiffs' Witness List

Plaintiffs will call or may call the following witnesses:

| Witness | Knowledge |
|---|---|
| Pl.  Kiera Vaughan<br>84-40 121st St<br>Kew Gardens<br>Jamaica, NY  11415 | Plaintiff will testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and  Defendants  classification  of  her  as  an "independent contractor". |
| Pl. Jacqueline Woodard,<br>120 Thickett Ct<br>Fayetteville, GA  30215 | Plaintiff will testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and  Defendants  classification  of  her  as  an "independent contractor". |
| Pl. Makeda Roots<br>1030 Aster Avenue SW<br>Atlanta, GA  30310 | Plaintiff will testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and  Defendants  classification  of  her  as  an "independent contractor". |
| Pl. Kristin Journigan<br>925 Cantebury Rd NE<br>Apt. 217<br>Atlanta, GA  30324 | Plaintiff will testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and  Defendants  classification  of  her  as  an "independent contractor". |
| Pl. Tulethia Hambrick<br>1884 Wee Kirk Road SE<br>Atlanta, GA  30316 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations |

| | |
|---|---|
| | and Defendants classification of her as an "independent contractor". |
| Pl. Sorel Woods<br>PO Box 828<br>Rex, GA  30273 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Pl. Takieron Davis<br>1101 Cooper Oak Ct. SE<br>Smyrna GA, 30082 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Pl. Tamecia Pace<br>3797 Fremont Drive<br>Ellenwood, GA  30294 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Pl. Glynnis Pittman<br>5501 Glenridge Drive<br>Apt. 112<br>Atlanta, GA  30342 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Pl. Astin Currie<br>6117 Indian Wood Cir.<br>SE, Mableton, GA  30126 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Pl. Erica Tarver<br>5830 Norfold Chas Road<br>Norcross, GA  30305 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in |

| | |
|---|---|
| | and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Pl. Sheena Tinsley<br>1732 Monroe Drive NE<br>Apt. B<br>Atlanta, GA | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Pl. Precious Stephens Kelly<br>6433 Park Pond Dr.<br>Charlotte, NC  28262 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Pl. Patrice Noble<br>6233 Shelburne Park Lane, #153<br>Mableton, GA  30052 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Pl.  Angela Glass<br>327 Merrill Avenue<br>Calumet City, IL | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Danielle Gordon<br>603 7th Ave N Apt. A-303<br>Edmonds, WA  98020 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Raven Bankston | Plaintiff may testify about her work habits, including |

| | |
|---|---|
| 1653 Caswell Pkwy<br>Marietta, GA  30060 | frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Christina Charles<br>1185 Collier Rd NW Apt 2114<br>Atlanta, GA  30318 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Brittany Robinson<br>2120 Penrose Dr<br>East Point, GA  30344 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Arketa Smith<br>618 Wallnut Hall Trl<br>Woodstock, GA 30189 | Plaintiff may testify about her work habits, including frequency of work, hours worked, and fines, fees, and tip-outs paid.  Plaintiff will testify about the sign in and out process at the club. Plaintiff will testify about her interactions with the club's rules and regulations and Defendants classification of her as an "independent contractor". |
| Alexander Wise<br>Nichols Kaster, PLLP<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN  55402 | If the parties cannot fully stipulate to damages, Mr. Wise may be called to lay the foundation for and explain how he created Plaintiffs' exhibit summarizing the sign-in sheets. |
| Suzanne Arpin<br>Friend, Hudak & Harris, LLP<br>Three Ravinia Dr.<br>Ste 1700<br>Atlanta, GA  30346 | Suzanne Arpin will be called to testify about the scope of her work for Defendants, the advice/opinions she gave Defendants, her review of club operations, her review of agreements and other club documents, her review of the relevant legal authority, and the agreements she drafted. |
| David Allen Roberts<br>Hall, Arbery, Gilligan, | David Roberts will be called to testify about the scope of his work for Defendants, the advice/opinions |

| | |
|---|---|
| Roberts & Shanlever, PLLP 3340 Peachtree Rd NE #1900 Atlanta, GA  30326 | he gave Defendants, his review of club operations, his review of the relevant legal authority, his review of agreements and other club documents, and the agreements he drafted. |
| Def. Marvin Brown | Defendant Brown may be called to testify about his ownership and operations of PEG d/b/a Magic City, the fines, fees, and tip-outs paid by entertainers, Defendants' contracts with entertainers, Defendants' classification decision, and Defendants' interactions with and control over entertainers. |
| Michael Barney, Sr. | Defendant Barney Sr. will be called to testify about his operations of and involvement with Magic City, his interactions with the club's counsel, the fines, fees, and tip-outs paid by entertainers, Defendants' contracts with entertainers, Defendants' classification decision, and Defendants' interactions with and control over entertainers. |
| Michael Barney, Jr. | Mr. Barney, Jr. may be called to testify about his knowledge of the *Clincy v. Galardi S. Enter., Inc.*, lawsuit, the fines, fees, and tip-outs paid by entertainers, Defendants' contracts with entertainers, and Defendants' interactions with and control over entertainers. |
| Maurtise Jordan | Ms. Jordan will be called to testify about sign-in procedures, maintenance of sign-in sheets, notations made on sign-in sheets, the fines, fees, and tip-outs paid by entertainers, and her interactions with and control over entertainers. |
| Rosemary Saylors | Ms. Saylors will be called to testify about the fines, fees, and tip-outs paid by entertainers, the sign-in procedure, and her interactions with and Defendants' control over entertainers. |
| Chernita Zachery | Ms. Zachery will be called to testify about the fines and fees charged to entertainers as well as the documents signed by entertainers, documents exchanged with entertainers, and about the club's document retention. |
| Katrina Smith | Ms. Smith may be called to testify about the fines and |

| | fees charged to entertainers as well as the documents signed by entertainers, documents exchanged with entertainers, and about the club's document retention. |
| --- | --- |
| Anyone identified on Defendants' witness list. | |

# ATTACHMENT F-2

# Defendants' Witness List

# ATTACHMENT F-2

## Defendants' Witness List

Defendants will call or may call the following witnesses:

| Witness | Knowledge |
|---|---|
| **Leanne Gould** | Expert witness for the Defendants who will testify about the calculation of damages in this case consistent with the two opinions she has previously produced |
| **Suzanne Arpin** | Former labor attorney for Magic City who will testify that Magic City sought advice of counsel concerning how to comply with the FLSA, that she prepared the tenancy agreement for Magic City to execute with its adult entertainers, and that she believes that the tenancy agreement was valid under the FLSA |
| **Michael Barney** | Owner of -M- Entertainment Consultant Service, Inc., who will testify about the operations of the club, hours worked by the adult entertainers, that fines were rare, that tip-outs and door fees were paid voluntarily from the adult entertainers' tips, that Magic City relied upon advice of counsel when establishing independent contractor and/or tenancy relationships with the adult entertainers, and that Magic City did not willfully violate the FLSA. |
| **Marvin Brown** | Owner of Paradise Entertainment Group, Inc., who will testify about the operations of the club, hours worked by the adult entertainers, that fines were rare, that tip-outs and door fees were paid voluntarily from the adult entertainers' tips, that Magic City relied upon advice of counsel when establishing independent contractor and/or tenancy relationships with the adult entertainers, and that Magic City did not willfully violate the FLSA. |

| | |
|---|---|
| **Michael Barney, Jr.** | Manager at the Magic City Club who will testify about the operations of the club, hours worked by the adult entertainers, that fines were rare, that tip-outs and door fees were paid voluntarily from the adult entertainers' tips |
| **Maurtise Jordan** | Manager at the Magic City Club who will testify about the operations of the club, hours worked by the adult entertainers, that fines were rare, that tip-outs and door fees were paid voluntarily from the adult entertainers' tips |
| **Loma Jamil** | Manager at the Magic City Club who will testify about the operations of the club, hours worked by the adult entertainers, that fines were rare, that tip-outs and door fees were paid voluntarily from the adult entertainers' tips |
| **Chernita Zachery** | Manager at the Magic City Club who will testify about the operations of the club, missing personnel files, hours worked by the adult entertainers, that fines were rare, that tip-outs and door fees were paid voluntarily from the adult entertainers' tips |
| **Katrina Smith** | Manager at the Magic City Club who will testify about the operations of the club, hours worked by the adult entertainers, that fines were rare, that tip-outs and door fees were paid voluntarily from the adult entertainers' tips |
| **Gregory Collins a/k/a DJ Outlaw** | DJ who frequently performs at the Magic City club who will testify that the adult entertainers were not required to tip the DJs at the club |
| **Sphedra Cameron** | Bartender for Magic City who will testify about working conditions in the club, and that any tip-outs were voluntary, and that fines were rare |
| **Sharhonda Simmons** | Bartender for Magic City who will testify about working conditions in the club, and that any tip-outs were voluntary, and that fines were rare |

| | |
|---|---|
| **Shawna Eckwood** | Bartender for Magic City who will testify about working conditions in the club, and that any tip-outs were voluntary |
| **Keisha Addison** | Adult Entertainer who performed at Magic City who will testify that fines were rare, tip-outs were voluntary, and door fees were voluntary |
| **Marquata Black** | Adult Entertainer who performed at Magic City who will testify that fines were rare, tip-outs were voluntary, and door fees were voluntary |
| | |
| **Raven Bankston** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Larissa Castro** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Christina Charles** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Astin Currie** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Takieron Davis** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Angela Glass** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Danielle Gordon** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Tulethia Hambrick** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Kristin Journigan** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Sabrina Lopes** | Hours worked, fines paid, tip-outs paid, door fees |

|  |  |
|---|---|
|  | paid |
| **Crystal Mohan** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Patrice Noble** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Tamecia Pace** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Glynnis Pittman** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Brittany Robinson** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Gera Robinson** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Makeda Roots** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Summer Sales** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Arketa Smith** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Precious Stephens Kelly** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Erica Tarver** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Sheena Tinsley** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Keira Vaughan** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Quiona Wagner** | Hours worked, fines paid, tip-outs paid, door fees |

| | paid |
|---|---|
| **Eryn Watkins** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Courtney Whitehead** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Jacqueline Woodard** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Sorel Woods** | Hours worked, fines paid, tip-outs paid, door fees paid |
| **Rosemary Saylors** | House Mom who works for Magic City, and who will testify about working conditions in the club, what a "house mom" does, that any tip-outs were voluntary, that tip-outs paid to the House Moms were generally in exchange for services and goods, and that fines were rare |
| **Dr. Joseph Saba, M.D.** | Former owner of the Magic City club who may be called to testify about the club's cultural relevance to the hip hop industry and community. |
| **David Allen Roberts** | Former employment attorney for Magic City who will testify that Magic City sought advice of counsel concerning whether it could characterize its entertainers as independent contractors and, if so, the preparation of an independent contractor agreement. Mr. Roberts will testify that he prepared an independent contractor agreement for Magic City to execute with its adult entertainers, and that he believed at the time that the agreement was valid under the FLSA. |

# ATTACHMENT G-1

# Plaintiffs' Exhibit List

## ATTACHMENT G-1

### Plaintiffs' Exhibit List

| Ex # | Identifier | Description | Defendants' Objections |
|------|-----------|-------------|------------------------|
| 1. | NKA0000172–81 | Pls.' Dep. Ex. 2: Independent Contract Agreement, signed by Pl. Omogiate (Nov. 14, 2011), Ex. 31 to Pls.' Summ. J. Mot., ECF No. 132-32 | Authenticity; Foundation; |
| 2. | NKA0000143 | Pls.' Dep. Ex. 3: Photo of Dance Rental Fee sheet (starts Jan. 27, 2014) | Authenticity; Foundation; |
| 3. | NKA0000145 | Pls.' Dep. Ex. 4: Photo of posting (starts Jan. 27, 2014) | Authenticity; Foundation; |
| 4. | NKA0000146 | Pls.' Dep. Ex. 5: Photo of Mem. from Mgm't to Dancers (Sept. 23, 2013) | Authenticity; Foundation; Completeness |
| 5. | PEG001768 | Pls.' Dep. Ex. 6: Rules and Regulations | Authenticity; Foundation; |
| 6. | PEG000519 | Pls.' Dep. Ex. 8: Excerpt sign-in Sheets (assorted pages) | Authenticity; Foundation; Completeness |
| 7. | NKA0000161–71 | Pls.' Dep. Ex. 9: Activity & Facility Use Agreement for Jacqueline Woodard (Aug. 5, 2012) | Authenticity; Foundation; |
| 8. | PEG001777–83 | Pls.' Dep. Ex. 10: Email from Chernita Zachery to | Authenticity; |

| | | Suzanne Arpin (Jun 27, 2012), with attachments Pole Disclaimer, Pole Disclaimer 2, Independent Contract, Independent Contract 2, Independent Contract 3, Independent Contract 4 | Foundation; Hearsay |
|---|---|---|---|
| **9.** | Dep. Ex. 27 | Decl. of Suzanne Marie Arpin (May 8, 2015) | Hearsay |
| **10.** | Dep. Ex. 28 | Decl. of Katrina Smith (May 11, 2015), *with* Ex. 1 Independent Contractor Agreement for Jamie Taylor with Contractor Profile (Nov. 16, 2012); Ex. 2 Independent Contract Agreement for Angela Glass (Oct. 6, 2010), with attachments: Magic City Violation List, Magic City Independent Contractor Rules, Rules and Policies, Evaluation, excellent attitude, check one, non-compete; and Ex. 3 Activity & Facility Use Agreement for Armie Auxtero with attachments A–D (May 15, 2014) | Hearsay |
| **11.** | PEG000002–12 | Dep. Ex. 29: Activity & Facility Use Agreement for Armie Auxtero with attachments A–D (May 15, 2014) | Authenticity; Foundation; |
| **12.** | PEG000045–57 | Dep. Ex. 30: Independent Contract Agreement for Tiffany Bennett (Sept. 28, 2010) with attachments: non-compete, info. sheet, check one, Evaluation, excellent attitude, Magic City Independent Contractor Rules | Authenticity; Foundation; Completeness |
| **13.** | PEG000083–86 | Dep. Ex. 31: Independent Contractor Agreement for Stephanie Howard (Oct. 21, 2005), with excellent | Relevance; Authenticity; Foundation; |

|  |  | attitude attachment |  |
|---|---|---|---|
| **14.** | PEG000206–08 | Dep. Ex. 32: Independent Contractor Agreement for Brittany Robinson (May 14, 2012) | Authenticity; Foundation; |
| **15.** | PEG001777–83 | Dep. Ex. 33: Email from Chernita Zachary to Suzanne Arpin (June 27, 2012), with attachments Pole Disclaimer, Pole Didsclaimer 2, Independent Contract, Independent Contract 2, Independent Contract 3, Independent Contract 4 | Authenticity; Foundation; Hearsay |
| **16.** | PEG001799–805 | Dep. Ex. 34: Email from Velma Gayle to Suzanne Arpin (July 2, 2012), with attachments Activity_and_facilityUse_Agreement_-_vR, Magic_City_-_Independent_contractor_Agreement_-_vR | Authenticity; Foundation; Hearsay |
| **17.** | PEG001810–19 | Dep. Ex. 35: Email from Suzanne Arpin to Mike Barney, Sr. (July 13, 2012), with attachment Paradise Entertainment--Model Tenants Use, Waiver and Restrictive Covenant Agreement – v1 | Authenticity; Foundation; Hearsay |
| **18.** | PEG001821–23 | Dep. Ex. 36:  Email from Katrina Smith to Suzanne Arpin (July 19, 2012), with attachment Dance Fee Sheet | Authenticity; Foundation; Hearsay |
| **19.** | PEG001825–35 | Dep. Ex. 37: Email from Suzanne Arpin to Mike Barney, Sr. & Katrina Smith (July 23, 2012), with attachments Fee Schedule--Marked Copy – v1, Fee Schedule--Marked Copy – v1, Paradise Entertainment- | Authenticity; Foundation; Hearsay |

| | | -Tenant Admission Schedule – v2 | |
|---|---|---|---|
| **20.** | PEG001836–58 | Dep. Ex. 38:  Email from Suzanne Arpin to Mike Barney, Sr. & Katrina Smith (July 23, 2012), with attachments Paradise Entertainment--Model Tenants Use, Waiver and Restrictive Covenant Agreement – v2, Paradise--Premises Use Agt--Marked Copy – v1 | Authenticity; Foundation; Hearsay |
| **21.** | PEG001867–90 | Dep. Ex. 39:  Email from Suzanne Arpin to Katrina Smith (July 26, 2012), with attachments Paradise Entertainment--Model Tenants Use, Waiver and Restrictive Covenant Agreement – v2, Paradise--Premises Use Agt--Marked Copy – v1 | Authenticity; Foundation; Hearsay |
| **22.** | PEG001768 | Dep. Ex. 40:  Rules and Regulations | Authenticity; Foundation; |
| **23.** | Dep. Ex. 41 | Thompson Hine Invoice (July 13, 2012), PEG-009 | Authenticity; Foundation; Hearsay |
| **24.** | Dep. Ex. 42 | Thompson Hine Invoice (Aug. 10, 2012), PEG-005 | Authenticity; Foundation; Hearsay |
| **25.** | PEG001891–904 | Dep. Ex. 43: Fax from Marvin Brown to David Roberts (Feb 3, 2004); Fax to Marvin Brown from David Allen Roberts (Feb. 6, 2004) | Authenticity; Foundation; Hearsay |
| **26.** | PEG001905–20 | Dep. Ex. 44: *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343 (M.D. Fla. 1997) (annotated) | Relevance; Probative value outweighed by potential for prejudice; |

| | | | hearsay |
|---|---|---|---|
| **27.** | PEG001921–79 | Dep. Ex. 45: Margot Rutman, "Exotic Dancers' Employment Law Regulations," 8 Temp. Pol. & Civ. Rts. L. Rev. 515 (1999) (annotated) | Relevance; Probative value outweighed by potential for prejudice; hearsay; |
| **28.** | Dep. Ex. 46 | Decl. of David Allen Roberts (Apr. 30, 2015) | Hearsay |
| **29.** | PEG001891–98 | Dep. Ex. 47: Bills from Destination Network statement | Foundation; authenticity; hearsay |
| **30.** | Dep. Ex. 48 | Photo of board with rules, fees, and permit expiration dates (originally produced by J.A. Schneider on Apr. 30, 3015), PEG-03 | Foundation; authenticity |
| **31.** | Dep. Ex. 49 | Decl. of Michael Barney, Sr. (Apr. 30, 2015) | Hearsay |
| **32.** | PEG003295–301 | Lease Agreement, Ex. 19 to Pls.' Summ. J. Mot., ECF No. 132-20 | Foundation; authenticity |
| **33.** | ECF No. 132-21 | Complaint, *-M- Entm't & Consultant Serv., Inc. v. 17100 Inc.*, Case No. 14 cv 1610 (N.D. Ill. March 7, 2014), ECF No. 1, Ex. 21 to Pls.' Summ. J. Mot. | |
| **34.** | PEG003306–10 | 2013 Consulting Agreement, Ex. 22 to Pls.' Summ. J. Mot., ECF No. 132-23 | Foundation; authenticity |
| **35.** | PEG003311–15 | 2014 Consulting Agreement, Ex. 23 to Pls.' Summ. J. Mot., ECF No. 132-24 | Foundation; authenticity |

| 36. | PEG003316–20 | 1st 2015 Consulting Agreement, Ex. 24 to Pls.' Summ. J. Mot., ECF No. 132-25 | Foundation; authenticity |
|---|---|---|---|
| 37. | PEG0003302–05 | 2d 2015 Consulting Agreement, Ex. 25 to Pls.' Summ. J. Mot., ECF No. 132-26 | Foundation; authenticity |
| 38. | ECF No. 132-58 | Spreadsheet of Text Messages from Magic City to entertainers (electronic copy originally produced by J.A. Schneider on Apr. 30, 3015), PEG-04, Ex. 57 to Pls.' Summ. J. Mot. | Foundation; authenticity; hearsay; best evidence |
| 39. | PEG000140 | Mem. from Michael Barney, Sr. to entertainers (Nov. 19, 2012), Ex. 61 to Pls.' Summ. J. Mot., ECF No. 132-62 | Hearsay |
| 40. | PEG002458–85 | Promotional calendar (2010), Ex. 63 to Pls.' Summ. J. Mot., ECF Nos. 132-64, to -65 | Relevance |
| 41. | PEG002486–513 | Promotional calendar (2012), Ex. 64 to Pls.' Summ. J. Mot., ECF Nos. 132-66, to -68 | Relevance |
| 42. | PEG002514–41 | Promotional calendar (2014), Ex. 65 to Pls.' Summ. J. Mot., ECF Nos. 132-69, to -70 | Relevance |
| 43. | PEG002379–86 | 2011 Taxes of Def. Paradise Entm't Grp., Inc., Ex. 66 to Pls.' Summ. J. Mot., ECF No. 132-71 | Relevance; Quasi-privileged document containing confidential information; probative value outweighed by probability of prejudice |

| | | | to the jury |
|---|---|---|---|
| **44.** | PEG002387–94 | 2012 Taxes of Def. Paradise Entm't Grp., Inc., Ex. 67 to Pls.' Summ. J. Mot., ECF No. 132-72 | Relevance; Quasi-privileged document containing confidential information; probative value outweighed by probability of prejudice to the jury |
| **45.** | PEG002395–401 | 2013 Taxes of Def. Paradise Entm't Grp., Inc., Ex. 68 to Pls.' Summ. J. Mot., ECF No. 132-73 | Relevance; Quasi-privileged document containing confidential information; probative value outweighed by probability of prejudice to the jury |
| **46.** | PEG002402–06 | 2014 Taxes of Def. Paradise Entm't Grp., Inc., Ex. 69 to Pls.' Summ. J. Mot., ECF No. 132-74 | Relevance; Quasi-privileged document containing confidential information; probative value outweighed by probability of prejudice to the jury |
| **47.** | PEG003287–3294 | Trademark description, Ex. 72 to Pls.' Summ. J. Mot., ECF No. 132-76 | Relevance |

| 48. | PEG001775–76 | Drink menu, Ex. 73 to Pls.' Summ. J. Mot., ECF No. 132-77 | Relevance; Foundation; Authenticity |
|---|---|---|---|
| 49. | ECF No. 132-81 | Def. Paradise Entm't Grp., Inc., Resp. to Req. for Admis. (June 12, 2015), Ex. 78 to Pls.' Summ. J. Mot. | |
| 50. | ECF No. 132-82 | Def. –M- Entm't & Consult. Serv., Inc., Resp. to Req. for Admis. (June 12, 2015), Ex. 79 to Pls.' Summ. J. Mot. | |
| 51. | ECF No. 132-84 | Def. Michael Barney, Sr. Resp. to Req. for Admis. (June 12, 2015), Ex. 81 to Pls.' Summ. J. Mot. | |
| 52. | ECF No. 132-85 | Def. Marvin Brown Resp. to Req. for Admis. (June 12, 2015), Ex. 82 to Pls.' Summ. J. Mot. | |
| 53. | ECF No. 133 | Decl. of Christine Rued in Supp. Pls.' Summ. J. Mot. (July 30, 2015) | Hearsay; Relevance |
| 54. | ECF Nos. 133-1 to -26 | Web pages from http:www.magiccity.com (June 15, 2015), Ex. 71 to Pls.' Summ. J. Mot. | Relevance; foundation; authenticity; best evidence; hearsay |
| 55. | ECF No. 133-27 | Web pages from http:www.magiccity.com (June 15, 2015), Ex. 74 to Pls.' Summ. J. Mot. | Relevance; foundation; authenticity; best evidence; hearsay |
| 56. | ECF No. 133-28 | Web pages from https://www.facebook.com/magiccityatl/photos and https://www.twitter/magiccityatl (June 15, 2015), Ex. | Relevance; foundation; authenticity; best evidence; hearsay |

| | | Ex. 84 to Pls.' Summ. J. Mot. | |
|---|---|---|---|
| **57.** | ECF No. 149-15 | Subpoena to Greenburg Trauig, LLP and Exhibit A, Ex. 85 to Pls. Summ. J. Opp'n | |
| **58.** | ECF No. 149-23 | Atlanta Police Dep't, Adult Entm't Permit Issuance Process, http://www.atlantapd.org/ Adultentertainementpermits.aspx (Aug. 24, 205), Ex. 93 to Pls.' Summ. J. Opp'n | Foundation; authenticity; relevance |
| **59.** | | List of all permitted entertainers at Magic City (May 1, 2014) (sent to defendants June 27, 2014) | Hearsay; best evidence |
| **60.** | NKA0002693–98 | Letter from M. Bryant, Atlanta Police Dep't to R. Bailey (Jun 7, 2016), enclosing permit records | |
| **61.** | | Summary Exhibit summarizing sign-in sheets | Hearsay; best evidence; foundation; authenticity |
| **62.** | PEG000445–1767; PEG002545–3187 | Compiled Sign-in Sheets | |
| **63.** | NKA00001357–1407 | Pl. Journigan's Journal | Hearsay |
| **64.** | NKA0001729–34 | Text messages | Foundation; authenticity; hearsay; best evidence |
| **65.** | NKA0001659–71 | Text messages | Foundation; authenticity; hearsay; best evidence |

| 66. | NKA0000160–72 | Text messages | Foundation; authenticity; hearsay; best evidence |
|---|---|---|---|
| 67. | NKA0001672–76 | Text messages | Foundation; authenticity; hearsay; best evidence |
| 68. | NKA0001647–58 | Text messages | Foundation; authenticity; hearsay; best evidence |
| 69. | NKA0000159 | Text messages | Foundation; authenticity; hearsay; best evidence |
| 70. | NKA0001642 | Photo of Dance Fee picture | Foundation; authenticity; hearsay |
| 71. | NKA0001643 | Photo of Dance Rental Fee | Foundation; authenticity; hearsay |
| 72. | NKA0001644 | Photo of Memo (Sept. 23, 2013) | Foundation; authenticity; hearsay |
| 73. | NKA0001645 | Photo of Dance Rental Fee (starts Jan. 27, 2014) | Foundation; authenticity; hearsay |
| 74. | NKA0001646 | Photo of Shift Rules (starts Jan. 27, 2014) | Foundation; authenticity; hearsay |
| 75. | PEG001799–805 | Email from Velma Gayle to Suzenne Arpin (July 2, 2012), with attachments: Activity_and_facilityUse_agreement_-_vR, | Foundation; authenticity; hearsay |

| | | | |
|---|---|---|---|
| | | Magic_City_-_Indpeendent_Contractor_Agreement_-_vR | |
| **76.** | PEG001808–09 | Email from Suzanne Arpin to Michael Barney, Sr. (July 13, 2012) | Foundation; authenticity; hearsay |
| **77.** | PEG001820 | Email from Suzanne Arpin to Michael Barney, Sr. (July 18, 2012) | Foundation; authenticity; hearsay |
| **78.** | PEG001859–62 | Email from Katrina Smith to Suzanne Arpin (July 26, 2012) | Foundation; authenticity; hearsay |
| **79.** | NKA0001973–75 | Expense notes | Foundation; authenticity; hearsay |
| **80.** | PEG000013–26 | Activity & Facility Use Agreement for Raven Bankston with attachments A–D (May 13, 2013) | Foundation; authenticity |
| **81.** | PEG000029–57 | Activity & Facility Use Agreement for Tiffany Bennett with attachments A–D (July 27, 2012), Independent Contract Agreement, with day-shift only, verification form, non-compete, information sheet, check on, Evaluation, excellent attitude, Magic City Independent Contractor Rules, rules & policies requirements (Sept. 28, 2010), permit request (Sept. 14, 2010) | Foundation; authenticity; completeness; hearsay; relevance |
| **82.** | PEG000058–77 | Independent Contract Agreement for Angela Glass, with Dancer orientation, Information Sheet, Magic City Violation List, Magic City Independent Contractor Rules, Rules & Policies, Information Sheet, | Foundation; authenticity; completeness; hearsay; relevance |

| | | check one, evaluation, excellent attitude, non-compete (Oct. 6, 2010) | |
|---|---|---|---|
| **83.** | PEG000079–90 | Independent Contractor Agreement for Stephanie Howard (Oct. 21, 2005), with Permit Request (Oct. 6, 2010), Magic City Dance Rules, Definitions of Customer Service, Magic City Violation List, excellent attitude, new hire requirements (Oct. 21, 2008), Dance Fee, application | Foundation; authenticity; completeness; hearsay; relevance |
| **84.** | PEG000095–105 | Activity & Facility Use Agreement for Brittany Love, with attachments A–D (July 2, 2013) | Foundation; authenticity |
| **85.** | PEG000108–17 | Activity & Facility Use Agreement for Armie Auxtero, with attachments A–C (June 2014) | Foundation; authenticity; completeness |
| **86.** | PEG000118–27 | Activity & Facility Use Agreement for Crystal Mohan, with attachments A–C (May 10, 2013) | Foundation; authenticity; completeness |
| **87.** | PEG000129–37 | Activity & Facility Use Agreement for Leah Nelson, with attachments A–B (Oct. 22, 2014) | Foundation; authenticity; completeness |
| **88.** | PEG000140–70 | Activity & Facility Use Agreement for Patrice Noble, with attachments A–C, (Aug. 5, 2012), Mem. from Michael Barney to Entertainers (Nov. 19, 2012), Independent Contract Agreement, with Welcome to Magic City, Dancer Orientation, Magic City Independent Contractor Rules, Rules and Policies, Information Sheet, check one, Evaluation, excellent attitude, non-compete, New Hire Requirements, (Nov. | Foundation; authenticity; completeness; hearsay; relevance |

| | | 8, 2010), Permit Request (Sept. 20, 2010) | |
|---|---|---|---|
| **89.** | PEG000171–80 | Independent Contract Agreement for Sashe Omagiate, with Evaluation, check one, excellent attitude, non-compete, New Hire Requirements (Nov. 14, 2011) | Foundation; authenticity; completeness; hearsay |
| **90.** | PEG000182–92 | Activity & Facility Use Agreement for Glynnis Pittman, with attachments A–D (July 27, 2012) | Foundation; authenticity |
| **91.** | PEG000195–208 | Activity & Facility Use Agreement for Brittany Robinson, with attachments A–C (Apr. 9, 2014), contractor profile, Independent Contractor Agreement (May 14, 2012) | Foundation; authenticity; completeness |
| **92.** | PEG000210–19 | Activity & Facility Use Agreement for Gera Robinson, with attachments A–C (Aug. 5, 2012) | Foundation; authenticity; completeness |
| **93.** | PEG000221–37 | Independent Contract Agreement for Summer Sales, (Aug. 28, 2009), Permit Request (Aug. 19, 2010), Permit Request (Aug. 21, 2009), Information Sheet, Proof of Employment, Information Sheet, Advertising & Promotion Agreement, New Hire Requirements, Employee Evaluation, non-compete, Dancer Orientation, Official Code of Georgia, City of Atlanta Ordinances | Foundation; authenticity; completeness; hearsay; relevance |
| **94.** | PEG000240–77 | Activity & Facility Use Agreement for Arketa Smith, with attachments A–C (Aug. 5, 2012), Contractor Profile, Independent Contractor Agreement (June 2012), schedule, authorization form, Dancer | Foundation; authenticity; completeness; hearsay; relevance |

| | | | |
|---|---|---|---|
| | | Orientation (June 23, 2011), Information Sheet, Rules and Policies Requirements, Magic City Independent Contractor Rules, check one, Information Sheet, Evaluation, excellent attitude, non-compete, New Hire Requirements, Independent Contract Agreement (June 23, 2011), Dance Rental Fee, Mem. from Michael Barney to Entertainers (Nov. 19, 2012) | |
| 95. | PEG000278–97 | Independent Contract Agreement for Precious Stephens (Jan. 5, 2012), Dancer Orientation, Information Sheet, Rules and Policies, Magic City Independent Contractor Rules, check one, Information Sheet, Evaluation, excellent attitude, non-compete, New Hire Requirements | Foundation; authenticity; completeness; hearsay; relevance |
| 96. | PEG00298–317 | Independent Contract Agreement (Oct. 13, 2011), Dancer Orientation, Information Sheet (Oct. 14, 2011), Rules and Policies, Magic City Independent Contractor Rules, check one, Information Sheet, Evaluation, excellent attitude, non-compete, New Hire Requirements | Foundation; authenticity; completeness; hearsay; relevance |
| 97. | PEG00320–331 | Activity & Facility Use Agreement for Brianna Taylor, with attachments A–D (June 20, 2013) | Foundation; authenticity |
| 98. | PEG00332–35 | Independent Contractor Agreement for Jamie Taylor (Nov. 16, 2012), with Contractor Profile | Foundation; authenticity |
| 99. | PEG00336–45 | Activity & Facility Use Agreement for Lantanjula | Foundation; authenticity; |

| | | Thomas, with attachments A–C (Aug. 5, 2012) | completeness; |
|---|---|---|---|
| **100.** | PEG00346–59 | Activity & Facility Use Agreement for Sheena Tinsley, with attachments A–D (Aug. 5, 2013) | Foundation; authenticity |
| **101.** | PEG00360–69 | Activity & Facility Use Agreement for Keira Vaughan, with attachments A–C (Aug. 5, 2012) | Foundation; authenticity |
| **102.** | PEG00370–89 | Independent Contract Agreement for Quiona Wagner (Oct. 22, 2011), with Dancer Orientation, Information Sheet, Rules and Policies, Magic City Independent Contractor Rules, check one, Information Sheet, Evaluation, excellent attitude, non-compete, New Hire Requirements | Foundation; authenticity; completeness; hearsay; relevance |
| **103.** | PEG00390–94 | Independent Contractor Agreement for Eryn Watkins (undated), with Contractor Profile | Foundation; authenticity |
| **104.** | PEG00395–414 | Independent Contract Agreement for Courtney Whitehead (Dec. 12, 2011), with Dancer Orientation, Information Sheet, Rules and Policies, Magic City Independent Contractor Rules, check one, Information Sheet, Evaluation, excellent attitude, non-compete, New Hire Requirements | Foundation; authenticity; completeness; hearsay; relevance |
| **105.** | PEG00415–24 | Activity & Facility Use Agreement for Jacqueline Woodard, with attachments A–C (Aug. 5, 2012) | Foundation; authenticity; completeness |
| **106.** | PEG00425–44 | Independent Contract Agreement for Sorel Woods, with attachments A–C (July 8, 2011), Dancer | Foundation; authenticity; completeness; hearsay; |

| | | Orientation, New Hire Requirements, non-compete, excellent attitude, Information Sheet, Rules and Policies, Magic City Independent Contractor Rules, Evaluation, check one | relevance |
|---|---|---|---|
| **107.** | | *Thornton v. Crazy Horse, Inc.*, 2012 WL 2175753 (D. Alaska June 14, 2012) | Relevance; Probative value outweighed by potential for prejudice; |
| **108.** | | *Clincy v. Galardi S. Enter., Inc.*, 808 F. Supp. 2d 1326 (N.D. Ga. 2011) | Relevance; Probative value outweighed by potential for prejudice; |
| **109.** | | *Thompson v. Linda and A., Inc.*, 779 F. Supp. 2d 139 (D.D.C. 2011) | Relevance; Probative value outweighed by potential for prejudice; |
| **110.** | | *Morse v. Mer Corp.*, 2010 WL 2346334 (S.D. Ind. June 4, 2010) | Relevance; Probative value outweighed by potential for prejudice; |
| **111.** | | *Reich v. Priba Corp.*, 890 F. Supp. 586 (N.D. Tex. 1995) | Relevance; Probative value outweighed by potential for prejudice; |
| **112.** | | *Martin v. Priba Corp.*, 1992 WL 486911 (N.D. Tex. Nov. 6, 1992) | Relevance; Probative value outweighed by potential for prejudice; |
| **113.** | | *Martin v. Circle C Invest., Inc.*, 1991 WL 338239 | Relevance; Probative |

| | | | |
|---|---|---|---|
| | | (W.D. Tex. Mar. 27, 1991) | value outweighed by potential for prejudice; |
| **114.** | | *Donovan v. Tavern Talent & Placements, Inc.*, 1986 WL 32746 (D. Colo. Jan 8, 1986) | Relevance; Probative value outweighed by potential for prejudice; |
| **115.** | | *Jeffcoat v. Alaska Dep't of Labor*, 732 P.2d 1073 (Alaska 1987) | Relevance; Probative value outweighed by potential for prejudice; |
| **116.** | | *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901 (S.D.N.Y. 2013) | Relevance; Probative value outweighed by potential for prejudice; |
| **117.** | | *Verma v. 3001 Castor, Inc.*, 2014 WL 2957453 (E.D. Pa. June 30, 2014) | Relevance; Probative value outweighed by potential for prejudice; |
| **118.** | | *Collins v. Barney's Barn, Inc.*, 2013 WL 11457080 (E.D. Ark., Nov. 14, 2013) | Relevance; Probative value outweighed by potential for prejudice; |
| **119.** | | *Stevenson v. Great Am. Dream, Inc.*, 2013 WL 6880921 (N.D. Ga. Dec. 31, 2013) | Relevance; Probative value outweighed by potential for prejudice; |
| **120.** | | *Berry v. Great Am. Dream, Inc.*, 2014 WL 5822691 (N.D. Ga. Nov. 10, 2014) | Relevance; Probative value outweighed by potential for prejudice; |

| | | | |
|---|---|---|---|
| **121.** | | *Mason v. Fantasy, LLC*, 2015 WL 4512327 (D. Colo. July 27, 2015) | Relevance; Probative value outweighed by potential for prejudice; |
| **122.** | | Def. Paradise Entm't Grp., Inc. Ans. to Interrogs., Set I (Jan. 5, 2015) | |
| **123.** | | Def. Paradise Entm't Grp., Inc. Supp. Ans. to Interrogs., Set I (Apr. 24, 2015) | |
| **124.** | | Def. Paradise Entm't Grp., Inc. Supp. Ans. to Interrogs., Set I (June 1, 2015) | |
| **125.** | | Def. Paradise Entm't Grp., Inc. Ans. to Interrogs, Set II (June 12, 2015) | |
| **126.** | | Def. Brown Ans. to Interrogs., Set I (June 12, 2015) | |
| **127.** | | Def. M-Entm't & Consult. Serv. Inc. Ans. to Interrogs., Set I (June 12, 2015) | |
| **128.** | | Def. Barney Ans. to Interrogs., Set I (June 12, 2015) | |
| **129.** | ECF No. 1-1 | Pl. Sashe Omogiate Consent Form | |
| **130.** | ECF No. 1-1 | Pl. Jacqueline Woodard Consent Form | |
| **131.** | ECF No. 1-1 | Pl. Keira Vaughan Consent Form | |
| **132.** | ECF No. 3 | Pl. Kristin Journigan Consent Form | |

| | | | |
|---|---|---|---|
| **133.** | ECF No. 9 | Pl. Makeda Roots Consent Form | |
| **134.** | ECF No. 11 | Pl. Tamecia Pace Consent Form | |
| **135.** | ECF No. 20 | Pl. Precious Stephens Kelly Consent Form | |
| **136.** | ECF No. 23 | Pl. Summer Sales Consent Form | |
| **137.** | ECF No. 24 | Pl. Glynnis Pittman Consent Form | |
| **138.** | ECF No. 24 | Pl. Tulethia Hambrick Consent Form | |
| **139.** | ECF No. 26 | Pl. Sabrina Lopes Consent Form | |
| **140.** | ECF No. 26 | Pl. Crystal Mohan Consent Form | |
| **141.** | ECF No. 28 | Pl. Takieron Davis Consent Form | |
| **142.** | ECF No. 30 | Pl. Erica Tarver Consent Form | |
| **143.** | ECF No. 31 | Pl. Christina Charles Consent Form | |
| **144.** | ECF No. 31 | Pl. Patrice Noble Consent Form | |
| **145.** | ECF No. 32 | Pl. Raven Bankston Consent Form | |
| **146.** | ECF No. 33 | Pl. Quiona Wagner Consent Form | |
| **147.** | ECF No. 33 | Pl. Larissa M. Castro Consent Form | |
| **148.** | ECF No. 34 | Pl. Lindsay Hardin Consent Form | |

| | | | |
|---|---|---|---|
| **149.** | ECF No. 35 | Pl. Gera Robinson Consent Form | |
| **150.** | ECF No. 37 | Pl. Brittany Robinson Consent Form | |
| **151.** | ECF No. 38 | Pl. Courtney Whitehead Consent Form | |
| **152.** | ECF No. 39 | Pl. Arketa Smith Consent Form | |
| **153.** | ECF No. 39 | Pl. Sheena Tinsley Consent Form | |
| **154.** | ECF No. 40 | Pl. Jasmine Tate Consent Form | |
| **155.** | ECF No. 40 | Pl. Sorel Woods Consent Form | |
| **156.** | ECF No. 40 | Pl. Astin Currie Consent Form | |
| **157.** | ECF No. 41 | Pl. Armie Auxtero Consent Form | |
| **158.** | ECF No. 42 | Pl. Brittany Love Consent Form | |
| **159.** | ECF No. 42 | Pl. Eryn Watkins Consent Form | |
| **160.** | ECF No. 43 | Pl. Angela Glass Consent Form | |
| **161.** | ECF No. 190 | The Court's Summary Judgment Order (Mar. 15, 2016) | |
| **162.** | | Tammy Joyner, Dancers Feel Pinch of Run-Ins with Police, Legal Battles, *Atl. J.-Const.* (Feb. 8, 2010) | Relevance; Hearsay, Probative value outweighed by potential for prejudice; |

| | | | |
|---|---|---|---|
| **163.** | | Harry Bradford, Atlanta's Club Onyx Strippers Win $1.55 Million Settlement for Unpaid Wages, *Huffington Post* (June 18, 2012) | Relevance; Hearsay, Probative value outweighed by potential for prejudice; |
| **164.** | | Marcus K. Garner, Dancers File Class Action Suit Against Atlanta Strip Club, *Atl. J.-Const.* (Nov. 6, 2013) | Relevance; Hearsay, Probative value outweighed by potential for prejudice; |
| **165.** | | Rodney Thrash, Judge: Pin Ups Strippers are Employees, Not Independent Contractors, *Atl. J.-Const.* (Jan. 3, 2014) | Relevance; Hearsay, Probative value outweighed by potential for prejudice; |
| **166.** | | Marcus K. Garner, Dancers Sue NE Atlanta Strip Club Alleging Labor Violations; 'Kick-Backs', *Atl. J.-Const.* (Jan. 14, 2014) | Relevance; Hearsay, Probative value outweighed by potential for prejudice; |
| **167.** | | Christopher Seward, Strip Club Dancers Going to Court Over Pay Issues, *Atl. J-Const.* (Feb. 13, 2014) | |
| **168.** | NKA0001816–32 | Pl. Journigan's Calendar | |
| **169.** | PEG002407–16 | Financial Spreadsheets | Relevance |
| **170.** | PEG002417–28 | Financial Spreadsheets | Relevance |
| **171.** | PEG002429–40 | Financial Spreadsheets | Relevance |

| **172.** | PEG002441–53 | Financial Spreadsheets | Relevance |
| **173.** | PEG002454–57 | Financial Spreadsheets | Relevance |

   Plaintiffs may request the right to supplement and/or amend these disclosures to include inadvertent omissions, demonstrative and summary exhibits, and/or documents to be used for impeachment and/or rebuttal up until and through the trial of this case.

# ATTACHMENT G-2

# Defendants' Exhibit List

**ATTACHMENT G-2**

**Defendants' Exhibit List**

| Ex # | Identifier | Description | Plaintiffs' Objections |
|------|-----------|-------------|------------------------|
| 1. | Pl. Dep. Ex. 2 | Independent Contract Agreement and onboarding paperwork for Sasha Omogiate. | |
| 2. | Pl. Dep. Ex. #6 PEG001768 | Rules and Regulations. | |
| 3. | Pl. Dep. Ex. #9 NKA000161-171 | Activity and Facility Use Agt. Jaqueline Woodard Dep. | |
| 4. | Pl. Dep. Ex. #10 PEG001777-1783 | Email dated 6/17/12 to Suzanne Arpin from Chernita Zachary, with attachments. | Foundation |
| 5. | Def. Dep. Ex. #11 | Letter from Freed to Bailey, dated 12/16/14, with Attachment of Defendant's Offer of Judgment. | Relevancy, R. 403/prejudicial, R. 408 offer/Rule 68(b), hearsay, foundation, completeness |
| 6. | Def. Dep. Ex #12 | Letter dated 1/16/15 with Attachment of Defendant's Second and Clarified Offer of Judgment. | Relevancy, R. 403/prejudicial, R. 408 offer/Rule 68(b), hearsay, foundation, completeness |
| 7. | Def. Dep. Ex #14 | Activity and Facility Use Agreement Keira Vaughan. | |
| 8. | Def. Dep. Ex #15 | Keira Vaughan's Answers to Interrogatories. | Hearsay, and portions under relevancy,  R. 403/prejudicial, |

| | | | character evidence, confidential |
|---|---|---|---|
| 9. | Def. Dep. Ex. #16 | Excerpt from Makeda Roots' Interrogatory Answers. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 10. | Def. Dep. Ex. #17 | Makeda Roots' Answers to Interrogatories. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 11. | Def. Dep. Ex. #18 | Makeda Root's Resp. to Def. Req. for Admissions. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 12. | Def. Dep. Ex. #19 | Excerpt Interrogatory #14. Jacqueline Woodard. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 13. | Def. Dep. Ex. #20 | Jaqueline Woodard's Answers to Interrogatories. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 14. | Def. Dep. Ex. #21 | Jaqueline Woodward's Response. to Def. Req. for Admission. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 15. | Def. Dep. Ex. #23 | 2011 Federal Tax Returns for Precious Stephens. | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 16. | Def. Dep. Ex. #24 | Independent Contractor Agreement Precious Stephens. | |
| 17. | Def. Dep. Ex. #25 | Precious Stephen's Personnel File including onboarding documents | |

| | | and independent contractor agreement. | |
|---|---|---|---|
| 18. | Def. Dep. Ex. #27 | Email from Defendants to Plaintiffs' Counsel dated 5/15/15, attaching Declaration of Suzanne Arpin. | Hearsay, foundation |
| 19. | Def. Dep. Ex. #28 | Email from Defendants to Plaintiffs' Counsel dated 5/15/15, attaching declaration of Katrina Smith and exhibits. | Hearsay, foundation |
| 20. | Def. Dep. Ex. # 29 | Activity and Facility Use Agreement for Armie Auxtero. | |
| 21. | Def. Dep. Ex. #30 | Personnel file including independent contractor agreement for Tiffany Bennet. | |
| 22. | Def. Dep. Ex. #31 | Independent Contractor agreement for Stephanie Howard. | |
| 23. | Def. Dep. Ex. #32 | Independent Contractor for Brittany Robinson. | |
| 24. | Def. Dep. Ex. #33 | Email from Treece to Arpin, dated 6/27/12 re: Pole dancing and Independent Contract Disclaimer with Activity and Facility Use Agt. attached. | Foundation |
| 25. | Def. Dep. Ex. #34 | Email from Velma Gayle to Arpin, | Foundation |

|   |   | | |
|---|---|---|---|
|   |   | dated 7/2/12 re: Pole Documents with Activity and Facility Use Agreement. |   |
| 26. | Def. Dep. Ex. #35 | Email from Arpin to Magic City, dated 7/13/12, re: draft agreement, with Activity and Facility Use Agreement attached. | Foundation |
| 27. | Def. Dep. Ex. #36 | Email from Katrina Smith to Arpin, dated 7/9/12, re: Magic City Dance Fees, with Dance Fee Agreement attached. | Foundation |
| 28. | Def. Dep. Ex. #37 | Email from Arpin to Magic City and Katrina Smith, dated 7/23/12, re: fee schedule with Activity and Facility Use Agreement attached. | Foundation |
| 29. | Def. Dep. Ex. #38 | Email from Arpin to Katrina Smith, dated 7/23/12, re: revised Activity Agreement, with Activity and Facility Use Agreement attached. | Foundation |
| 30. | Def. Dep. Ex. #39 | Email from Arpin to Katrina Smith, dated 7/26/12, re: Fee Schedule with Activity and Facility Use Agreement attached. | Foundation |
| 31. | Def. Dep. Ex. #41 | Invoice, dated 7/13/12 to Paradise Entertainment Group from Thompson Hine. | Foundation |

| 32. | Def. Dep. Ex. #42 | Invoice, dated 8/1012 to Paradise Entertainment Group from Thompson Hine. | Foundation |
|---|---|---|---|
| 33. | Pl. Dep. Ex. #43 | Fax to Roberts from Marvin Brown, dated 2/3/04, with Independent Contractor Agreement form attached. | Foundation |
| 34. | Def. Dep. Ex. #44 | Copy of Harold v Diamond Lawsuit case. | |
| 35. | Def. Dep. Ex. #45 | Law Review Article. | |
| 36. | Def. Dep. Ex. #46 | Email with Declaration of David Roberts. | Hearsay, foundation |
| 37. | Def. Dep. Ex. #49 | Michael Barney Declaration with cover email. | Hearsay, foundation |
| 38. | Def. Dep. Ex. #51 | Hambrick's Resp. To Def.'s Req. for the Prod. of Docs. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 39. | Def. Dep. Ex. #53 | Lopes' Resp. to Def.'s Req. for the Prod. of Docs. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 40. | Def. Dep. Ex. #55 | Federal Income Tax Documents produced by Lindsay Hardin. | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 41. | Def. Dep. Ex. #56 | Federal Income Tax Documents produced by Lindsay Hardin. | Relevancy, R. 403/prejudicial, character evidence, confidential |

| 42. | Def. Dep. Ex. #57 | Hardin's Resp. to Def.'s Req. for the Prod. of Docs. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidentiality |
| 43. | Def. Dep. Ex. #59 | Copy of Permit. Armie Auxtero. | Foundation |
| 44. | Def. Dep. Ex. #60 | Activity and Facility Use Agreement Armie Auxtero . | |
| 45. | Def. Dep. Ex. #61 | Resp. to Def.'s Req. for the Prod. of Docs. Armie Auxtero. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidentiality |
| 46. | Def. Dep. Ex. #63 | Kristin Journigan's Redacted Calendar. | |
| 47. | Def. Dep. Ex. #64 NKA0001677 through NKA0001727 | Kristin Journigan's Journal records & Notes. | |
| 48. | Def. Dep. Ex. # 66 | Howard's Resp. to Def.'s Req. for the Prod. of Docs. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidentiality |
| 49. | Def. Dep. Ex. #67 | Stephanie Howard's Independent Contractor Agreement. | |
| 50. | Def. Dep. Ex. #68 | Stephanie Howard onboarding documents. | |
| 51. | Def. Dep. Ex. #69 | Astin Currie's answers to Individualized Request for | Hearsay, and portions under relevancy,  R. 403/prejudicial, |

| | | Admissions. | character evidence, confidentiality |
|---|---|---|---|
| 52. | Def. Dep. Ex. #70 | Answers to Individualized Admissions per 5/11/15 Order. Danielle Gordon Dep. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidentiality |
| 53. | Def. Dep. Ex. #71 | Answers to Individualized Interr. per 5/11/15 Order. Danielle Gordon Dep. | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidentiality |
| 54. | Def. Dep. Ex. # 73 | Activity and Facility Use Agreement Glynnis Pittman Dep. | |
| 55. | Def. Dep. Ex. # 74 | Request for Copy of Tax Return. Glynnis Pittman Dep. | Relevancy, R. 403/prejudicial, character evidence, confidentiality |
| 56. | Def. Dep. Ex. # 75 | GA Dept. Revenue Letter. Glynnis Pittman Dep. | Relevancy, R. 403/prejudicial |
| 57. | Def. Dep. Ex. # 76 | Letter, 5/2/16 from Kaster to Freed regarding production of Tax documents. Glynnis Pittman Dep. | Relevancy, R. 403/prejudicial, character evidence, hearsay, foundation, confidentiality |
| 58. | Def Dep. Ex. # 79 | 2011 IRS Tax Return. Tamecia Pace Dep. | Relevancy, R. 403/prejudicial, character evidence, confidentiality |
| 59. | Def. Dep. Ex. #80 | Summons from Credit Union of Atlanta. Arketa Smith Dep. | Relevancy, R. 403/prejudicial, character evidence, foundation, authenticity |
| 60. | Def. Dep. Ex. #81 | Default Judgment. Arketa Smith Dep. | Relevancy, R. 403/prejudicial, character evidence, foundation, authenticity |

| 61. | Def. Dep. Ex. #82 | Case Information. Case # E01162480. Arketa Smith Dep. | Relevancy, R. 403/prejudicial, character evidence, foundation, authenticity |
|---|---|---|---|
| 62. | Def. Dep. Ex. #83 | Case Information. Case # 12vs192217. Arketa Smith Dep. | Relevancy, R. 403/prejudicial, character evidence, foundation, authenticity |
| 63. | Def. Dep. Ex. #86 | Activity and Facility Use Agt. Arketa Smith Dep. | |
| 64. | Def. Dep. Ex. #87 | 2011 Tax Return. Arketa Smith Dep. | Relevancy, R. 403/prejudicial, character evidence, confidentiality |
| 65. | Def. Dep. Ex. #88 | 2012 IRS Tax Return. Arketa Smith Dep. | Relevancy, R. 403/prejudicial, character evidence, confidentiality |
| 66. | Def. Dep. Ex. #89 | 2013 IRS Tax Return. Arketa Smith Dep. | Relevancy, R. 403/prejudicial, character evidence, confidentiality |
| 67. | Def. Dep. Ex. #90 | 2014 IRS Tax Return. Arketa Smith Dep. | Relevancy, R. 403/prejudicial, character evidence, confidentiality |
| 68. | Def. Dep. Ex. #91 | 2014 IRS Tax Return. Patrice Noble Dep. | Relevancy, R. 403/prejudicial, character evidence, confidentiality |
| 69. | Def. Dep. Ex. #92 | Independent Contractor Form Agt. Patrice Noble Dep. | |
| 70. | Def. Dep. Ex. #93 | Amended Initial Disclosures, including Expert Report of Leanne Gould, CPA. Leanne Gould Depo. | Relevancy, R. 403/prejudicial, foundation, untimely produced, improper rebuttal report |
| 71. | Def. Dep. Ex. #94 | Supplemental Report of Leanne | Relevancy, R. 403/prejudicial, |

| | | Gould, CPA. Leanne Gould Depo. | foundation, untimely produced, improper rebuttal report |
|---|---|---|---|
| 72. | Def. Dep. Ex. #95 | Leanne Gould Depo. | Relevancy, R. 403/prejudicial, hearsay, failure to comply with pretrial requirements in paragraph 20 |
| 73. | Def. Ex. #96 | Night Shift Dancer Sign-In Sheets for period 3/1/11-12/30/2011. | |
| 74. | Def. Ex.#97 | Sign-In Sheets produced by Magic City, for period prior to May, 2015. Bates No. PEG 000445-1767, PEG 2407-2457, PEG 002545-3245. | |
| 75. | | Declaration of Alexander Wise Pertaining to Plaintiff's Summary of Evidence, including exhibits. | If this refers to the declaration and/or amended declaration attached to Plaintiffs' initial disclosures, then as to relevancy, foundation |
| 76. | | Rental Fee Exhibit to Leanne Gould Report. | Relevancy, R. 403/prejudicial, foundation, untimely produced, improper rebuttal report |
| 77. | | Exhibit to Leanne Gould Report Journigan Calendar, 8/2011-12/2012. | Relevancy, R. 403/prejudicial, foundation, untimely produced, improper rebuttal report |
| 78. | | Exhibit to Leanne Gould Report Journigan Journal. | Relevancy, R. 403/prejudicial, foundation, untimely produced, |

| | | | |
|---|---|---|---|
| | | | improper rebuttal report |
| 79. | | Exhibit to Leanne Gould Report Plaintiff's Supplemental Disclosures. | Relevancy, R. 403/prejudicial, foundation, untimely produced, improper rebuttal report |
| 80. | | Deposition Transcript of: Michael Barney, Sr. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 81. | | Deposition Transcript of: Michael Barney, Jr. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 82. | | Deposition Transcript of:  Takieron Davis. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 83. | | Deposition Transcript of: LeAnn Gould. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 84. | | Deposition Transcript of: Danielle Gordon. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 85. | | Deposition Transcript of: Teluthia Hambrick. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 86. | | Deposition Transcript of: Lindsay Hardin. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |

| 87. | | Deposition Transcript of: Stephanie Howard. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 88. | | Deposition Transcript of: Sabrina Lopes. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 89. | | Deposition Transcript of: Patrice Noble. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 90. | | Deposition Transcript of: Sasha Omogiate. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 91. | | Deposition Transcript of: Tamecia Pace. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 92. | | Deposition Transcript of: Glynnis Pittman. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 93. | | Deposition Transcript of: Makeda Roots. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 94. | | Deposition Transcript of: Arketa Smith. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 95. | | Deposition Transcript of: Keira | Hearsay; failure to comply with |

| | | Vaughan. | pretrial requirements in paragraph 20 |
|---|---|---|---|
| 96. | | Deposition Transcript of: Jacqueline Woodard. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 97. | | Deposition Transcript of: Cherinta Zachary. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 98. | | Deposition Transcript of: Precious Stephens Kelly. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 99. | | Deposition Transcript of: Kristin Journigan | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 100. | | Deposition Transcript of: Takieron Davis | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 101. | | Deposition Transcript of: Maurtise Jordan. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 102. | | Deposition Transcript of: Rosemary Saylors. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 103. | | Deposition Transcript of: David Roberts. | Hearsay; failure to comply with pretrial requirements in paragraph |

| | | | |
|---|---|---|---|
| | | | 20 |
| 104. | | Deposition Transcript of: Suzanne Arpin. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 105. | | Deposition Transcript of: Astin Currie. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 106. | | Deposition Transcript of: Armie Autero. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 107. | | Declaration of Suzanne Arpin, dated May 8, 2015, with Exhibits. | Hearsay, foundation |
| 108. | | Declaration of Michael Barney, April 30th, 2015 | Hearsay, foundation |
| 109. | | Declaration of Ashely Thronson, dated August 24, 2015. | Hearsay, foundation, relevancy |
| 110. | | Declaration of Chernita Zachary, dated February 9th, 2015. | Hearsay, foundation, speculation, relevancy, R. 403/prejudice |
| 111. | | Declaration of Katrina Smith, dated May 11th, 2015. | Hearsay, foundation |
| 112. | | Declaration of JA Schnieder, dated August 17, 2015. | Relevancy, hearsay, foundation, R. 403 prejudice, character evidence |
| 113. | | Declaration of Paul Lukas, dated July 30, 2015, plus exhibits. | Relevancy, R. 403/prejudice, hearsay, character evidence, |

| | | | foundation |
|---|---|---|---|
| 114. | | Declaration of David Allen Roberts, dated April 30, 2015. | Hearsay, foundation |
| 115. | | Declaration of Christine Rued, Dated July 30, 2015. | |
| 116. | Dkt. 1 | Complaint | |
| 117. | Dkt. 6 | Amended Complaint | |
| 118. | Dkt. 8 | Second Amended Collective Action Complaint | |
| 119. | Dkt. 15 | Defendant's Answer to Plaintiff's Second Amended Collective Action Complaint and Affirmative Defenses | |
| 120. | Dkt. 55 | Defendant's Counterclaims, Amended Answer and Affirmative Defenses to Plaintiffs' Second Amended Collective Action Complaint | As to counterclaims, relevancy and R. 403/prejudicial |
| 121. | Dkt. 61 | Plaintiff's Answer to Defendant's Counterclaims | Relevancy, R. 403/prejudicial |
| 122. | Dkt. 71 | Third Amended Collective Action Complaint | |

| 123. | Dkt. 72 | Third Amended Collective Action Complaint | |
|------|---------|-------------------------------------------|--|
| 124. | Dkt. 76 | Defendant's Paradise Entertainment Group, Inc. d/b/a Magic City, -M-Entertainment & Consultant Service, Inc., M Entertainment Properties, LLC, Marvin L. Brown and Michael Barney, Sr.'s Consolidated Answer to Plaintiff's Third Amended Collective Action Complaint | As to counterclaims, relevancy and R. 403/prejudicial |
| 125. | Dkt. 81 | Plaintiffs' Amended Answer to Defendants' Second Amended Counterclaims | Relevancy and R. 403/prejudicial |
| 126. | Dkt. 131 | Plaintiffs' Motion for Partial Summary Judgment | Relevancy, R. 403/prejudicial, hearsay, not best evidence |
| 127. | Dkt. 131-1 | Plaintiffs' Statement of Undisputed Facts | Relevancy, R. 403/prejudicial, hearsay, not best evidence |
| 128. | Dkt. 136 | Defendant's Motion for Summary Judgment | Relevancy, R. 403/prejudicial, hearsay, not best evidence |
| 129. | Dkt. 136-2 | Defendant's Statement of Undisputed Facts | Relevancy, R. 403/prejudicial, hearsay, not best evidence |
| 130. | Dkt. 136-4 | Deposition Excerpts of Marvin L. Brown | Hearsay; failure to comply with pretrial requirements in paragraph 20 |

| 131. | Dkt. 136-5 | Declaration of Chernita L. Zachary | Hearsay, foundation, speculation, relevancy, R. 403/prejudice |
|------|------------|-------------------------------------|----------------------------------------------------------------|
| 132. | Dkt. 136-6 | Deposition Excerpts of Keira Vaughan | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 133. | Dkt. 136-7 | Declaration of Michael Barney, Sr. | Hearsay, foundation |
| 134. | Dkt. 136-10 | Deposition Excerpts of Jacqueline D. Woodard | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 135. | Dkt. 136-12 | Deposition Excerpts of Stephanie Howard | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 136. | Dkt. 136-13 | Deposition Excerpts of Takieron Davis | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 137. | Dkt. 136-14 | Deposition Excerpts of Tulethia Hambrick | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 138. | Dkt. 136-15 | Deposition Excerpts of Precious Stephens Kelly | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 139. | Dkt. 136-16 | Deposition Excerpts of Lindsay Hardin | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 140. | Dkt. 136-17 | Deposition Excerpts of Kristin | Hearsay; failure to comply with |

| | | Journigan | pretrial requirements in paragraph 20 |
|---|---|---|---|
| 141. | Dkt. 136-18 | Deposition Excerpts of Sabrina Lopes | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 142. | Dkt. 136-19 | Deposition Excerpts of Michael Barney, Sr. | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 143. | Dkt. 136-20 | Declaration of David Allen Roberts | Hearsay, foundation |
| 144. | Dkt. 136-21 | Deposition Excerpts of David Allen Roberts | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 145. | Dkt. 136-22 | Declaration of Suzanne Marie Arpin | Hearsay, foundation |
| 146. | Dkt. 136-23 | Deposition Excerpts of Suzanne Marie Arpin | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 147. | Dkt. 136-24 | Deposition Excerpts of Makeda Roots | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 148. | Dkt. 139-1 | Declaration of Katrina Smith | Hearsay, foundation |
| 149. | Dkt. 139-2 | Deposition Excerpts of Armie Auxtero | Hearsay; failure to comply with pretrial requirements in paragraph 20 |
| 150. | Dkt. 169 | Defendant's Reply in Support of | Relevancy, R. 403/prejudicial, |

| | | Motion for Summary Judgment | hearsay, best evidence rule |
|---|---|---|---|
| 151. | Dkt. 171 | Defendant's Response to Plaintiff's Statement of Additional Facts | Relevancy, R. 403/prejudicial, hearsay, best evidence rule |
| 152. | | 2014-12-29 Ltr from R. Bailey re Rule 68 Offer and Amended Answer | Relevancy, R. 403/prejudicial, R. 408 offer/Rule 68(b), hearsay, foundation, completeness |
| 153. | | Arketa Smith 2011 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 154. | | Arketa Smith 2011-2014 GA and IRS Requests for Copies of Income Tax Returns | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 155. | | Arketa Smith 2012 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 156. | | Arketa Smith 2013 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 157. | | Arketa Smith 2014 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 158. | | Christina Charles 2013 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 159. | | Christina Charles GA Request for Copy of Income Tax Return and Response | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 160. | | Crystal Mohan 2013 IRS Return Requet | Relevancy, R. 403/prejudicial, character evidence, confidential |

| 161. | | Crystal Mohan 2013 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
|---|---|---|---|
| 162. | | Erica Tarver 2011 Federal Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 163. | | Erica Tarver 2012 Federal Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 164. | | Erica Tarver 2013 Federal Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 165. | | Eryn Watkins 2011 California Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 166. | | Eryn Watkins IRS Request for Copy of Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 167. | | Glynnis Pittman 2012 Federal Income Tax Return Transcript | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 168. | | Glynnis Pittman 2013 Federal Income Tax Return Transcript | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 169. | | Glynnis Pittman Requests for 2011, 2013 Georgia Income Tax Returns. | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 170. | | Glynnis Pittman Requests for IRS Returns, Verfication and 3rd Party Rejection Notice. | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 171. | | Jacqueline Woodard 2011 GA Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 172. | | Jacqueline Woodard 2012 GA Tax | Relevancy, R. 403/prejudicial, |

| | | Return | character evidence, confidential |
|---|---|---|---|
| 173. | | Jacqueline Woodard 2013 GA Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 174. | | Kiera Vaughan 2013 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 175. | | Kristin Journigan  2012 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 176. | | Lindsay Hardin 2011 IRS Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 177. | | Lindsay Hardin 2012 IRS Tax Return Transcript | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 178. | | Lindsay Hardin 2013 IRS Tax Return Transcript | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 179. | | Makeda Roots 2009+ Request, Response, and 2009 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 180. | | Makeda Roots 2010 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 181. | | Makeda Roots 2011 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 182. | | Makeda Roots 2013 Federal Income Tax Return Transcript | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 183. | | Patrice Nobel 2014 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |

| 184. | | Precious Stephens 2011 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
|---|---|---|---|
| 185. | | Precious Stephens 2012 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 186. | | Rebekah Bailey Atlanta Adult License Request and License Spreadsheet | |
| 187. | | Rebekah Bailey IRS 3rd Party Rejection Notices and Request for Copy of Income Tax Return Responses | Relevancy, R. 403/prejudicial, character evidence, foundation, confidential |
| 188. | | Sabrina Lopes 2007 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 189. | | Sabrina Lopes 2008 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 190. | | Sabrina Lopes 2009 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 191. | | Sabrina Lopes 2013 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 192. | | Sabrina Lopes GA Request for Copy of Income Tax Return & 2006 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 193. | | Sabrina Lopes Power of Atty GA and IRS Requests for Copies of Income Tax Returns | Relevancy, R. 403/prejudicial, character evidence, confidential |

| 194. | | Sasha Omogiate 2012 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
|---|---|---|---|
| 195. | | Sasha Omogiate 2013 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 196. | | Sasha Omogiate 2014 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 197. | | Sasha Omogiate Georgia Income Tax Request for Copy of Income Tax Return Response | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 198. | | Sorel Woods 2011+ Georgia Income Tax Return Request | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 199. | | Stephanie Howard 2009-2012 Georgia Income Tax Return Request and 2009 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 200. | | Stephanie Howard 2010 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 201. | | Stephanie Howard 2010 W-2 | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 202. | | Stephanie Howard 2011 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 203. | | Stephanie Howard 2012 Georgia Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 204. | | Summer Sales 2012 Georgia | Relevancy, R. 403/prejudicial, |

| | | Income Tax Return | character evidence, confidential |
|---|---|---|---|
| 205. | | Takieron Davis 2010 IRS Tax Return Transcript | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 206. | | Takieron Davis 2011 IRS Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 207. | | Takieron Davis 2012 IRS Tax Return Transcript | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 208. | | Takieron Davis 2012 IRS Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 209. | | Takieron Davis 2013 IRS Tax Return Request and Rejection Notice | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 210. | | Takieron Davis IRS 3rd Party Rejection Notice | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 211. | | Takieron Davis IRS Requests for Copies of Income Tax Returns and Rejection Notice | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 212. | | Tamecia Pace 2011 Federal Income Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 213. | | Tamecia Pace 2012 Tax Returns | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 214. | | Tulethia Hambick 2001+ Georgia Income Tax Return Request Response | Relevancy, R. 403/prejudicial, character evidence, confidential |

| 215. | | Tulethia Hambick 2002 W-2 | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 216. | | Tulethia Hambick 2003 GA Tax Return | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 217. | | Tulethia Hambick 2011, 2012 IRS Request for Copy of Income Tax Return & Check | Relevancy, R. 403/prejudicial, character evidence, confidential |
| 218. | | Suzanne Arpin Declaration, 5/8/2015 | Hearsay, foundation |
| 219. | | Angela Glass Independent Contractor Agreement | |
| 220. | | Angela Glass Independent Contractor Rules, Signed | |
| 221. | | Arketa Smith Facility Use Agreement | |
| 222. | | Arketa Smith Independent Contractor Agreement, June 23, 2011 | |
| 223. | | Arketa Smith Independent Contract Agreement June 2012 | |
| 224. | | Arketa Smith Independent Contractor Rules | |
| 225. | | Armie Auxtero Independent Contractor Agreement, 6/26/2012 | |

| 226. | | Armie Auxtero Facility Use Agreement, 5/15/2014 | |
| 227. | | Armie Auxtero - Adult Entertainment License | |
| 228. | | Armie Auxtero - Photo with cash Tips | Relevancy, R. 403/prejudicial, foundation, authenticity, vague, not previously produced |
| 229. | | Astin Currie - Photos with Cash Tips | Relevancy, R. 403/prejudicial, foundation, authenticity, vague, not previously produced |
| 230. | | Brianna Taylor Facility Use Agreement | |
| 231. | | Brittany Love Facility Use Agreement | |
| 232. | | Brittany Robinson Facility Use Agreement | |
| 233. | | Brittany Robinson Independent Contractor Agreement | |
| 234. | | Brittany Robinson Photo with Cash Tips | Relevancy, R. 403/prejudicial, foundation, authenticity, vague, not previously produced |
| 235. | | Courtney Whitehead Independent Contractor Agreement | |
| 236. | | Courtney Whitehead Independent | |

| | | | |
|---|---|---|---|
| | | Contractor Rules, Signed | |
| 237. | | Crystal Mohan Facility Use Agreement | |
| 238. | | Erica Tarver Independent Contractor Agreement | |
| 239. | | Erica Tarver Independent Contractor Rules | |
| 240. | | Gera Robinson Facility Use Agreement | |
| 241. | | Glynnis Pittman Facility Use Agreement | |
| 242. | | Jacqueline Woodard Facility Use Agreement | |
| 243. | | Keira Vaughan Facility Use Agreement | |
| 244. | | Precious Stephens Independent Contractor Agreement | |
| 245. | | Precious Stephens Independent Contractor Rules, Signed | |
| 246. | | Quiona Wagner Independent Contractor Rules, Signed | |
| 247. | | Quiona Wawner Independent Contractor Agreement | |

| 248. | | Raven Bankston Adult Entertainment License W | |
| 249. | | Raven Bankston Facilities Use Agreement | |
| 250. | | Sashe Omogiate Independent Contractor Agreement | |
| 251. | | Sheena Tinsley Facility Use Agreement | |
| 252. | | Sorel Woods Independent Contractor Agreement | |
| 253. | | Sorel Woods Independent Contractor Rules, Signed | |
| 254. | | Stephanie Howard Independent Contractor Agreement | |
| 255. | | Stephanie Howard Independent Contractor Rules, Signed | |
| 256. | | Summer Sales Independent Contractor Agreement | |
| 257. | | Takieron Davis Facilities Use Agreement | |
| 258. | | Takieron Davis Independent Contractor Agreement | |
| 259. | | Takieron Davis Independent Contractor Rules, Signed | |

| | | | |
|---|---|---|---|
| 260. | | Watkins Independent Contractor Agreement | |
| 261. | | Armie Auxtero Personnel File | Vague as identified |
| 262. | | Raven Bankston Personnel File | Vague as identified |
| 263. | | Larissa Castro Personnel File | Vague as identified, not produced |
| 264. | | Christina Charles Personnel File | Vague as identified, not produced |
| 265. | | Astin Currie Personnel File | Vague as identified, not produced |
| 266. | | Takieron Davis Personnel File | Vague as identified |
| 267. | | Angela Glass Personnel File | Vague as identified |
| 268. | | Danielle Gordon Personnel File | Vague as identified |
| 269. | | Tulethia Hambrick Personnel File | Vague as identified |
| 270. | | Lindsay Hardin Personnel File | Vague as identified, not produced |
| 271. | | Kristin Journigan Personnel File | Vague as identified, not produced |
| 272. | | Sabrina Lopes Personnel File | Vague as identified, not produced |
| 273. | | Brittany Love Personnel File | Vague as identified |
| 274. | | Crystal Mohan Personnel File | Vague as identified |
| 275. | | Patrice Noble Personnel File | Vague as identified |
| 276. | | Sashe Omogiate Personnel File | Vague as identified |
| 277. | | Tamecia Pace Personnel File | Vague as identified, not produced |
| 278. | | Glynnis Pittman Personnel File | Vague as identified |

| 279. | | Brittany Robinson Personnel File | Vague as identified |
|---|---|---|---|
| 280. | | Gera Robinson Personnel File | Vague as identified |
| 281. | | Makeda Roots Personnel File | Vague as identified, not produced |
| 282. | | Summer Sales Personnel File | Vague as identified |
| 283. | | Arketa Smith Personnel File | Vague as identified |
| 284. | | Precious Stephens Kelly Personnel File | Vague as identified |
| 285. | | Erica Tarver Personnel File | Vague as identified |
| 286. | | Jasmine Tate Personnel File | Vague as identified, not produced |
| 287. | | Sheena Tinsley Personnel File | Vague as identified |
| 288. | | Keira Vaughan Personnel File | Vague as identified |
| 289. | | Quiona Wagner Personnel File | Vague as identified |
| 290. | | Eryn Watkins Personnel File | Vague as identified |
| 291. | | Courtney Whiteheed Personnel File | Vague as identified |
| 292. | | Jacqueline Woodard Personnel File | Vague as identified |
| 293. | | Sorel Woods Personnel File | Vague as identified |
| 294. | | Plaintiff Sashe Omogiate's Answers to Defendants' Interrogatories | Hearsay, and portions under relevancy, R. 403/prejudicial, character evidence, confidential |
| 295. | | Plaintiff Sashe Omogiate's Responses to Defendant's Requests for Admission | Hearsay, and portions under relevancy, R. 403/prejudicial, character evidence, confidential |

| 296. | | Plaintiff Makeda Roots' Answers to Interrogatories | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
|---|---|---|---|
| 297. | | Plaintiff Keira Vaughan's Answers to Interrogatories | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 298. | | Plaintiff Jacqueline Woodard's Answers to Interrogatories | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 299. | | Plaintiff Makeda Roots' Responses to Defendant's Requests for Admission | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 300. | | Plaintiff Keira Vaguan's Responses to Defendants' Requests for Admission | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 301. | | Plaintiff Jacqueline Woodard's Responses to Defendant's Requests for Admission | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 302. | | Plaintiff Armie Auxtero's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 303. | | Plaintiff Raven Bankston's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 304. | | Plaintiff Armie Auxtero's Answers | Hearsay, and portions under |

| | | | |
|---|---|---|---|
| | | to Individualized Requests for Admission Pursuant to May 11, 2015 Order | relevancy,  R. 403/prejudicial, character evidence, confidential |
| 305. | | Plaintiff Raven Bankston's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 306. | | Plaintiff Tiffany Bennett's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 307. | | Plaintiff Rebecca Camon's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 308. | | Plaintiff Larissa Castro's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 309. | | Plaintiff Christina Charles' Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 310. | | Plaintiff Astin Currie's Answers to Individualized Requests for Admission Pursuant to May 11, | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |

| | | 2015 Order | |
|---|---|---|---|
| 311. | | Plaintiff Takieron Davis' Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 312. | | Plaintiff Tiffany Bennett's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 313. | | Plaintiff Larissa Castro's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 314. | | Plaintiff Christina Charles' Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 315. | | Plaintiff Astin Currie's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 316. | | Plaintiff Tekieron Davis' Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 317. | | Plaintiff Danielle Gordon's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 318. | | Plaintiff Danielle Gordon's | Hearsay, and portions under |

| | | Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | relevancy,  R. 403/prejudicial, character evidence, confidential |
|---|---|---|---|
| 319. | | Plaintiffs' Responses to Defendants' Collective Requests for Admission to All Plaintiffs Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 320. | | Plaintiff's Responses to Defendants' Collective Interrogatories to All Plaintiffs Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 321. | | Plaintiff Briana Taylor's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 322. | | Plaintiff Brittany Robinson's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 323. | | Plaintiff Gera Robinson's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 324. | | Plaintiff Angela Glass' Answers to Individualized Requests for Admission Pursuant to May 11, | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |

| | | | |
|---|---|---|---|
| | | 2015 Order | |
| 325. | | Plaintiff Shakeelah Graham's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 326. | | Plaintiff Tulethia Hambrick's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 327. | | Plaintiff Lindsay Hardin's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 328. | | Plaintiff Stephanie Howard's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 329. | | Plaintiff Jamie Taylor's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 330. | | Plaintiff Kristin Journigan's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |

| 331. | | Plaintiff Brittany Love's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
|---|---|---|---|
| 332. | | Plaintiff Crystal Mohan's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 333. | | Plaintiff Patrice Noble's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 334. | | Plaintiff Tamecia Pace's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 335. | | Plaintiff Glynnis Pittman's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 336. | | Plaintiff Summer Sales' Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 337. | | Plaintiff Arketa Smith's Answers for Individualized Requests for | Hearsay, and portions under relevancy,  R. 403/prejudicial, |

| | | | |
|---|---|---|---|
| | | Admission Pursuant to May 11, 2015 Order | character evidence, confidential |
| 338. | | Plaintiff Precious Stephens Kelly's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 339. | | Plaintiff Erica Tarver's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 340. | | Plaintiff Jasmine Tate's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 341. | | Plaintiff Lantanjula Thomas' Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 342. | | Plaintiff Sheena Tinsley's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 343. | | Plaintiff Quinoa Wagner's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |

| | | | |
|---|---|---|---|
| 344. | | Plaintiff Eryn Watkins' Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 345. | | Plaintiff Courtney Whitehead's Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 346. | | Plaintiff Sorel Woods' Answers to Individualized Requests for Admission Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 347. | | Plaintiff Sorel Woods' Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 348. | | Plaintiff Jaqueline Woodard's Supplemental Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 349. | | Plaintiff Jaqueline Woodard's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 350. | | Plaintiff Eryn Watkins' Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |

| 351. | | Plaintiff Kiera Vaughan's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
|------|--|--|--|
| 352. | | Plaintiff Kiera Vaughan's Supplemental Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 353. | | Plaintiff Sheena Tinsley's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 354. | | Plaintiff Lantanjula Thomas' Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 355. | | Plaintiff Jasmine Tate's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 356. | | Plaintiff Erica Tarver's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 357. | | Plaintiff Previous Stephen Kelly's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 358. | | Plaintiff Arketa Smith's Answers to Individualized Interrogatories | Hearsay, and portions under relevancy,  R. 403/prejudicial, |

| | | | |
|---|---|---|---|
| | | Pursuant to May 11, 2015 Order | character evidence, confidential |
| 359. | | Plaintiff Summer Sales' Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 360. | | Plaintiff Makeda Roots' Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 361. | | Plaintiff Makeda Roots' Supplemental Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 362. | | Plaintiff Glynnis Pittman's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 363. | | Plaintiff Tameka Pace's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 364. | | Plaintiff Sashe Omogiate's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 365. | | Plaintiff Sashe Omogiate's Supplemental Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 366. | | Plaintiff Patrice Noble's Answers to | Hearsay, and portions under |

| | | Individualized Interrogatories Pursuant to May 11, 2015 Order | relevancy,  R. 403/prejudicial, character evidence, confidential |
|---|---|---|---|
| 367. | | Plaintiff Crystal Mohan's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 368. | | Plaintiff Brittany Love's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 369. | | Plaintiff Kristin Journigan's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 370. | | Plaintiff Stephanie Howard's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 371. | | Plaintiff Lindsay Hardin's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 372. | | Plaintiff Tulethia Hambrick's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 373. | | Plaintiff Shakeelah Graham's Answers to Individualized Interrogatories Pursuant to May 11, | Hearsay, and portions under relevancy,  R. 403/prejudicial, |

| | | 2015 Order | character evidence, confidential |
|---|---|---|---|
| 374. | | Plaintiff Danielle Gordon's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 375. | | Plaintiff Gera Robinson's Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |
| 376. | | Plaintiff Takerion Davis' Answers to Individualized Interrogatories Pursuant to May 11, 2015 Order | Hearsay, and portions under relevancy,  R. 403/prejudicial, character evidence, confidential |

# ATTACHMENT H-1

# Plaintiffs' Trial Brief

## ATTACHMENT H-1

## Plaintiffs' Trial Brief

This Court has already ruled Plaintiffs are employees entitled to minimum wage and overtime protections under the FLSA.  The only thing left to determine at trial is how much Defendants owe—after all, Defendants paid Plaintiffs nothing and instead made Plaintiffs pay to work.  This single issue requires three findings: (1) identification of damages components, (2) a determination of whether Defendants acted willfully, and (3) an award from the Court of liquidated damages. The Court should reject Defendants' attempts to distract from these simple issues, and/or to re-litigate issues that have already been determined.

I)    **DAMAGES**

Plaintiffs have always alleged claims for back wages in an amount equal to unpaid minimum wages and overtime premiums.  Plaintiffs' minimum-wage claims have always included recoupment of fines, fees, and tipouts paid to work as unlawful kickbacks, 29 C.F.R. § 531.35.  (Compl. ¶ 39, ECF No. 1.)

Defendants agree that Plaintiffs damages at least consist of back pay in an amount equal to the minimum wage ($7.25) for all hours Plaintiffs worked and time-and-a-half overtime premiums.  The Court ruled that wages must be paid free and clear of kickbacks, and therefore damages must contemplate recovery of fines, fees, and tipouts Plaintiffs paid to work, (ECF No. 145); 29 C.F.R. § 531.35

("Whether in cash or in facilities, 'wages' cannot be paid finally and unconditionally or 'free and clear.' The wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer to to another person for the employer's benefit the whole or part of the wage deliver to the employee").

In the context of exotic dancer cases, courts have found that required tip-outs to the club and other employees are considered part of minimum-wage damages. *See Hart v. Rick's Cabaret Intern'l, Inc*., 60 F. Supp. 3d 447, 475–77 (S.D.N.Y. 2014) (granting summary judgment as to damages for entertainer case where plaintiffs included in the calculation of minimum wages recoupment of fines and fees); *Reich v. Priba Corp.*, 890 F. Supp. 586, 595 (N.D. Tex. 1995) (requiring defendant to pay entertainers "the full minimum wage" and "return all tip out fees collected from the entertainers" because defendant's "practice of collecting a tip out fee [] violates the FLSA because the deduction further reduces the entertainers' wages below the minimum wage" (citing *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir.1993)); *Donovan v. Tavern Talent & Placements*, Inc., 1986 WL 32746 (D. Col. Jan. 8, 1986) (holding that a "dance fee" charged by a club that also allegedly paid minimum wages caused the club to violate the minimum wage law because it reduced dancers' take home wages below the required amount); *see also De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295, 1313

(N.D. Ga. 2008) (requiring reimbursement of expenses to "the extent that these expenses reduced Plaintiffs' and opt-in Plaintiffs' wages below the minimum wage").

Thus, as Defendants previously recognized, Plaintiffs are entitled to recover unlawful kickbacks, and the jury should only be charged with determining the amount of fines, fees, and required tipouts that were paid. Both hours worked and bar fees paid by Plaintiffs are recorded on Defendants' partial sign-in sheet records. The parties stipulated to damages related to hours. Plaintiffs intend to present the jury with a summary of the sign-in sheets relating to fees and to testify about fines, fees, and tipouts paid to create a just and reasonable inference of kickbacks charged pursuant to Plaintiffs' proposed and approved trial plan.

As to fines specifically, Plaintiffs will show that Defendants fined entertainers as a way of controlling their behavior. For example, entertainers were fined for staying in the dressing room too long and for failing to work the minimum number of shifts required per week. Plaintiffs will provide their best and reasonable estimates of all fines paid. As to tipouts, Plaintiffs will also show that Defendants required entertainers to give a flat fee to other club workers, like the house mom and the DJ, each shift. These amounts are recoverable as further minimum-wage violations.

Accordingly, Plaintiffs' proposed special verdict form require the jury to reach findings of fact relating to the remaining components of damages for each testifying Plaintiff, i.e. the number of shifts, and the amount of fines, fees, and tipouts the testifying Plaintiffs paid.  In accordance with Plaintiffs' adopted trial plan, the parties will use these components post-trial to create a damage calculation for the entire collective to submit to the Court for approval and final award to the collective.   This "estimated average" approach is commonly used in FLSA collective trials and has been approved by many courts. *See, e.g.*, *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1020–22 (6th Cir. 2016) (collecting cases); *see also U.S. Dep't of Labor v. Cole Enter., Inc.*, 62 F.3d 775, 781 (6th Cir. 1995); *Donovan v. Hamm's Drive Inn,* 661 F.2d 316, 318 (5th Cir. 1981); *McLaughlin v. DialAmerica Marketing, Inc.*, 716 F. Supp. 812, 825–26 (D.N.J. 1989).

Ignoring that the Court already adopted Plaintiffs' proposed trial plan, Defendants now demand that the jury "do math," likely for no other reason than to distract the jury with the size of the final number, attempting to taint the award with outside bias.  The math, however, is undisputed.  The minimum-wage laws are mechanical undramatic, legal requirements.   The only fact remaining fact issues pertain to particular damage components.  The jury should only be charged with finding facts.

II)    **WILLFULNESS**

The FLSA extends the statute of limitations to three years if the employer acted "willfully," meaning he "either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was."  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162–63 (11th Cir. 2008) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).  "Reckless disregard" exists if an employer fails "to make adequate inquiry into whether conduct is in compliance with the Act." 5 C.F.R. § 551.104.  It can be found "through 'action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007)).

It is Plaintiffs' burden to establish willfulness, and the question of whether an employer acted willfully is a fact question for the jury.  Plaintiffs intend to establish willfulness at trial with evidence that Defendants knew that they were treating entertainers as employees.  Defendants knew about and ignored the overwhelming authority declaring entertainers to be "employees" rather than "independent contractor" under the FLSA.  *See De Leon-Granados v. Eller & Sons Trees, Inc.*, 581 F. Supp. 2d 1295, 1314 (N.D. Ga. 2008) (finding willfulness where defendant was aware of a relevant case and it watched relevant DOL

training videos and still failed to reimburse expenses).  Specifically, Defendants knew about decisions against local competitors, and Defendants were advised by their counsel of bad decisions elsewhere.  Yet, Defendants ignored this information, hid their heads in the sand, and continued to violate the law.

Defendants will assert they relied on attorney advice, but Defendants' attorneys testified they simply assisted Defendants with amending contracts. These attorneys did not audit Defendants' business model or relationship with entertainers.  The attorneys did not provide any opinions on the classification of the same.  Despite knowing of the negative opinions from the courts, Defendants did not commission these attorneys to do any of these things.  This is certainly reckless and unreasonable.  *Pena v. Handy Wash, Inc.*, 2015 WL 4264614, at *3 (S.D. Fla. July 13, 2015); *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp. 2d 1347, 1358 (S.D. Fla. 2010); *see also Townley v. Floyd & Beasley Transfer Co. Inc.*, 1989 WL 205342, at *4 (N.D. Ala. Dec. 8, 1989).

III)   **LIQUIDATED DAMAGES**

The FLSA provides an award of liquidated damages in an equal amount to compensatory damages.  29 U.S.C. § 216(b); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282–83 (11th Cir. 2008).  "[L]iquidated damages are mandatory" and may only be reduced if the employer is able to prove he acted in good faith and with reasonable grounds for believing he was not violating the law.

*Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 2013); *see also* 29 U.S.C. § 260; *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 902 (11th Cir. 2012); *Alvarez Perez*, 515 F.3d at 1163.   In the face of a showing of good faith, a reduction in liquidated damages is discretionary, not required. *Alvarez Perez*, 515 F.3d at 1168.

"[G]ood faith is intended to apply only where an employer innocently and to his detriment, followed the law . . . ."   *Olson v. Super. Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985).   This requires both an objective and subjective analysis.  *Alvarez Perez*, 515 F.3d at 1150.   The good-faith affirmative defense is a legal question to be answered by the Court post-trial.[1]   Defendants' good-faith reliance on attorney advice fails for all the same reasons used to show Defendants acted willfully.

For all these reasons, Plaintiffs are entitled to minimum wage and overtime backpay, inclusive of recovery of kickbacks, for all work performed during the appropriate three-year statutory time period, plus full liquidated damages, and recovery of reasonable attorneys' fees and litigation costs.

---

[1] If the jury finds Defendant acted willfully, then Defendants' defense against liquidated damages automatically fails.  *Alvarez*, 515 F.3d at 1163–67; *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008).  .

# ATTACHMENT H-2

# Plaintiffs' Trial Brief

## ATTACHMENT H-2

### Defendants' Trial Brief

Defendants incorporate herein the brief included in their Outline of the Case, set forth in Attachment D, above.

# ATTACHMENT I-1

# Plaintiffs' Proposed Special Verdict Form

## ATTACHMENT I-1

### Plaintiffs' Proposed Special Verdict Form

*Please answer __both__ questions:*

1. Did Magic City know its conduct was prohibited by law or did Magic City show reckless disregard for whether its conduct was prohibited by law? (*check one*)

   ☐ Yes   ☐ No

2. How much did the testifying employees work and what fees, fines, and/or tip-outs did Magic City require the testifying employees pay?
   (*__complete__ the following chart*)

| Plaintiff | Avg. Shifts Per Wkd | Avg Fees Paid Per Shift | Avg TipOuts Paid Per Shift | Total Fines Paid |
|---|---|---|---|---|
| **Testifying P No. 1**[2] | | $ | $ | $ |
| **Testifying P No. 2** | | $ | $ | $ |
| **Testifying P No. 3** | | $ | $ | $ |
| **Testifying P No. 4** | | $ | $ | $ |
| **Testifying P No. 5** | | $ | $ | $ |
| **Testifying P No. 6** | | $ | $ | $ |
| **Testifying P No. 7** | | $ | $ | $ |
| **Testifying P No. 8** | | $ | $ | $ |
| **....** | | | | |

[2] The testifying plaintiffs' names will be populated in this column at trial.

So Say We All

_____

Foreperson

# ATTACHMENT I-2

# Defendants' Proposed Special Verdict Form

**ATTACHMENT I-2**

**Defendants' Proposed Special Verdict Form**

*Please answer <u>all</u> questions:*

1. Did Magic City know its conduct was prohibited by law when it entered independent contractor or tenancy agreements with the entertainers? (*check one*)

   ☐ Yes     ☐ No

2. Did Magic City show reckless disregard for whether its conduct was prohibited by law when it entered independent contractor or tenancy agreements with the entertainers? (*check one*)

   ☐ Yes     ☐ No

3. Did Plaintiffs' prove that Magic City required (as opposed to possibly encouraged) the entertainers to tip the DJs hired by Magic City to play music at the club? (*check one*)

   ☐ Yes     ☐ No

4. Did Plaintiffs' prove that Magic City required (as opposed to possibly encouraged) the entertainers to tip the House Mom(s)? (*check one*)

   ☐ Yes     ☐ No

5. Given the differences from Plaintiff to Plaintiff, is it possible to determine the amount (if any) of fines paid by the non-testifying witnesses from the amount (if any) of fines paid by the testifying witnesses? (*check one*)

   ☐ Yes     ☐ No

6. Given the differences in work schedules and arrival times, is it possible to determine the amount (if any) of door fees paid by the non-testifying witnesses

from the amount (if any) of door fees paid by the testifying witnesses? (*check one*)

☐ Yes    ☐ No

7. Given the differences in the Plaintiffs' testimony, is it possible to determine the amount (if any) of tip-outs paid by the non-testifying Plaintiffs to the DJs and House Moms based on the amount (if any) of tip-outs paid by the testifying witnesses? (*check one*)

☐ Yes    ☐ No

8. What specific amount of fines (if any) were paid by the following entertainers? (*complete the following chart*)

| Plaintiff | Total Fines Paid |
|---|---|
| Testifying P No. 1[3] | $ |
| Testifying P No. 2 | $ |
| Testifying P No. 3 | $ |
| Testifying P No. 4 | $ |
| Testifying P No. 5 | $ |
| Testifying P No. 6 | $ |
| Testifying P No. 7 | $ |
| Testifying P No. 8 | $ |

9. What specific amount of door fees (if any) were paid by the following entertainers? (*complete the following chart*)

---

[3] The testifying plaintiffs' names will be populated in this column at trial.

| Plaintiff | Total Door Fees Paid |
|---|---|
| **Testifying P No. 1** | $ |
| **Testifying P No. 2** | $ |
| **Testifying P No. 3** | $ |
| **Testifying P No. 4** | $ |
| **Testifying P No. 5** | $ |
| **Testifying P No. 6** | $ |
| **Testifying P No. 7** | $ |
| **Testifying P No. 8** | $ |

10. If, and only if, you find that the entertainers were required (as opposed to encouraged) to pay tip-outs to the DJs and House Moms, what specific amount of tip-outs (if any) were paid by the following entertainers?
(*complete* the following chart)

| Plaintiff | Total Tip-Outs Paid |
|---|---|
| **Testifying P No. 1** | $ |
| **Testifying P No. 2** | $ |
| **Testifying P No. 3** | $ |
| **Testifying P No. 4** | $ |
| **Testifying P No. 5** | $ |
| **Testifying P No. 6** | $ |
| **Testifying P No. 7** | $ |
| **Testifying P No. 8** | $ |

So Say We All