UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEIRA VAUGHAN, JACQUELINE WOODARD, SASHE OMOGIATE, and MAKEDA ROOTS, individually and on behalf of all other similarly situated individuals,

    Plaintiffs,

v.

PARADISE ENTERTAINMENT GROUP, INC. d/b/a MAGIC CITY, -M- ENTERTAINMENT & CONSULTANT SERVICE, INC., MARVIN L. BROWN, individually, and MICHAEL BARNEY, SR., individually,

    Defendants.

Case No.: **1:14-cv-00914-SCJ**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT RELATING TO PLAINTIFFS' TAX RETURNS AND FILINGS (NO. 2)**

## INTRODUCTION

Tax returns are no longer relevant to this case. The Court has already ruled that entertainers qualify as employees as a matter of law, and so the parties need not consult Plaintiffs' tax returns to determine how much money they spent, or "invested," on dancing. The Court also has already ruled that the tips entertainers

1

receive from customers do not offset Defendants' obligation to pay employees wages, and so the parties need not consult Plaintiffs' tax returns to determine how much money they received in tips. Tax returns do not at all inform the two questions that will be presented to the jury: (1) Did Defendants violate the law on purpose, and (2) How much do they owe Plaintiffs in free and clear wages? Rather, evidence, testimony, and arguments relating to tax returns qualify as impermissible character evidence that would only serve to prejudice Plaintiffs. For these reasons, the Court should strike Defendants' exhibits 15, 40–51, 55, 57–62, 64–68, 153–185, 187–217, and prohibit Defendants from questioning Plaintiffs about their tax filings and from arguing about taxes in any way.

## ARGUMENT

**I)** **TAXES ARE IRRELEVANT.**

Under Federal Rule of Evidence 401, evidence qualifies as relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and also if "the fact is of consequence in determining the action." Evidence, testimony, and arguments relating to tax returns and tax filings fail both of these requirements. Plaintiffs' taxes have nothing to do with the remaining triable issues—willfulness and extent of damages—for all the reasons articulated in Plaintiffs' Motion in Limine Number 1 (Gratuity Earnings). Courts have ruled similarly in other entertainer litigation. *See McFeeley v. Jackson St. Entrm', LLC*,

825 F.3d 235, 240, 245–46 (2016) (affirming trial court's granting of a motion in limine to "prohibit defendants from asking plaintiffs about their income tax records, performance fees, and tips."); *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 264 (S.D.N.Y. 2015) (finding in part tax returns irrelevant to the question of the club's state of mind in classifying entertainers and finding tax returns unnecessary to determining damages). Thus, evidence, testimony, and arguments relating to tax returns and/or tax filings should be excluded.

**II)     TAXES QUALIFY AS IMPERMISSIBLE CHARACTER EVIDENCE.**

It is clear from Defendants' examination of Plaintiffs at their depositions that Defendants intend to prosecute Plaintiffs for not perfectly filing their tax returns. Even assuming *arguendo* an issue with the filings in question, the rules state that, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). In other words, Defendants cannot use tax returns to suggest to the jury that Plaintiffs are bad citizens who should not be trusted on the stand.

Defendants cannot use tax returns to attack Plaintiffs' credibility because "civil tax problems" cannot be "regarded as indicating a lack of truthfulness" under Federal Rule of Evidence 608(b), which limits impeachment using extrinsic

evidence to only that evidence probative of truthfulness.[1] *United States v. Dennis*, 625 F.2d 782 (8th Cir. 1980) (citing Fed. R. Evid. 608(b)); *accord United States v. Escobar*, 50 F.3d 1414, 1424 (8th Cir. 1995); *Matter of Oswald v. Union Oil Co. of Cal.*, No. CIV. A. 92-1442, 1994 WL 374222, at *2 (E.D. La. July 11, 1994); *Shafer v. Am. Emp. Ins. Co.*, 535 F. Supp. 1067, 1068–69 (W.D. Ark. 1982); *see also Marko v. United States*, 314 F.2d 595, 597 (5th Cir. 1963) ("The court erred in admitting in evidence, over appellant's objections, the income tax returns and the evidence relating to them. . . . . The evidence was not material to the issue on trial, and consequently had no value as impeaching evidence.").

In the context of entertainer litigation specifically, the court in *Hart* found that understatements[2] in tax filings say "little, if anything, about whether the dancers who testify at trial are or are not credible in testifying about their hours worked (or about other limited subjects of proper testimony." 90 F. Supp. 3d at 264–65 ("And the dancers' understatement of their performance-fee income on their returns is itself a product of the Club's decision to structure itself so as to report to tax authorities only those fees that derive from Dance Dollars, no doubt

---

[1] For similar reasons, the Court should strike Defendants' exhibits 59 through 62, which relate to criminal and civil cases against one Plaintiff that have nothing to do with truthfulness and likewise do not satisfy Federal Rule of Evidence 609. *See also* Fed. R. Evid. 403.

[2] Whether someone filed a tax return is also not necessarily an act regarding truthfulness or untruthfulness. *O'Brien v.Chaparro*, No. 05-80342-CIV, 2005 WL 6011248, at *2 (S.D. Fla. Dec. 8, 2005).

4

well aware that many dancers would not report the performance fees they received in cash.").

Indeed, Defendants' attempt to use taxes as a strategic trial weapon is particularly egregious here where the failure to file taxes or underreport income is precipitated directly by Defendants' implementation of a mandatory and unlawful compensation scheme highlighted by an all cash, no record keeping, pay to work system with Defendants failing to pay employer-side payroll taxes, withhold taxes from Plaintiffs, or issue them W-2 or 1099 tax forms.[3]  For these reasons, evidence, testimony, and arguments relating to tax returns and tax filings should not be permitted, even to attack Plaintiffs' credibility.

### III)   TAXES ARE PREJUDICIAL AND CONFUSING.

Last, and crucially, taxes are inadmissible under Rule 403, which calls for the exclusion of evidence when "its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, [or] undue delay . . .[4]."  Fed. R. Evid. 403.  Introducing tax returns threatens to bog down what should be a very simply trial and turn it into an exploration of numerous extraneous issues.

---

[3] Employers' unlawful classification of workers as "independent contractors" costs the government money in underreported taxes and underpayment into social safety nets.  U.S. Gov't Accountability Off., GAO-98-717, *Employee Misclassification* 4, 10–12 (2009).

[4] As a result of the Court's pre-trial rulings and the parties' stipulation, the eight representative Plaintiffs' trial testimony will be limited to the amounts of house fees, tip-outs, and fines paid by them to Defendants during their employment.

It is likely Defendants' tax related examinations will take longer than any of the Plaintiffs' relevant testimony. Entertainers may have received tax advice, for example, and such advice may have been wrongly given. Still others may have believed that they were bound to file forms in accordance with the manner in which Defendants classified them. Any exploration of whether these tax returns are, or are not, correct in terms of the amounts claimed or amounts paid by the entertainers would require an exploration of not only their financial situations outside of their work at the Club, including things like deductions and joint filing, but also, potentially, of applicable tax law. This would create undue delay.

Aside from being distracting, tax returns could cause the jury to confuse the issues. For one, the taxes identify Plaintiffs as "independent contractors," which is contrary to the Court's ruling in this case. Also, because of the reported gratuities, the jury could mistakenly conclude contrary to law that Plaintiffs already received enough money from customers and are therefore not entitled to wages from Defendants. Conversely, the jury could use this prejudicial evidence to punish those Plaintiffs who may not have accurately reported all cash gratuities.[5] *See Ortiz v. Santuli Corps.*, No. 08-20218-CIV, 2009 WL 2382144, at *1 (S.D. Fla. Aug. 3, 2009) ("Evidence [of tax returns] will likely create undue prejudice in the

---

[5] Of course, the best way to ensure accurate reporting of taxes is for Defendants to classify these workers correctly, track their time and earned tips, and withhold income for them for tax purposes.

minds of the jurors; and, would likely give rise to collateral disputes—including the extent of Plaintiffs' reporting obligations regarding such taxes—that will cause undue delay and confusion of the issues."); *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250 (S.D.N.Y. 2015) (finding that disclosure of gratuities income has the capacity to create unfair prejudice and confusion.).

Given this, the probative value of Plaintiffs' tax returns and discussion of Plaintiffs' tax filings is substantially outweighed by the potential prejudicial effect of this evidence and should be excluded. *Hart*, 90 F. Supp. 3d at 263.

## **CONCLUSION**

Based on the foregoing, Defendants should be prohibited from presenting evidence, testimony, and arguments relating to Plaintiffs' tax returns or there filing thereof.

Respectfully submitted,

Dated:   December 23, 2016            **NICHOLS KASTER, PLLP**

 /s/ Rebekah L. Bailey
Michele R. Fisher, GA Bar No. 76198
Paul J. Lukas, MN Bar No. 22084X*
Anna Prakash, MN Bar No. 0351362*
Rebekah L. Bailey, MN Bar No. 0389599*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
fisher@nka.com
prakash@nka.com
bailey@nka.com

7

*admitted pro hac vice*

**MAYS & KERR, LLC**
Jeff Kerr, GA Bar No. 634260
John Mays, GA Bar No. 986574
235 Peachtree St. NE #202
Atlanta, GA  30303
Telephone: (404) 410-7998
Fax: (404) 855-4066
jeff@maysandkerr.com
john@maysandkerr.com

**ATTORNEYS FOR PLAINTIFFS AND THE COLLECTIVE**