IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEIRA VAUGHAN, JACQUELINE
WOODARD, SASHE OMOGIATE,
MAKEDA ROOTS,

    Plaintiffs,

v.

M-ENTERTAINMENT
PROPERTIES, LLC; PARADISE
ENTERTAINMENT GROUP, INC.,
d/b/a Magic City;
M-ENTERTAINMENT &
CONSULTANT SERVICE, INC.;
MARVIN L. BROWN; MICHAEL
BARNEY, Sr.;

    Defendants.

CIVIL ACTION NO.
1:14-CV-914-SCJ

### ORDER

Plaintiffs have filed a Motion in Limine seeking to prevent Defendants from introducing evidence relating to the amount of gratuities Plaintiffs received. Doc. No. [260]. Defendants repeatedly argue that the amount of tips Plaintiffs received is relevant to what they characterize as Plaintiffs' negative-wage claim, asserting that Plaintiffs "are asking to recover their confiscated tips as part of their minimum wage claim." Doc. No. [272], pp. 4–5.

The Court has already ruled on this matter, holding that "this is not a . . . tip-confiscation case," because "the fines and fees were required no matter whether

Plaintiffs received tips and did not change based on the amount of tips Plaintiffs received." Doc. No. [258], p. 5. Defendants believe that Plaintiffs have to prove that the fines and fees exceed the tips they received in order to be able to recover the fines and fees. See Doc. No. [272], p. 5. But Defendants misunderstand the Court's order. The Court did not hold the way it did based on an assumption that the fines and fees charged by Defendants always exceeded the tips received by Plaintiffs. Indeed, the Court explicitly held that the fact that the "tips were generally sufficient to cover the fines and fees is of no moment." Doc. No. [258], p. 8.

As the Court held, "[t]o the extent Plaintiffs were required by Defendants to pay money merely to work, Plaintiffs have a right to be compensated for the improper kickbacks so that they receive the minimum wage free and clear." Id. Defendants do not dispute that the fines and bar fees were (a) required of Plaintiffs and (b) had to be paid regardless whether Plaintiffs received any tips. The bar fees were based solely on when Plaintiffs performed. The fines were based solely on whether a Plaintiff committed an infraction of one of Defendants' rules. The amounts of Plaintiffs' tips are, thus, wholly irrelevant to the issue of the fines and bar fees charged by Defendants. The only issue is whether the "tip-outs" were required fees

or merely suggested tips. If Plaintiffs were not required to pay the tip-outs, then Plaintiffs cannot recover that money because it is not a kickback payment.

Defendants also argue that the amount of Plaintiffs' tips is relevant to the issue of whether Defendants' violation of the Fair Labor Standards Act ("FLSA") was wilful. Doc. No. [272], pp. 6–8. As the Court held with regard to another motion in limine, Defendants will be allowed to "present evidence that they believed they could classify Plaintiffs as independent contractors because Plaintiffs would be compensated with tips." Doc. No. [297], p. 5. But Defendants will not be allowed to suggest that Plaintiffs were properly classified as independent contractors because "they were 'well compensated' or because the arrangement was 'lucrative.'" Id. If Defendants had treated Plaintiffs as tipped employees, pursuant to 29 U.S.C. § 203(m), then the amount of Plaintiffs' tips would be relevant to a minimum wage claim under the FLSA. See 29 U.S.C. § 203(m). But Defendants classified Plaintiffs as independent contractors. The issue of whether a worker should be classified as an employee or an independent contractor for the purposes of the FLSA does not hinge in any way on the amount of tips the worker received. See Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311–12 (11th Cir. 2013).

While Defendants rightly concede that they cannot argue "that Plaintiffs' stipulated minimum wage and overtime damages should be reduced or offset because of their tips," they are wrong to suggest that information about the amount of tips Plaintiffs received would not be prejudicial. Doc. No. [272], pp. 8–9. Even if Defendants do not explicitly argue that Plaintiffs should not receive minimum wage payments, evidence that Defendants have tens of thousands of dollars "in singles" on hand and that the "air" at the establishment "**is literally cloudy with fluttering cash**" would serve to do nothing but prejudice Plaintiffs. See Doc. No. [272], pp. 9–10 n. 3 (emphasis in original).

Again, Defendants can argue that they thought Plaintiffs were properly classified as independent contractors because Plaintiffs would be paid with tips. But they cannot present evidence about the amount of money Plaintiffs received in tips, because such evidence is irrelevant to the issue of whether Plaintiffs were properly classified as independent contractors and would be highly prejudicial to Plaintiffs. Plaintiffs' Motion in Limine seeking to prevent Defendants from introducing

evidence relating to the amount of gratuities Plaintiffs received (Doc. No. [260]) is thus **GRANTED**.

**IT IS SO ORDERED**, this ___9th___ day of January, 2017.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)