# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KEIRA VAUGHAN, JACQUELINE WOODARD, SASHE OMOGIATE, and MAKEDA ROOTS, individually and on behalf of all other similarly situated individuals,

  Plaintiffs,

v.

PARADISE ENTERTAINMENT GROUP, INC. d/b/a MAGIC CITY, -M- ENTERTAINMENT & CONSULTANT SERVICE, INC., MARVIN L. BROWN, individually, and MICHAEL BARNEY, SR., individually,

  Defendants.

Case No.: **1:14-cv-00914-SCJ**

## DECLARATION OF REBEKAH L. BAILEY
## IN SUPPORT OF CONSENT MOTION FOR APPROVAL OF FLSA
## SETTLEMENT AND DISMISSAL OF ACTION

1. My name is Rebekah L. Bailey. I am one of the attorneys representing Plaintiffs in the above-referenced matter. I make this declaration based upon my personal knowledge.

1

**Litigation**

2. The named Plaintiffs expended significant time and effort on this case. Plaintiffs spent assisting Plaintiffs' Counsel through numerous meetings, calls, and emails, as well as attending depositions of the defendant (as well as their own) and attending early mediation.

3. During litigation in the above case, the parties engaged in significant discovery. As to written discovery,

    a) Defendants responded to 16 to 36 requests for the production of documents, one (1) request for admissions, and 16 to 24 interrogatories, and

    b) Plaintiffs responded to 5 to 16 interrogatories, to 5 to 38 requests for admission, and 3 to 28 requests for the production of documents.

4. Defendants collectively produced a total of 3,305 pages of documents, including sign-in sheets. Plaintiffs and collectively produced a total of 2,792 pages of documents.

5. Plaintiffs deposed each of the Defendants, as well as seven (7) additional witnesses, and Defendants deposed seventeen (17) Plaintiffs.

**Settlement Negotiations**

6. The parties reached a settlement on all material terms on January 11, 2017, through an arm's length negotiation with the Court's assistance. The parties

subsequently committed the terms in writing and executed a final settlement agreement.

7. The executed Settlement Agreement is attached hereto as **Exhibit 1.**

8. It is my opinion as lead counsel for Plaintiffs since the inception of litigation that the settlement reach in this case represents a fair and reasonable compromise of Plaintiffs' claims, and it carefully balances the success Plaintiffs have achieved to date with the risks apparent in trial.

**Plaintiffs' Consent to Settlement**

9. All twenty-eight (28) Plaintiffs consented in writing to accept the proposed settlement. Their consent and release forms are attached hereto as **Exhibit 2**.

**Plaintiffs' Damages Estimates & Settlement Allocation**

10. For the purpose of settlement, Plaintiffs' counsel calculated Plaintiffs' damages according to the parties' stipulation of hourly-wage damages, and—for the remaining damage components—Plaintiffs calculated the following:

 a. <u>Dates of Employment</u>: Plaintiffs' counsel identified dates Plaintiffs worked first by identifying Plaintiffs' stage names on the sign-sheet data itself. Plaintiffs further limited dates worked to account for the recycling of stage names using Plaintiffs' licensure dates according to the Atlanta Police Departments and Plaintiffs' discovery responses regarding the same.

 b. <u>Damages Period(s)</u>: Plaintiffs' counsel calculated the

applicable two-year and three-year statute of limitations periods for each Plaintiff using the date she filed her consent form with the Court and joined the case, and counted back two and three years. All Plaintiffs ceased working with Defendants during the course of litigation, ending their damages periods.

    c.    <u>Shifts Worked</u>: Plaintiffs' counsel counted the number of shifts Plaintiffs each worked by identifying their stage names in the sign-in sheet data during each damage periods. Doubles counted as two shifts worked. Plaintiffs calculated an extrapolation of shifts worked for the time period with missing day-shift sign-in sheet data, using a per person average when possible.

    d.    <u>House Fees</u>: Plaintiffs' counsel added up all the house fees each Plaintiff paid for Shifts Worked during the Damages Periods as documented on the sign-in sheets. Plaintiffs calculated an extrapolation of house fees paid during the time period with missing day-shift sign-in sheets using an average day-shift house fee paid.

    e.    <u>Tip Outs</u>: For each Plaintiff, Plaintiffs' counsel multiplied the Shifts Worked during the Damages Periods by $20.00 as Plaintiffs were preparing to testify that they were required to tipped out the DJ $10.00 and the House mom $10.00.

    f.    <u>Fines:</u> Plaintiffs' counsel added up the total fines each Plaintiff identified she incurred during the Damages Period(s) in her discovery responses and/or as provided in the calculation of these damages accompanying Plaintiffs' supplemental initial disclosures

11. As to Plaintiffs Danielle Gordon and Angela Glass specifically, the parties stipulated to damages using good-faith estimates because their identified stage names do not appear in the existing records. The house fee and tipout damages for these plaintiffs were similarly calculated for settlement purposes.

12. The above calculation provides a total damage amount of $377,686.74

during the two-year time period and $563,205.62 in damages during the three-year time period. This does not include liquidated damages, interest, attorneys' fees, or litigation costs.

13. There are nine (9) Plaintiffs who do not have viable claims under the two-year statute of limitations period.

14. This damage calculation forms the basis of the settlement allocation provided in the settlement agreement.

15. The Final Allocation is attached hereto as **Exhibit 3**.

**Attorneys' Fees & Litigation Costs**

16. It is Plaintiffs' position that, because they were successful at the summary judgment state of litigation on the merits' of their claims, they were entitled to recover reasonable attorneys' fees and litigation costs from Defendants.

17. At the time of settlement, Plaintiffs had incurred more than $1,200,000 in attorneys' fees and $60,000 in litigation expenses as the prevailing party.[1] A summary of Plaintiffs' costs and fees is attached hereto as **Exhibits 4 and 5** respectively.

18. Plaintiffs negotiated settlement with these numbers in mind.

---

[1] Plaintiffs' counsel is further entitled to petition to recover fees and costs associated with the four plaintiffs who accepted offers to settle in December. Plaintiffs' counsel has chosen not to pursue those claims in the spirit of settlement.

19. The parties first negotiate an amount attributed to minimum-wage damages and then an amount attributed to attorneys' fees and litigation costs.

20. Plaintiffs' Counsel took this case on a contingency basis, which provides for the payment of attorneys' fees in the amount of one-third of any settlement or in the amount of an award of attorneys' fees, whichever is greater.

21. Plaintiffs' Counsel are experienced in complex class and collective wage-and-hour litigation. A copy of Nichols Kaster, PLLP's firm resume is attached hereto as **Exhibit 6**.

22. All four of the partners who have worked on this file have experience specifically relating to exotic dancer litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 15, 2017                     /s/ Rebekah L. Bailey