

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KEIRA VAUGHAN, JACQUELINE
WOODARD, SASHE OMOGIATE,
and MAKEDA ROOTS, individually
and on behalf of all other similarly
situated individuals,

      Plaintiffs,

v.

PARADISE ENTERTAINMENT
GROUP, INC. d/b/a MAGIC CITY,
-M- ENTERTAINMENT &
CONSULTANT SERVICE, INC.,
MARVIN L. BROWN, individually, and
MICHAEL BARNEY, SR.,
individually,

      Defendants.

Case No.: 1:14-cv-00914-SCJ

## MASTER SETTLEMENT AGREEMENT

This Master Settlement Agreement is entered into by and between Plaintiffs

Keira Vaughan, Jacqueline Woodard, and Makeda Roots, and Defendants Paradise

Entertainment Group, Inc., -M- Entertainment & Consultant Service, Inc., Marvin

L. Brown, and Michael Barney, Sr. The parties hereby covenant and agree as

follows:

## RECITALS

On March 28, 2014, Plaintiffs initiated this collective action for unpaid minimum wages, which was subsequently amended to include unpaid overtime premiums, against Defendants under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Plaintiffs alleged that Defendants misclassified them as independent contractors, rather than employees, and thus denied them of legally entitled wages, free and clear of unlawful kickbacks. Defendants denied liability and defended the classification of Plaintiffs, and contended that Plaintiffs' wages should be offset by monies received from customers, and that the fines, fees, and tipouts Plaintiffs paid do not qualify as minimum-wage damages. The parties stipulated to conditional collective-action certification, and twenty-eight (28) Plaintiffs consented to join and remained in this Action until execution of this Agreement.

On March 16, 2016, the Court granted Plaintiffs' motion for partial summary judgment in part and denied the Defendants' motion for summary judgment. Defendant M-Entertainment Properties, Inc. was dismissed from the action. The Court set trial for January 17, 2017, to determine willfulness and damages. Following the pretrial conference, the parties met in chambers with the Court on January 10, 2017 and January 11, 2017, and discussed the possibility of settlement.

Through an arms-length negotiation, the parties reached a settlement as to material terms.

The Parties recognize the final outcome in the Action is uncertain and that achieving a final result through the litigation process would require additional risk, time, and great expense. Plaintiffs' Counsel conducted substantial investigation and evaluation of the facts and law relating to the claims asserted in the Action throughout litigation and Plaintiffs' Counsel believe—in view of the costs, risks, and delay of continued litigation and potential appeals balanced against the benefits of settlement—that settlement as provided in this Agreement is in the best interests of Plaintiffs and represents a fair, reasonable, and adequate resolution of the Action.

The Parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

I)  **DEFINITIONS**

1.1.  "Action" refers to the action styled *Vaughan v. Paradise Enterm't Grp.*, Case No. 1:14-cv-00914-SCJ, filed in the U.S. District Court for the Northern District of Georgia.

1.2.  "Agreement" shall mean this Master Settlement Agreement, including

exhibits.

1.3. "Attorneys' Fees" shall mean a reasonable attorneys' fee pursuant to 29 U.S.C. 216(b) as approved by the Court.

1.4. "Causes of Action" shall refer to the claims brought by Plaintiffs in their Third Amended Complaint (ECF No. 72).

1.5. "Collective" refers to the Plaintiffs presently involved in this Action.

1.6. "Consents" or "Consent to Join Forms" refers to the forms signed and filed by the Plaintiffs who opted into (joined) this Action.

1.7. "Consent to Settlement" refers to the Consent to Settlement and Release of Claims Form found on the final page of the "Notice of Settlement" attached hereto.

1.8. "Costs of the Action" shall mean reasonable costs pursuant to 29 U.S.C. 216(b) as approved by the Court.

1.9. "Court" shall mean the U.S. District Court for the Northern District of Georgia.

1.10. "Defendants" are Paradise Entertainment Group, Inc. d/b/a Magic City, -M- Entertainment and Consultant Service, Inc., Marvin Brown, and Michael Barney, Sr.

1.11. "Defendants' Counsel" shall mean all counsel who have entered an

appearance for any of the Defendants in the Litigation. For purposes of providing any notices required under the Agreement, Defendants' Counsel shall refer to Freed Howard LLC.

1.12. "Deposed Plaintiffs" refers to opt-in Plaintiffs Takieron Davis, Tulethia Hambrick, Kristin Journigan, Precious Stephens Kelly, Sabrina Lopes, Patrice Noble, Tamecia Pace, Glynnis Pittman, Arketa Smith, Danielle Gordon, and Astin Currie, each of whom was deposed in this Action.

1.13. "Effective Date" is the later of: (1) thirty (30) days following entry of the Court's Settlement Approval Order approving the settlement and dismissing the action if no appeal is taken of that Order; or (2) the Court's entry of a final order after resolution of any appeals.

1.14. "Final Allocation" means the final allocation of the Maximum Settlement Amount among Attorneys' Fees, Costs of the Action, Settlement Administrative Costs, Service Awards, and the Net Settlement Amount, which uses a Pro-Rata Allocation to distribute the Amount among the Settling Plaintiffs.

1.15. "Liquidated Damages" are those damages equal in amount to the payment of wages lost pursuant to 29 U.S.C. § 216(b).

1.16. "Maximum Settlement Amount" shall mean the maximum amount of money that Defendants will be obligated to pay under this Agreement up to

$1,100,000.00, exclusive of employer-side payroll taxes and any payroll administration expenses Defendants may incur (if any) in their efforts to effectuate the payments as described herein.

1.17. "Motion for Settlement Approval" shall refer to the Consent Motion for Settlement Approval and Dismissal filed by Plaintiffs' Counsel, seeking approval of this Agreement and establishing that it represents a fair and reasonable settlement.

1.18. "Named Plaintiffs" means Keira Vaughan, Jacqueline Woodard, and Makeda Roots.

1.19. "Net Settlement Amount" shall mean the remainder of the Maximum Settlement Amount after deductions for Attorneys' Fees, Costs of the Action, Settlement Administrative Costs, and Service Awards. The total Net Settlement Amount will be calculated first in the Preliminary Allocation and then later recalculated in the Final Allocation, and shall be distributed according to a Pro-Rata Allocation.

1.20. "Non-Responding Plaintiffs" refers to those Plaintiffs who do not affirmatively respond to the Notice of Settlement, and therefore do not become Settling Plaintiffs. Non-Responding Plaintiffs are not the same as Rejecting Plaintiffs.

1.21. "Notice of Settlement" shall mean the Notice of Settlement Consent to

Settlement and Release in the form appended hereto as Exhibit A.

1.22. "Notice Response Deadline" refers to the forty-fifth (45) day after the initial mailing of the Notice of Settlement.

1.23. "Notice period" refers to the forty-five (45) day time period beginning with the initial mailing of the Notice of Settlement and ending with the Notice Response Deadline.

1.24. "Opt-in Plaintiffs" means the individuals, other than the Named Plaintiffs, who filed Consent to Join Forms, who have not withdrawn their Consents and who were not dismissed from the Action.

1.25. "Parties" means Plaintiffs and Defendants.

1.26. "Plaintiffs" refer to all Named Plaintiffs and Opt-in Plaintiffs involved in this action at the time of the execution of the Agreement, which include the following twenty-eight (28) persons:

| # | Last Name | First Name |
|---|-----------|------------|
| 1. | Raven | Bankston |
| 2. | Larissa | Castro |
| 3. | Christina | Charles |
| 4. | Astin | Currie |
| 5. | Takieron | Davis |

| | | |
|---|---|---|
| 6. | Angela | Glass |
| 7. | Danielle | Gordon |
| 8. | Tulethia | Hambrick |
| 9. | Kristin | Journigan |
| 10. | Sabrina | Lopes |
| 11. | Crystal | Mohan |
| 12. | Patrice | Noble |
| 13. | Tamecia | Pace |
| 14. | Glynnis | Pittman |
| 15. | Brittany | Robinson |
| 16. | Gera | Robinson |
| 17. | Makeda | Roots |
| 18. | Summer | Sales |
| 19. | Arketa | Smith |
| 20. | Precious | Stephens Kelly |
| 21. | Erica | Tarver |
| 22. | Sheena | Tinsley |
| 23. | Keira | Vaughan |
| 24. | Quiona | Wagner |
| 25. | Eryn | Watkins |
| 26. | Courtney | Whitehead |

| 27. | Jacqueline | Woodard |
|-----|------------|---------|
| 28. | Sorel | Woods |

1.27. "Plaintiffs' Counsel" refers to Nichols Kaster, PLLP and Mays & Kerr, LLC.

1.28. "Preliminary Allocation" means the preliminary allocation of the Maximum Settlement Amount among Attorneys' Fees, Costs of the Action, Settlement Administrative Costs, Service Awards, and the Net Settlement Amount, which uses a Pro-Rata Allocation to distribute the Amount among the Plaintiffs.

1.29. "Pro-Rata Allocation" refers to the allocation of money from the Net Settlement Amount, using a *pro-rata* calculation applied to each Plaintiff's alleged total damage calculation, as calculated by Plaintiffs' Counsel.

1.30. "Rejecting Plaintiff(s)" refers to those Plaintiffs who affirmatively communicate to Plaintiffs' Counsel that they do not wish to be included in the Settlement, and therefore do not become Settling Plaintiffs. Rejecting Plaintiffs do not qualify as Non-Responding Plaintiffs.

1.31. "Released Claims" shall mean all claims, liabilities, demands, obligations, damages, actions, or causes of action that were or could have been asserted in the Action under state or federal wage and hour laws for unpaid minimum wages, overtime premiums, kickbacks, reimbursements, liquidated damages, costs,

attorneys' fees and all other forms of legal or equitable relief available related to claims and transactions alleged in the Third Amended Complaint that accrued during the Relevant Period.

1.32. "Released Parties" shall mean Defendants, their respective affiliates and related entities, and all of their incumbent and former officers, managers, directors, owners, members, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns, privies and representatives, in their individual and/or representative capacities.

1.33. "Relevant Period" shall mean the period beginning three years from the date each Plaintiff filed their Consent to Join Form until the date of the execution of the Agreement.

1.34. "Service Award" means the payment, if any, authorized by the Court to be made to the Named Plaintiffs and/or the Deposed Plaintiffs in addition to any Pro-Rata Allocation.

1.35. "Settlement" means this Agreement and all actions taken pursuant to and in furtherance of this Agreement.

1.36. "Settlement Administrative Costs" is an estimate of the future costs associated with Plaintiffs' Counsel's disbursement of settlement checks to the Settling Plaintiffs in ten installments. If the costs associated with cutting and mailing

checks does not exceed the amount allocated, then the balance of the remaining funds will be distributed to the Plaintiffs in a *pro rata* allocation with the last settlement check. Plaintiffs' Counsel shall bear responsibility for all costs incurred over and above the amount allocated to the Settlement Administrative Costs.

1.37. "Settlement Approval Order" refers to the order approving this Agreement and the proposed settlement process contained herein as fair and reasonable pursuant to the FLSA.

1.38. "Settlement Award" means the Pro-rata Allocation and the Service Award (if any) that will be paid to a Settling Plaintiff.

1.39. "Settling Plaintiffs" refers to Plaintiffs, who submit valid and timely Consents to Settlement in response to the Notice of Settlement.

1.40. "Total Claims Amount" refers to the sum of the Settlement Awards to be paid to the Settling Plaintiffs. In other words, the Net Settlement Amount plus the total amount of Service Awards.

## II) SETTLEMENT AMOUNT

2.1. The Maximum Settlement Amount is $1,100,000, exclusive of employer-side payroll taxes and any payroll administration expenses Defendants may incur (if any) in their efforts to effectuate this Settlement.

2.2. Plaintiffs' Counsel will compute a Preliminary Allocation of the

Maximum Settlement Amount for Defendants' review no later than three (3) days following the execution of this agreement.

    2.3.   The Preliminary Allocation will include:

        a.    $60,559.83 for litigation costs;

        b.    $1,000.00 for future Settlement Administrative Costs;

        c.    $366,666.67 for attorneys' fees;

        d.    $3,000.00 to the Named Plaintiffs as a service award ($1,000 to each);

        e.    $5,500.00 to the Deposed Plaintiffs as a service award ($500 to each); and    $663,273.50

        f.    $664,273.50 for the Net Settlement Amount, which will be allocated using a "Pro-Rata Allocation" to all Plaintiffs based on Plaintiffs' Counsel's calculation of alleged damages. Defendants will not oppose this calculation.

    2.4.   Within fourteen (14) calendar days after the Notice Response Deadline, Plaintiffs' Counsel will produce to Defendants the Final Allocation for the actual Settling Plaintiffs.

    2.5.   The Final Allocation will deduct from the Maximum Settlement Amount the monies previously allocated in the Preliminary Allocation to the

Rejecting Plaintiffs (if any). The Attorneys' Fees shall be reduced so to equal one-third (1/3) of this adjusted Settlement Amount. The monies previously allocated to the Rejecting Plaintiffs (if any) will remain with Defendants.

2.6. The Final Allocation will redistribute monies previously allocated in the Preliminary Allocation to Non-Responding Plaintiffs (if any). The monies previously allocated to the Non-Responding Plaintiffs (if any) will remain with the collective.

## III) NOTICE OF SETTLEMENT

3.1. Plaintiffs' Counsel shall mail the Notice of Settlement no later than fourteen (14) days after the date the parties execute this agreement.

3.2. The Notice of Settlement shall be accompanied by a Form W-4 and a Form W-9 and shall direct the Plaintiffs to complete, sign, and return these documents to Plaintiffs' Counsel.

3.3. Plaintiffs must complete and return (or postmark) the accompanying Consents to Settlement before or on the Notice Response Deadline to be included in the Settlement. A signed Consent to Settlement that is postmarked, faxed, or emailed by or on the last day of the Notice Period is deemed timely returned in compliance with the Notice Response Deadline.

3.4. All Named Plaintiffs must accept the Settlement, and no more than 10%

of all Plaintiffs may reject the Settlement, as measured according to the Pro-Rata Allocation attributable to those persons from the Net Settlement Amount. Otherwise, Defendants may deem this Agreement null and void at their election by serving Plaintiffs' Counsel of written notice within fourteen (14) days after the Notice Response Deadline.

## IV) SETTLEMENT APPROVAL

4.1.    Within fourteen (14) calendar days after the Notice Response Deadline, Plaintiffs' Counsel will produce to Defendants' counsel the draft Motion for Settlement Approval. The parties will finalize and file the motion within seven (7) days from the date Plaintiffs send Defendants the draft.

4.2.    Through their Motion for Settlement Approval, Plaintiffs will seek reimbursement for an award of their reasonable attorneys' fees in the maximum amount of $366,666.67, and reimbursement for all reasonable Costs of the Action in the amount of $60,559.83. Plaintiffs' Counsel will seek reimbursement of Settlement Administrative Costs in the amount of $1,000.00. These fees and costs paid under this paragraph shall be reported on an IRS Form 1099-MISC to Plaintiffs' Counsel as "other income".

4.3.    Plaintiffs' Counsel will also seek approval of Service Awards in the amount of $1,000 per Named Plaintiff and $500 for every other Deposed Plaintiff.

These Service Awards represent payments for the Named Plaintiffs' efforts in furtherance of the Action and its resolution, and for the Deposed Plaintiffs' preparations for and attendance at their depositions. Each Service Award paid under this paragraph shall be reported on IRS Forms 1099-MISC as "other income" (box 3) for the Named Plaintiffs and the Deposed Plaintiffs.

4.4. Defendants will not oppose to the Court Plaintiffs' Attorneys' Fees, Costs of the Action, Settlement Administrative Costs, and/or Service Awards requests in the amounts set forth in this Section.

## V) SETTLEMENT DISTRIBUTIONS AND TAXES

5.1. Defendants are responsible for filling out and distributing all tax documentation.

5.2. One-half of Settling Plaintiffs' Final Pro-Rata Allocation shall be attributed to wage claims and shall be reported by Defendants for tax purposes on an IRS Form W-2 for each Settling Plaintiff. Defendants shall act as the withholding agent.

5.3. The other half of the Settling Plaintiffs' Final Pro-Rata Allocation shall be attributed to Liquidated Damages and shall be reported by Defendants for tax purposes on an IRS Form 1099-MISC for each Settling Plaintiff, as "other income" (box 3). Likewise, the Service Awards shall be reported by Defendants for tax

purposes on an IRS Form 1099-MISC as "other income" for each Settling Named Plaintiff and Deposed Plaintiff.

5.4.    Attorneys' Fees, Costs of the Action, and Settlement Administrative Costs shall be reported on an IRS Form 1099-MISC as income to Plaintiffs' Counsel. Plaintiffs' counsel shall communicate to Defendants the remaining amounts of the Settlement Administrative Costs, if any, to be distributed to the Plaintiffs prior to the deadline for Defendants to disburse their last payment.

5.5.    Defendants will pay the Maximum Settlement Amount over a thirty month period in ten (10) equal, quarterly installments (10% each of the Maximum Settlement Amount with each payments), beginning on the first of the month following the Effective Date, and each subsequent payment being due 90 days thereafter.

5.6.    If Defendants make a payment before the quarterly deadline, it shall be assumed for the purposes of calculating the payment schedule under this agreement that the payment was made on the quarterly deadline, such that the payment schedule is not accelerated because of an early payment.

5.7.    Payments shall be made by wiring the funds to a client trust account established and held by Plaintiffs' Counsel for this Settlement. Upon execution of this Agreement, Plaintiffs' Counsel shall notify Defendants' Counsel of the name of

the financial institution, the account number, and the routing number of the account into which the settlement proceeds are to be wired.

5.8.    Defendants will likewise forward each quarter to Plaintiffs' Counsel by email separate pay statements for each Settling Plaintiff, identifying the amounts paid to each Settling Plaintiff as W-2 wages, and the itemized payroll taxes and deductions (if applicable).

5.9.    To assist with the above process, Plaintiffs' Counsel will first provide Defendants' Counsel with an installment allocation, identifying the total amount Defendants must pay each quarter, and itemizing the amounts apportioned as wages, liquidated damages, and Service Awards for each Settling Plaintiff and as fees and costs for Plaintiffs' Counsel.

5.10.   Plaintiffs' Counsel is responsible for cutting and distributing checks to the Settling Plaintiffs on a quarterly basis (ten payments in total). These distributions will be made proportionately between Plaintiffs and Plaintiffs' Counsel such that Plaintiffs and Plaintiffs' counsel shall all receive their final installment payments in the final payment from Defendants.

5.11.   Plaintiffs' Counsel shall donate any settlement funds relating to uncashed checks to Atlanta Dream Center, Inc., a *cy pres* beneficiary, 180 days after Plaintiffs' Counsel distributes the final quarterly check payment to Settling

Plaintiffs.

## VI) CONSENT JUDGMENT/CONFESSION OF JUDGMENT

6.1.    The payments as set forth in this Agreement are to be secured by a Consent Judgment (also known as a confession of judgment) against Defendants in an amount equal to the Maximum Settlement Amount, less any payments already tendered at the time of the payment default, which shall be known as the "Default Amount".

6.2.    An unexecuted Consent Judgment is attached hereto as Exhibit B. Plaintiffs' Counsel shall retain the executed version, which Plaintiffs' Counsel shall not file unless authorized under this Agreement.

6.3.    In the event Defendants do not make any of their scheduled payments as described above and do not cure the deficiency within seven (7) business days of Defendants' Counsel receiving written and electronic notice of the deficiency, Plaintiffs will file the Consent Judgment, making Defendants in default of judgment for the remaining Default Amount. Notice of deficiency shall be sent to Defendants' counsel by overnight delivery to Gary Freed, Freed Howard LLC, 101 Marietta Street NW, Suite 3600, Atlanta, Georgia 30303, **and** by email to both beau@freedhoward.com and gary@freedhoward.com. If the email or physical address for notice changes, Defendants will provide written notice of the new

address to counsel for Plaintiffs.

6.4.    Upon default, Defendants shall be permitted to continue making their payments according to the schedule outlined above in Section 5.5, including an annual 6% interest on the past due portion of the Default Amount. Interest for this Default Amount begins on the date of the default and is accrued monthly until payment.

6.5.    If Defendants miss a second scheduled payment pursuant to Section 5.5 and fail to cure within seven (7) business days of Defendants' Counsel receiving written or electronic notice of the deficiency, Plaintiffs shall be entitled to immediately commence collection efforts, including interest and costs associated with collection, on the remaining Default Amount. Defendants shall no longer be permitted to pay the Default Amount in quarterly payments. Notice of deficiency shall be sent to Defendants' counsel by overnight delivery to Gary Freed, Freed Howard LLC, 101 Marietta Street NW, Suite 3600, Atlanta, Georgia 30303, **and** by email to both beau@freedhoward.com and gary@freedhoward.com. If the email or physical address for notice changes, Defendants will provide written notice of the new address to counsel for Plaintiffs.

6.6.    In the event Defendants fulfill their payment obligations under this Agreement in full, Plaintiffs' Counsel shall return the originally-signed Consent

Judgment to Defendants' Counsel.

## VII) RELEASE AND NON-PARTICIPATION

7.1. By entering into this Agreement, Defendants do not admit to liability in this Action.

7.2. Settling Plaintiffs will release all Released Parties of all Released Claims as defined above. Their claims will be dismissed with prejudice.

7.3. Rejecting Plaintiffs (if any) will be dismissed without prejudice. The statute of limitations for their federal overtime and minimum wage claims shall be tolled for thirty (30) days after their dismissal, and their Preliminary Allocation shall be deducted from the Maximum Settlement Amount and retained by Defendants.

7.4. Plaintiffs' Counsel shall move to withdraw from representation of all Non-Responding Plaintiffs, and Defendants may move to dismiss with prejudice the Non-Responding Plaintiffs' claims for failure to prosecute. Monies allocated to Non-Responding Plaintiffs in the Preliminary Allocation shall be redistributed to the Settling Plaintiffs in the Final Allocation.

## VIII) MISCELLANEOUS

8.1. **Jurisdiction of the Court**. Any dispute regarding the interpretation or validity or otherwise arising out of this Agreement, or relating to the Action or the Released Claims, shall be subject to the exclusive jurisdiction of the Court for the

purpose of resolving any such dispute. Following the Effective Date, the Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for the purposes of interpreting, implementing, and enforcing the Settlement in this Agreement and all orders and judgments entered in connection therewith.

8.2. **Nullification**. In the event the Court does not approve the Agreement, the Agreement will be null and void, but the Parties shall work together in good faith to reach a mutually acceptable Settlement, if possible.

8.3. **Sole and Entire Agreement**. This Agreement constitutes the entire agreement of the Parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Settlement Agreement.

8.4. **Counterparts**. This Settlement Agreement shall become effective upon its execution, subject to subsequent Plaintiff and Court approval. The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the parties had signed the same instrument. Any signature made and transmitted by facsimile for the purpose of executing this

Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the signing party.

8.5. **Tax Consequences.** By entering this Agreement, Plaintiffs and Plaintiffs' Counsel agree to indemnify and hold harmless Defendants and Defendants' Counsel for any of Plaintiffs' personal tax consequences arising as a result of the Settlement. Defendants will not be responsible for any taxes, penalties, interest, liens, forfeitures, or costs of audit or litigation incurred by Plaintiffs as a result of their liabilities or alleged liabilities to any federal or state taxing authority.

The Parties have so agreed.

**NICHOLS KASTER, PLLP**
Paul J. Lukas*
Michele R. Fisher
Anna Prakash*
Rebekah L. Bailey*
Robert L. Schug*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
bailey@nka.com
*admitted pro hac vice

**MAYS & KERR, LLC**
John L. Mays, GA Bar No. 986574
Suite 202, North Tower
235 Peachtree Street N.E.
Atlanta, GA 30303
john@maysandkerr.com
meredith@mcarterlaw.com

*Attorneys for Plaintiffs and
the Collective Action*

Individual Plaintiff relief
forms to follow

Marvin Brown
On behalf of himself and Paradise
Entertainment Group, Inc.

Michael Barney, Sr.
On behalf of himself and -M-
Entertainment & Consultant, Service,
Inc.

**FREED HOWARD LLC**
Gary S. Freed, GA Bar No. 275275
F. Beau Howard, GA Bar No. 142641
101 Marietta Street NW
Suite 3600
Atlanta, Georgia 30303
Office: (407) 839-9300
gary@freedhoward.com
beau@freedhoward.com

*Attorney for Defendants*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KEIRA VAUGHAN, *et al.*, individually and on
behalf of all other similarly situated individuals,

      Plaintiffs,

                                    **Case No.: 1:14-cv-00914-SCJ**

v.

PARADISE ENTERTAINMENT GROUP,
INC. d/b/a MAGIC CITY, *et al.*,

      Defendants.

## NOTICE OF SETTLEMENT FOR <<NAME>>

*This Notice Provides Instructions on How You Can Recover Your Settlement Share*

On SETTLEMENT DATE, your attorneys and Paradise Entertainment Group, Inc., -M-Entertainment and Consultant Service, Inc., Marvin Brown, and Michael Barney, Sr. (collectively referred to here as "Magic City"), reached a tentative settlement agreement.

**TO PARTICIPATE, YOU MUST SIGN AND RETURN THE ENCLOSED CONSENT TO SETTLEMENT BY <u><<45 DAY DATE>></u>.**

**If you do, you will receive a settlement payment of $<u><<AMOUNT>></u>, paid to you in ten equal installments over 2.5 years, pending the Court's approval of this settlement.**

### 1. What Can I Expect from the Settlement?

Rather than continue with trial and appeals, Magic City has agreed to pay you an amount equal to $<<AMOUNT>>, after deduction for attorneys' fees and costs. This is a compromise of your claim, and it represents a share of your total damages according to your shifts, hours worked, and fines, fees, and tip-outs you allegedly paid. In exchange, you must sign the enclosed release of all wage claims you may against Magic City during the relevant time. Please read carefully.

<u>You must fill out and return the enclosed IRS Forms W-9 and W-4 to receive payment.</u>

If the Court approves the Settlement, Magic City will provide your attorneys on a quarterly basis an amount equal to $1/10^{th}$ of the Maximum Settlement Amount in 10 equal installments. Your attorneys will send you a check for your allocated share on a quarterly basis in equal amounts, for a total of 10 payments over 2.5 years. Half of the money will be considered wages (W-2) and half as "other income" (1099) for tax purposes. Please consult a tax professional about the tax consequences of these payments and to assist you with tax planning.

**TO OBTAIN YOUR PORTION OF THIS SETTLEMENT, YOU MUST RETURN THE**

**CONSENT TO SETTLEMENT FORM, POSTMARKED BY <u><<45 DATE>></u>.**
<u>You may also fax it to 612-215-6870 or email it to forms@nka.com</u>

Your attorneys believe this settlement is in the best interest of the collective in light of all known facts and circumstances. This settlement is subject to Court approval. A copy of the full Master Settlement Agreement is available to you upon request.

### 2. What will My Attorneys receive from the Settlement?

Pursuant to the legal service agreement in this case, and subject to Court approval, your attorneys will receive a reasonable reimbursement of their fees incurred prosecuting this action of no more than $366,666.67, and reimbursement for out-of-pocket expenses. The attorneys' fees and costs have already been deducted from your allocated amount listed above.

### 3. What do I Release If I accept the Settlement?

Read the attached release carefully. You may consult your attorneys with any questions about this release. To summarize, by settling, you agree to release Magic City, its owners, agents, attorneys, and other representatives of all claims that were or could have been asserted in this Action under state or federal wage and hour laws for unpaid minimum wages, overtime premiums, kickbacks, reimbursements, liquidated damages, costs, attorneys' fees and all other forms of legal or equitable relief available related to the claims and transactions alleged in the Third Amended Complaint that accrued three years before you joined the case until <<DATE>>. You also hold Magic City harmless for any tax consequences that result from this Settlement.

### 4. What Happens After I Sign and Return the Consent to Settlement?

You have 45 days to sign and return your Consent. Your attorneys will then petition the Court to approve the settlement as fair and reasonable. If the Court approves the settlement, Magic City will begin making payments to the trust 30–60 days later. **If you move or if your contact information changes before you receive all checks, please contact your attorneys.**

### 5. What Happens If I Do Not Respond or If I Reject the Settlement?

If you stay silent and do not return the enclosed Consent form by the deadline, your attorneys will withdraw their representation of you, and Magic City will move to dismiss you from the case with prejudice. Your allocated money will be redistributed to the other Plaintiffs.

If you tell your attorneys that you reject the settlement, then you will be dismissed from the case, provided 30 days tolling on your claims, and permitted to refile a separate action if you wish. Magic City will keep the money that we have allocated to settle your claims.

### 6. What If I Have Questions About the Settlement?

Questions about the settlement should be directed to your attorneys:

| | | |
|---|---|---|
| **Nichols Kaster, PLLP** | 80 South 8th St., Ste 4600 | Phone: (877) 448-0492 |
| Attention: Rebekah Bailey | Minneapolis, MN 55402 | Email: bailey@nka.com |

KEIRA VAUGHAN, *et al.*,

      Plaintiffs,                      **Case No.: 1:14-cv-00914-SCJ**

v.

PARADISE ENTERTAINMENT GROUP,
INC. d/b/a MAGIC CITY, *et al.*,

      Defendants.                   **FOR: <u><<NAME>></u>**

## CONSENT TO SETTLEMENT AND RELEASE OF CLAIMS

**Consent to Settlement:** I received the Notice of Settlement. I understand that Magic City is offering to pay me, after deductions for attorneys fees' and costs, $<u><AMOUNT</u> in ten equal installments over thirty months if I sign and return this Consent to Settlement by <<<u>DATE</u>>>. By signing, I consent to the settlement and the terms of the settlement agreement, a copy of which will be made available to me by my attorneys upon request.

**Release of Claims:** Subject to the Court's approval of the settlement, I agree to release and discharge Paradise Entertainment Group, Inc., -M- Entertainment and Consultant Service, Inc., Marvin Brown, and Michael Barney, Sr. (collectively "Magic City"), their respective affiliates and related entities, and all of their incumbent and former officers, legal managers, directors, owners, members, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns, privies and representatives, in their individual and/or representative capacities, of all claims, liabilities, demands, obligations, damages, actions, or causes of action that were or could have been asserted in the Action under state or federal wage and hour laws for unpaid minimum wages, overtime premiums, kickbacks, reimbursements, liquidated damages, costs, attorneys' fees and all other forms of legal or equitable relief available related to claims and transactions alleged in the Third Amended Complaint that accrued three years before you joined the case until <<DATE>>. I further hold harmless Magic City for any tax consequences associated with this Settlement.

I UNDERSTAND THAT I MUST RETURN THIS SIGNED FORM, POSTMARKED, FAXED OR EMAILED BY <u><DATE></u> TO BE INCLUDED IN THE SETTLEMENT.

_____         _____
Signature                              Date

**Mail, Fax or Email this Form by <u><DATE></u> to:**
**Nichols Kaster, PLLP, Attn.: Rebekah Bailey**
**4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402**
**Fax: (612) 338-4878**
**Email: forms@nka.com**

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KEIRA VAUGHAN, JACQUELINE
WOODARD, SASHE OMOGIATE,
and MAKEDA ROOTS, individually
and on behalf of all other similarly
situated individuals,

      Plaintiffs,

v.

PARADISE      ENTERTAINMENT
GROUP, INC. d/b/a MAGIC CITY, .
-M-     ENTERTAINMENT     &
CONSULTANT SERVICE, INC.,
MARVIN L. BROWN, individually, and
MICHAEL     BARNEY,     SR.,
individually,

      Defendants.

Case No.: 1:14-cv-00914-SCJ

## CONSENT JUDGMENT

      Plaintiffs Keira Vaughan, Jacqueline Woodard, and Makeda Roots, on behalf

of themselves and a similarly-situated collective, and Defendants Paradise

Entertainment Group, Inc., -M- Entertainment and Consultant Service, Inc., Marvin

Brown, and Michael Barney, Sr. ("Defendants") (collectively "the parties"), hereby

**STIPULATE AND AGREE** to entry of this Consent Judgment in accordance with

the Agreement entered into by the parties. Specifically, the parties hereby

**STIPULATE AND AGREE** that:

1.     The payments described in the parties' settlement agreement in this case are to be secured by this Consent Judgment against Defendants in the amount of the Maximum Settlement Amount, less any settlement payments already made, in an amount which has been calculated by Plaintiffs' Counsel at the time of filing this Consent Judgment to be: $_____[1] (the "Default Amount"), plus interest and recovery of reasonable costs associated with collection.

2.     Plaintiffs' Counsel shall retain the original executed version of this Consent Judgment and shall not file the executed version unless authorized by Paragraph 3 below.

3.     In the event Defendants do not make any of their scheduled payments as described above and do not cure the deficiency within seven (7) business days of Defendants' Counsel receiving written and electronic notice of the deficiency, Plaintiffs will file this Consent Judgment, making Defendants in default of judgment for the remaining Default Amount. Notice of deficiency shall be sent to Defendants' counsel by overnight delivery to Gary Freed, Freed Howard LLC, 101 Marietta Street NW, Suite 3600, Atlanta, Georgia 30303, **and** by email to both beau@freedhoward.com and gary@freedhoward.com. If the email or physical

---

[1] This amount is to be calculated in good faith and inserted by Plaintiffs' Counsel in handwriting at the time of filing. Plaintiffs' Counsel shall provide notice of the amount to be inserted in this blank to Defendants' Counsel at least 48 hours before filing the Consent Judgment.

address for notice changes, Defendants will provide written notice of the new address to counsel for Plaintiffs.

4.    Upon default, Defendants shall be permitted to continue making their payments according to the schedule outlined in the parties Settlement Agreement, including an annual 6% interest on any past due portion of the Default Amount. Interest for this Default Amount begins on the date of default and is accrued monthly until payment.

5.    If Defendants miss a second scheduled payment pursuant to the Settlement Agreement, and fail to cure within seven (7) business days of Defendants' Counsel receiving written and electronic notice of the deficiency, Plaintiffs shall be entitled to immediately commence collection efforts in accord with applicable law on the entire Default Amount plus interest and reasonable costs and attorneys' fees incurred in the process of collection. Notice of deficiency shall be sent to Defendants' counsel by overnight delivery to Gary Freed, Freed Howard LLC, 101 Marietta Street NW, Suite 3600, Atlanta, Georgia 30303, **and** by email to both beau@freedhoward.com and gary@freedhoward.com. If the email or physical address for notice changes, Defendants will provide written notice of the new address to counsel for Plaintiffs.

6.    In the event Defendants fulfill their payment obligations in full as set forth in the parties' settlement agreement in this case, Plaintiffs' Counsel shall return

the originally-signed Consent Judgment to Defendants' Counsel.

The Parties have so agreed.

_____
**NICHOLS KASTER, PLLP**
Paul J. Lukas*
Michele R. Fisher
Anna Prakash*
Rebekah L. Bailey*
Robert L. Schug*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
bailey@nka.com
*admitted pro hac vice

**MAYS & KERR, LLC**
John L. Mays, GA Bar No. 986574
Suite 202, North Tower
235 Peachtree Street N.E.
Atlanta, GA 30303
john@maysandkerr.com
meredith@mcarterlaw.com

*Attorneys for Plaintiffs and*
*the Collective Action*

Individual Plaintiff relief forms to
follow

_____
Marvin Brown
On behalf of himself and Paradise
Entertainment Group, Inc.


_____
Michael Barney, Sr.
On behalf of himself and -M-
Entertainment & Consultant,
Service, Inc.


**FREED HOWARD LLC**
Gary S. Freed, GA Bar No. 275275
F. Beau Howard, GA Bar No.
142641
101 Marietta Street NW
Suite 3600
Atlanta, Georgia 30303
Office: (407) 839-9300
gary@freedhoward.com
beau@freedhoward.com

*Attorney for Defendants*