# EXHIBIT 6



**FIRM OVERVIEW**

With offices in Minneapolis and San Francisco, Nichols Kaster is a premier employment and consumer litigation firm. Nichols Kaster's practice is solely dedicated to plaintiffs' work, advocating for employees' and consumers' rights on both an individual and class action basis. The firm is composed of more than thirty experienced and talented attorneys dedicated to "fighting for the little guy," and who have been recognized locally and nationally for their achievements.

The firm, throughout its thirty-plus years of practice, has developed a sterling reputation as a top employment and consumer plaintiffs' firm. In September 2014, Nichols Kaster was named one of the top 50 Elite Trial Lawyers by *The National Law Journal* and Law.com, a list of firms "that are doing the most creative and substantial work on the plaintiffs side." The Nat'l Law Journal, *Introducing America's Elite Trial Lawyers*, Sept. 8, 2014. In February 2012, the firm was named to *The National Law Journal*'s 2011 Litigation Boutiques Hot List for its attorneys' courtroom abilities. In the article spotlighting Nichols Kaster, the *Journal* wrote regarding the firm's consumer practice: "The firm is credited with mounting the first challenge to a banking practice known as forced-place insurance" and that "*American Banker* magazine recently concluded that evidence to date in one of the Nichols Kaster suits against JPMorgan Chase 'suggests serious trouble for the banks.'" Jason McLure, *Nichols Kaster Takes the Employees' Side*, The Nat'l Law Journal, Litigation Boutiques Hot List, Feb. 13, 2012. Nichols Kaster has also been ranked as a Best Law Firm by U.S. News & World Report, as a top plaintiffs' employment law firm by Law360, and by Minnesota Lawyer as one of Minnesota's Top 100 Law Firms. In 2009, Nichols Kaster was ranked as one of the top ten busiest FLSA firms in the country by Litigation Almanac 360, which conducted a study of over 500,000 federal cases and received input from more than 200 law firms. Nichols Kaster was the only plaintiffs' firm in the top ten. Nichols Kaster received a First Tier ranking on the 2014 Best Law Firms list in Minneapolis for Litigation-Labor and Employment by US News-Best Lawyers in November 2013. On Martindale Hubbell, the firm has a 5 out of 5 peer rating.  In a recent CityPages article regarding one of the firm's cases, Nichols Kaster was described as "one of the top employment firms in the country." Olivia LaVecchia, *The Perfect Victim: Exploitation and Threat of Deportation*, CityPages, May 29, 2013.

Nichols Kaster, through the years, has and continues to, secure substantial settlements, win significant motions on important issues, and vigorously litigate complex class actions and challenging individual actions against some of the top defense firms nationwide. The firm has been recognized by judges for its successes and extensive experience. Further, Nichols Kaster has been appointed lead or co-counsel on hundreds of class and collective actions and frequently achieves class certification in both litigation and settlement contexts.

Nichols Kaster is led by its experienced and talented partners.[1]

**Don H. Nichols** has over 35 years of experience in the practice of law, has tried over 100 cases to verdict and has obtained over $50 million dollars for his class and collective clients. Don is highly respected by the legal community, as seen by his fellowship in The College of Labor and Employment Lawyers. Don was recently selected by his peers for inclusion in *The Best Lawyers in America*® 2015 and 2016 for his work in Litigation-Labor & Employment. Education: B.A. Augsburg College 1968, J.D. University of Minnesota Law School 1971.

**James H. Kaster** has also tried well over 100 cases to verdict or decision, including a successful case in front of the United States Supreme Court (*Kasten v. Saint-Gobain Performance Plastics Corp.*). He was ranked by Chambers USA as number one among plaintiffs' employment lawyers in Minnesota, was named Lawyer of the Year by Best Lawyers in 2012, and 2016, was selected for inclusion in 2015 as well for his work in Litigation-Labor & Employment, and was named to the 2013 Super Lawyers Minnesota Top 100 List. Jim's success in the courtroom includes earning many million dollar and multi-million dollar recoveries for the plaintiffs. Jim is also a frequent lecturer before local, state, and national organizations on damage recovery and trial skills. He has been published multiple times in the Minnesota Trial Lawyer publication and was selected as a Fellow of the American College of Trial Lawyers, which is a premier professional trial organization in America whose membership is limited to 1% of the trial lawyers in any state or province. In June 2014, Jim was recertified as a Civil Trial Law Specialist, a program administered by the Minnesota State Bar Association and approved by the State Board of Legal Certification, and which is earned by leading attorneys who have completed a rigorous approval process, including an examination in the specialty area, peer review, and documented experience. The achievement has been earned by fewer than 3% of all licensed Minnesota attorneys. Education: B.A. Marquette University 1976, J.D. Marquette University 1979.

**Paul J. Lukas** has been named one of the Top 40 Employment Law Lawyers by Minnesota Law and Politics, named Top Lawyer by Mpls/St. Paul Magazine and named in the Who's Who in Employment Law by Minnesota Law and Politics. Paul is also consistently named to the Minnesota Super Lawyers list each year. Early in his career, Paul tried a wide variety of criminal cases, including the nationally renowned *State v. Porter* case before the Minnesota Supreme Court. He then focused his practice on civil plaintiff litigation, representing thousands of employees and consumers and obtaining well over $100MM for his clients. Paul is also a frequent lecturer on a national level. Education: B.A. St. John's University 1988, J.D. William Mitchell College of Law 1995.

**Steven Andrew Smith** was recently honored by the Minnesota Chapter of the National Employment Lawyers Association as the recipient of the 2014 Karla Wahl Dedicated Advocacy Award. The Award is given to recipients "for their ceaseless and courageous efforts" to protect and advance the rights of Minnesota employees. Steve was also the recipient of the 2011 Distinguished Pro Bono Service Award from the United States District Court for the District of Minnesota, was selected for the Merit Selection Panel regarding the Re-Appointment of U.S. Magistrate Judge Arthur J. Boylan (D. Minn. 2012), has received the Martindale Hubble AV Preeminent rating, and was named to the Best Lawyers in America list for 2014, 2015, and 2016.

---

[1] Biographical information for all of the firm's associate attorneys can be found below.

Steve's trial experience includes trials to verdict in sexual harassment, whistleblower, reprisal/retaliation, commission, contract, gender discrimination, marital status discrimination, disability, and wage and hour claims. Steve has also litigated several notable cases having substantial effect on employees' rights under state and federal employment laws. Steve is often invited to lecture on employment issues both nationally and locally. He has also authored a number of articles on employment law issues such as sexual harassment in the workplace. He was further recognized in 2014 by the United States District Court and Chief Judge Michael J. Davis for his involvement in the Pro Se Project, a project by the United States District Court of Minnesota for assisting individuals representing themselves in federal court. <u>Education</u>: B.A. Concordia College 1990, J.D. William Mitchell College of Law 1995 *cum laude*.

**Michele R. Fisher** has a practice primarily dedicated to national wage and hour class and collective action litigation. She has represented over a hundred thousand employees seeking to recover overtime pay, minimum wages and commission payments. She has successfully handled numerous jury trials and arbitrations. She is a member of the firm's management committee and the chair of its Business Development and Marketing Groups, which originate class and collective actions and market the firm. Michele is a regular speaker at local and national conferences, routinely acts as an author and editor for wage and hour publications, and is active in several organizations. She is the co-chair and a faculty member of the Practicing Law Institute's Wage & Hour Litigation and Compliance conference, the Co-Chair of the ABA Federal Labor Standards Legislation Committee, and a chapter editor for BNA's Wage and Hour Laws: A State-by-State Survey. She has also served as the Co-Editor-in-Chief of the ABA Federal Labor Standards Legislation Committee's Midwinter Report, and an editorial board member for BNA's the Fair Labor Standard Act Treatise. She has been named to the Super Lawyers, Top Women Attorneys, and Rising Star lists repeatedly, is a member of the Top 100 National Trial Lawyers, and a Lawyer of Distinction. Michele provides pro bono representation for the Children's Law Center. <u>Education</u>: B.A. St. Cloud State University 1997, J.D. William Mitchell College of Law 2000.

**Matthew H. Morgan** has been an adjunct faculty member at William Mitchell College of Law and a frequent lecturer at legal seminars. He also received a CALI Award in Business Organization and was named to the Who's Who in Employment Law. Matt was recently named to the 2014 Super Lawyers list, Minnesota Super Lawyers, Mpls/St. Paul Magazine, and Twin Cities Business. Matt is a skilled litigator, trying cases to verdict in both jury and bench trials. In 2012, Matt tried two jury trials against large health organizations and received verdicts in favor of the plaintiff in each of them. Matt has represented clients on a variety of complex matters including non-competition and non-solicitation provisions of employment and separation agreements, discrimination, retaliation, professional licensure, sexual harassment, breach of duty of loyalty, unfair competition, and breach of contract. <u>Education</u>: B.A. University of Minnesota 1996, J.D. William Mitchell College of Law 2000.

**Kai H. Richter** has years of consumer class action experience, having managed the Complex Litigation Division of the Minnesota Attorney General's Office prior to coming to Nichols Kaster. He has testified before the Minnesota House of Representatives Civil Law Committee regarding consumer enforcement litigation and other social justice matters. Kai is also a 2014-15 Co-Chair of the Consumer Litigation Section for the Minnesota State Bar Association. <u>Education</u>: B.A. Dartmouth College 1995, J.D. University of Minnesota 1999 *cum laude*.

**Rachhana T. Srey** has extensive wage and hour experience. She contributes to the National Employment Lawyers Association Class and Collective Action Committee's quarterly publication. She recently took a large class case to trial and won significant recovery for the class members. Rachhana has spoken nationally and locally on topics related to the FLSA and discovery in civil litigation. <u>Education</u>: B.A. University of Minnesota 2000, J.D. William Mitchell College of Law 2004 *cum laude*.

**Matthew C. Helland** has been named to the Rising Stars list, Northern California Super Lawyers and San Francisco Magazine and has extensive employment law experience. He has spoken at several conferences and seminars on the WARN Act and EPPA and FLSA collective actions. Matt manages the firm's San Francisco office and is well-versed in both California and Minnesota state law. Matt has worked on multiple large class actions in his career, involving a variety of issues, including wage and hour rights, WARN Act violations, breach of contract, and Truth in Lending Act claims. <u>Education</u>: B.A. Rhodes College 2002, J.D. University of Minnesota Law School 2005 *magna cum laude*.

**David E. Schlesinger** has represented thousands of employees in cases involving discrimination, retaliation, breach of contract, unpaid wages, shareholder rights, FLSA, and non-competes and trade secrets. David, as first-chair, has tried and won cases in both trial and arbitration. He has also argued before the Minnesota Supreme Court. David teaches Practice and Professionalism at the University of Minnesota Law School. <u>Education</u>: B.A. Mary Washington College 2001, J.D. University of Minnesota Law School 2006 *cum laude*.

**Anna P. Prakash** has represented thousands of employees and consumers in collective and class actions under the Fair Labor Standards Act, Fair Credit Reporting Act, and state employment and consumer protection laws since joining Nichols Kaster in 2009. She currently helps to lead the firm's national consumer class action team and consumer origination group. Over the course of her career, she has achieved many successes for her clients, including the summary judgment victories referenced below in *Huff, Hart,* and *Clincy*, successful appeal in *Bible*, and the trial verdict in *FTS*. <u>Education</u>: B.A. University of Michigan 2002, J.D. Cornell Law School 2005.

**Rebekah L. Bailey** has represented tens of thousands of employees and consumers primarily in complex class and collective actions across the country. Over the years, she has served on numerous trial and arbitration teams, and successfully first chaired a bench trail. Rebekah has achieved several affirmative summary judgment determinations and certification decisions, including in *Henderson*, *Vaughan*, *Spar*, and *Norris-Wilson*, mentioned below. Rebekah has spoken at national continuing legal education seminars and was recognized as a Minnesota Super Lawyer in 2014, 2015, and 2016. Rebekah is an associate editor for the ABA FLSA Legislation Committee's Mid-Winter Report, and she served as a member of the Alumni Advisory Board for the University of Minnesota's Journal of Law & Inequality. <u>Education</u>: B.S. Grand Valley State University 2004 *magna cum laude*, J.D. University of Minnesota Law School 2008 *magna cum laude*.

**Reena I. Desai** has dedicated her career to helping thousands of employees recover unpaid wages and has also handled matters involving race, age and disability discrimination. Reena has extensive complex litigation experience and frequently speaks at conferences and seminars on employment law issues. Reena has been recognized as a Rising Star from 2014-2016, won the

Outstanding Achievement Award for Employment Discrimination Law by the Minnesota State Bar Association in 2008 and received the Dorothy O. Lareau Award for writing in law school. Education: B.A. George Washington University 2002 *magna cum laude*, J.D. University of Minnesota Law School 2007 *cum laude.*

The firm's partners are consistently named to the Minnesota Super Lawyers or the Super Lawyers' Rising Stars list. In January 2012, the firm's partners were featured in Newsweek's 20 Leaders in Employment Law showcase.

Many of Nichols Kaster's associate attorneys have also been recognized on the Minnesota Super Lawyers and Rising Stars lists over the years. Nichols Kaster's attorneys are active in many organizations, have been admitted in numerous state and appellate courts, and frequently speak to national audiences. Nichols Kaster has tried multiple large class actions to verdict, and its attorneys have experience arguing before the United States Supreme Court, several federal Courts of Appeals and the Minnesota Supreme Court.

---

## JUDICIAL RECOGNITION

Courts have widely acknowledged Nichols Kaster's exemplary class action practice. Below are a few examples of such recognition.

### The Honorable Judge Sidney H. Stein of the U.S.D.C. S.D.N.Y.:

*[T]he quality of representation, as evidenced by the substantial recovery and the qualifications of the attorneys, is high. As then District Judge Gerard E. Lynch recognized, Nichols Kaster is "a reputable plaintiff-side employment litigation boutique with a nationwide practice and special expertise prosecuting FLSA cases."*

*Febus v. Guardian 1st Funding Grp., LLC*, 870 F. Supp. 2d 337 (S.D.N.Y. June 22, 2012) (citing *Imbeault v. Rick's Cabaret Int'l Inc.*, No. 08-Civ.-5458 (GEL), 2009 WL 2482134, at *3 (S.D.N.Y. Aug. 13, 2009)) (granting motion for attorneys' fees).

### Special Master David R. Cohen (appointed by the Honorable Kathryn Vratil):

*So I'll just close by saying that this is as complicated a question as any I've seen in any case I've worked by a factor of, you know – not just a little bit more complicated. It's enormously more complicated. And the worked that all of you have put into trying to solve this problem ranging from your legal analysis to your math has been really extraordinary.*

*Sibley v. Sprint Nextel Corp.*, No. 08-2063 (D. Kan. Dec. 19, 2014) (transcript from expert summit) (addressing both parties).

### The Honorable Judge Michael J. Davis of the U.S.D.C. D. Minn.:

*The settlement was the result of arm's-length negotiations between experienced counsel. Class Counsel is well known by this Court for their expertise in wage and hour litigation.*

*Burch v. Qwest Commc'ns Intl.,* No. 06-03523 (D. Minn. Sept. 14, 2012) (granting settlement approval).

### The Honorable Judge Paul A. Engelmayer of the U.S.D.C. S.D.N.Y.:

*The high quality of Nichols Kaster's representation strongly supports approval of the requested fees. The Court has previously commended counsel for their excellent lawyering. See Dkt 541 at 98 ("I have benefited by very high-quality briefing from both of you."). The point is worth reiterating here. Nichols Kaster was energetic, effective, and creative throughout this long litigation. The Court found Nichols Kaster's briefs and arguments first-rate. And the documents and deposition transcripts which the Court reviewed in the course of resolving motions revealed the firm's far-sighted and strategic approach to discovery....Further, unlike in many class actions, plaintiffs' counsel did not build their case by piggybacking on regulatory investigation or settlement. ... The lawyers at Nichols Kaster can genuinely claim to have been the authors of their clients' success.*

*Hart v. RCI Hospitality Holdings, Inc.*, No. 09 Civ. 3043, 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) (granting final approval of settlement and awarding attorneys' fees and costs).

### The Honorable Judge William Alsup of the U.S.D.C. N.D. Cal.:

*...Mr. Richter did a fine job in a case I had. .... and he came back with a real settlement that benefited those class members. He did an excellent job in that case.*

*Lane v. Wells Fargo Bank, N.A.*, No. 12-4026 (N.D. Cal.) (transcript from hearing on motion for class certification and Nichols Kaster's motion to intervene) (referring to the settlement achieved by Nichols Kaster attorney Kai Richter in *Hofstetter v. Chase Home Fin., LLC*, No. 10-01313).

*I want to say that both sides here have performed at an admirable level. And I wish that the lawyers of all cases would perform at your level. I say this to both of you, because you have you have been of assistance to the Court.*

*Hofstetter v. Chase Home Fin., LLC*, No. 10-01313 (N.D. Cal. Nov. 7, 2011) (transcript from final class settlement approval hearing).

> *Plaintiffs' counsel are experienced class-action counsel.*

*Hofstetter*, No. 10-01313, 2011 WL 1225900 (N.D. Cal. Mar. 31, 2011) (order appointing Nichols Kaster as class counsel and certifying the classes).

### The Honorable Judge Richard H. Kyle of the U.S.D.C. D. Minn.:

> *Well, I think you did a great job on this. I mean, I really do. It's nice to see when cases go, and go quickly, and I know that it's a little different than a lot of other cases but it still -- you still have a lot of fooling around here that doesn't have to be done, but it seems to me you folks have gotten it done the right way. So I look forward to seeing you all [at the final approval hearing].*

*Bible v. Gen. Revenue Corp.*, 12-CV-1236 (D. Minn. Jan. 6, 2014) (transcript from preliminary approval hearing).

> *The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.*

*Bible*, No. 12-CV-136 (D. Minn. Jan. 7, 2014) (appointing Nichols Kaster as class counsel and preliminarily certifying a consumer protection class regarding claims under the Fair Debt Collection Protection Act).

> *..the court finds that Plaintiffs' Lead Counsel are qualified to represent the Class.*

*Stewart v. CenterPoint Energy Resources Corp.*, 05-CV-1502-RHK/AJB, 2006 WL 839509, at *1 (D. Minn. Mar. 28, 2006) (appointing class counsel and preliminarily certifying consumer protection class regarding illegal heat shut-offs for settlement purposes).

### The Honorable Chief Judge Deborah Chasanow of the U.S.D.C. D. Md.:

> *...the attorneys at Nichols Kaster, PLLP are qualified, experienced, and competent, as evidenced by their background in litigating class-action cases involving FCRA violations.*
> *….*
> *As noted above, Plaintiffs' attorneys are experienced and skilled consumer class action litigators who achieved a favorable result for the Settlement Classes.*

*Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 677, 683 (D. Md. 2013) (granting final approval of consumer class action settlement).

> *...the attorneys at Nichols Kaster, PLLP, are qualified, experienced, and competent.*

*Singleton*, No. 11-cv-01823 (D. Md. May 13, 2013) (appointing class counsel and preliminarily certifying consumer protection classes regarding claims under the Fair Credit Reporting Act for settlement purposes).


### The Honorable Judge Joan M. Azrack of the U.S.D.C. E.D.N.Y.:

> *...Plaintiffs' counsel "have an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area."*

> *Nichols Kaster and O&G's lawyers have substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law....Courts have repeatedly found Nichols Kaster and O&G to be adequate class counsel in employment law class actions.*

*Westerfield v. Wash. Mut. Bank*, No. 06-2817, 2009 WL 6490084 (E.D.N.Y. June 26, 2009) (preliminarily approving settlement and appointing class counsel).


### The Honorable Judge Virginia A. Phillips of the U.S.D.C. C.D. Cal.:

> *Plaintiffs have demonstrated sufficiently that their counsel will represent the proposed classes adequately. Counsel has identified and investigated the claims in this action, has extensive experience handling class actions similar to this one, has demonstrated knowledge of the applicable law, and has adequate resources to represent the proposed classes.*

*Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 574 (C.D. Cal. July 30, 2008) (appointing class counsel and certifying the class).

> *Over the past two years, Class Counsel has been active in all stages of litigation and has particularly benefitted Plaintiffs through capable handling of motion practice. For example, Plaintiffs obtained summary judgment on a key issue involving the <u>Morillion</u> doctrine and defeated summary judgment on Defendants' <u>de minimis</u> defense.*

*Cervantez*, No. 07-729 (C.D. Cal. Oct. 29, 2010) (granting final approval of settlement).


### The Honorable Magistrate Judge Leo I. Brisbois of the U.S.D.C. D. Minn.

> *Surprisingly Defendants also argue that Plaintiff's legal counsel is not able to vigorously prosecute this case, asserting that [Michele Fisher] and her firm do not have experience with prevailing wage class action suits. Defendant's conclusory assertion is without merit. In support of his motion, Plaintiff submitted the resume of his firm Nichols Kaster, LLP, which indicates that Plaintiff's counsel has extensive experience with wage disputes and class actions.*

*Seipel v. Safety Signs, Inc.*, No. 15-cv-71 (D. Minn. Aug. 27, 2015) (ECF No. 64) (recommending that plaintiff's motion for class certification under Fed. R. Civ. P. 23 be granted and Nichols Kaster be appointed as class counsel)

### The Honorable Magistrate Judge Laurel Beeler of U.S.D.C. N.D. Cal.

> *Plaintiffs retained counsel with significant experience in prosecuting force-placed insurance cases, and other courts in this district have appointed them class counsel in force-placed insurance cases. ... Counsel have worked vigorously to identify and investigate the claims in this case, and, as this litigation has revealed, understand the applicable law and have represented their clients vigorously and effectively.*

*Ellsworth v. U.S. Bank, N.A.*, No. C 12-02506 LB, 2014 WL 2734953 at *18 (N.D. Cal. June 13, 2014) (granting plaintiffs' motion for class certification and appointing Nichols Kaster as class counsel).

### The Honorable Judge Kathryn Vratil of U.S.D.C. D. Kan.:

> *The Court must consider the work counsel has done in identifying or investigating potential claims in the actions, counsels' experience in handling class actions and other complex litigation and claims of the type asserted in the present action, counsels' knowledge of the applicable law, and the resources counsel will commit to representing the class. Fed.R.Civ.P. 23(g)(1)(C). After reviewing the record, the Court is satisfied that the firms of Nichols Kaster, PLLP and Stueve Siegel Hanson LLP satisfy these criteria and will adequately represent the interests of the class as counsel.*

*Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 677 (D. Kan. 2008) (order granting class certification and appointing Nichols Kaster as class counsel).

### The Honorable Magistrate Judge Tony N. Leung of the U.S.D.C. D. Minn.:

> *...[T]he combined experience of Plaintiffs' counsel as well as the fact that employment law, particularly the representation of employees, forms a large part of both the firm and counsel's practice persuades this Court that the law firm of*

> *Nichols Kaster, PLLP, and its attorneys Steven Andrew Smith and Anna P. Prakash will more than adequately protect the interests of the Class Members.*

*Fearn v. Blazin' Beier Ranch, Inc.*, No. 11-743 (D. Minn. Jan. 30, 2012) (recommending preliminary approval of settlement and appointing class counsel).

> *Plaintiffs have shown good cause under Rule 16(b) because Plaintiffs' new counsel has shown the necessary diligence. Plaintiffs brought on Nichols Kaster, an experienced employment law firm of high repute as lead counsel in May 2012. Since that time, Plaintiffs have made a concerted effort to comply with this Court's orders and deadlines.*

*Alvarez v. Diversified Main. Sys., Inc.*, No. 11-3106 (D. Minn. Aug. 21, 2012) (granting motion to amend).

### The Honorable Judge Gary Larson of Minn. Dist. Ct., Hennepin County:

> *...Plaintiff's counsel are qualified, experienced attorneys that are fully capable of conducting this class action litigation...they are highly qualified, knowledgeable attorneys that are willing to invest the resources necessary to fully prosecute this case.*

*Karl v. Uptown Drink, LLC*, No. 27-CV-10-1926 (Minn. Dist. Ct. Nov. 17, 2010) (appointing Nichols Kaster as class counsel and certifying the class).

### The Honorable Judge Susan M. Robiner of Minn. Dist. Ct., Hennepin County:

> *Plaintiffs' counsel are adequate legal representatives for the class. They have done work identifying and investigating potential claims, have handled class actions in the past, know the applicable law, and have the resources necessary to represent the class. The class will be fairly and adequately represented.*

*Spar v. Cedar Towing & Auction, Inc.*, No. 27-CV-411-24993 (Minn. Dist. Ct. Oct. 16, 2012) (certifying class and appointing Nichols Kaster as class counsel).

### The Honorable Judge David N. Hurd of the U.S.D.C. N.D.N.Y.:

> *Finally, Plaintiffs and their counsel have fairly and adequately represented the interests of the Settlement Classes.*

*Casey v. Citibank, N.A., et al.*, 12-CV-820, and *Coonan v. Citibank, N.A.*, 13-CV-353 (N.D.N.Y. April 2, 2014) (appointing Nichols Kaster as co-lead counsel and preliminarily approving class wide settlement classes in a $110MM force-placed insurance settlement)

**The Honorable Judge Lorna G. Schofield of the U.S.D.C. S.D.N.Y.:**

*Nichols Kaster has demonstrated it is able fairly and adequately to represent the interests of the putative class*

*Ernst v. DISH Network, LLC, et al.*, 12-CV-8794 (S.D.N.Y. July 23, 2013) (appointing Nichols Kaster as interim class counsel for a putative class with Fair Credit Reporting Act claims against consumer reporting agency).

**The Honorable Judge John G. Koetl of the U.S.D.C. S.D.N.Y.:**

*..[C]lass counsel ha[s] demonstrated their interest in vigorously pursuing the claims of the class.*

*Hart v. Rick's Cabaret, Intl., Inc.,* No. 09-3043, 2010 WL 5297221, at *6 (S.D.N.Y. Dec. 20, 2010) (appointing Nichols Kaster as class counsel and certifying the class).

**The Honorable Judge Larry Alan Burns of the U.S.D.C. S.D. Cal.:**

*[Defendant] doesn't question whether Plaintiffs are represented by qualified and competent counsel, and it's obvious that they are. Plaintiffs' are represented by a national law firm, Nichols Kaster, that specializes in employment and class action law.*

*Norris-Wilson v. Delta-T Grp., Inc.,* 270 F.R.D. 596, 605 (S.D. Cal. 2010) (certifying a Rule 23 wage and hour class and appointing Nichols Kaster as class counsel).

**The Honorable Judge Susan Richard Nelson of the U.S.D.C. D. Minn.:**

*Plaintiffs' Counsel are qualified attorneys with extensive experience in class action and wage and hour litigation and are hereby appointed as Class Counsel.*

*Alvarez v. Diversified Main. Sys., Inc.*, No. 11-3106 (D. Minn. Feb. 14, 2013) (appointing class counsel and preliminarily certifying the class for settlement purposes).

**The Honorable Judge Thomas D. Schroeder of the U.S.D.C. M.D.N.C.:**

*However, the difficulty of the legal issues involved [and] the skill and experience of Plaintiffs' counsel in FLSA cases . . . make an enhancement of the lodestar amount appropriate in this case.*

*Latham v. Branch Banking & Trust Co.*, No. 1:12-cv-00007, 2014 WL 464236 (M.D.N.C. Jan. 14, 2014) (granting final approval of class action settlement).


**Arbitrator Joel Grossman, Esq.**

*The Arbitrator also notes that the briefs submitted by Claimant's counsel and the performance at the hearing by Claimant's counsel were of a very high quality.*

*Green v. CashCall, Inc.*, JAMS Arbitration No. 1200047225(JAMS Aug. 22, 2014) (awarding Nichols Kaster's fees and costs).

---

## AREAS OF PRACTICE

### EMPLOYMENT LITIGATION: Collective/Class Actions & Individual Plaintiffs

Nichols Kaster has, and continues to, litigate on behalf of thousands of employees in multiple state and nationwide cases. The firm has filed lawsuits regarding various violations, including but not limited to, failure to pay overtime, minimum wage violations, misclassification, off-the-clock work, donning and doffing, discrimination, and Minnesota gratuities statutes violations.

Types of Employment Cases Nichols Kaster Handles:

-Fair Labor Standards Act, Overtime & Minimum Wage Violations
-Wage Fixing
-Equal Pay Act
-Criminal Background Discrimination
-Federal Railway Safety Act Violations
-Employee Benefits
-Breach of Contract
-Non-Compete Agreements
-Defamation
-Severance
-Workers Adjustment Retraining Notification Act
-Sexual Harassment
-Discrimination
-Americans with Disability Act
-Family Medical Leave Act
-Retaliation Claims

## CONSUMER LITIGATION: Class Actions

Nichols Kaster has developed a national consumer class action team dedicated to investigating and filing suits to ensure consumers' rights are represented.  The consumer cases the firm has filed have alleged various violations, some of which are listed below.  In the last six years, the firm has initiated more than 140 consumer cases, the vast majority of which were brought on a class-wide basis.

Types of Consumer Cases Nichols Kaster Handles:

-Force-Placed Insurance
-Fair Credit Reporting Act
-Improper Background Checks
-Fair Debt Collection Practices Act
-Student Loans
-False Advertising & Deceptive Marketing
-Information Privacy/Data Breach
-Interest Overcharges & Misapplication of Loan Payments
-Predatory Lending
-Unfair & Deceptive Business Practices
-Unfair & Unconscionable Contracts
-Unfair Credit Billing Practices
-Unfair Credit Reporting Practices
-Unfair Debt Collection Practices


## WHISTLEBLOWER/QUI TAM

Nichols Kaster represents whistleblowers across the country, protecting individuals who have "blown the whistle" on illegal activity.  These cases involve the reporting of possible government fraud, mishandling of toxic substances, violations of tax or securities laws, discrimination in education, failure to provide access to public facilities, and more.  Nichols Kaster also represents individuals who have brought claims on behalf of the government against entities who have defrauded the government under the False Claims Act (also known as "qui tam" lawsuits).

## <u>NOTABLE LITIGATION RESULTS</u>

Recent highlights of Nichols Kaster's cases include:

In *Mayfield-Dillard v. Direct Home Health Care, Inc.*, 0:16-cv-3489, 2017 WL 945087 (D. Minn. Mar. 10, 2017), the district court granted Plaintiffs' motion for conditional certification, certifying a group of home health care workers who challenged Defendant's practice of paying straight-time only, for overtime hours worked.

In *Andrus v. New York Life Insurance Company, et al.*, 1:16-cv-05698 (S.D.N.Y. Feb. 16, 2017), the court granted preliminary approval of the parties' proposed $3 million settlement in a case where plaintiffs allege that the defendants breached their fiduciary duties in violation of the Employee Retirement Income Security Act of 1974.

In *Henderson v. 1400 Northside Drive, Inc., d/b/a Swinging Richards and C.B. Jones,* No. 1:13-cv-03767 (N.D. Ga.), Nichols Kaster, PLLP achieved a $1,360,000.00 settlement on the eve of trial on behalf of 37 male exotic dancers who were misclassified as independent contractors and required to pay to work through the imposition of mandatory house fees, fines, and tip-outs of other workers.

In *Clark v. Centene Co. of Tex., L.P.*, No. 15-50606, 656 F. App'x 688, 2016 WL 3974099 (5th Cir. July 22, 2016) (per curiam), the U.S. Court of Appeals for the Fifth Circuit affirmed a lower court decision that appeals nurses do not fall within the administrative or professional exemptions of the FLSA overtime requirements.

In *Henderson v. 1400 Northside Drive, Inc.*, No. 1:13-cv-3767, 2016 WL 3125012 (N.D. Ga. June 3, 2016), the district court granted in part Plaintiffs' affirmative motion for summary judgment on the issues of: (1) whether the owner qualified as a joint employer, (2) the viability of the defendants' counterclaims, and (3) whether minimum wage damages includes recovery for fines, fees, and tipouts paid by the employee to the employer.

In *Carter v. HealthPort Technologies, LLC*, No. 15-1072, 822 F.3d 47, 2016 WL 2640989 (2d Cir. May 10, 2016), the U.S. Court of Appeals for the Second Circuit vacated and remanded the district court's dismissal of plaintiff's complaint, finding that plaintiff's had Article III standing to bring this action regarding the excessive fees for providing copies of plaintiffs' medical records charged by defendants, and stating that "because the complaint alleged that each name plaintiff "through [her or his] counsel" had "paid" the charges demanded for the records, and that the "ultimate expense" was borne by the plaintiffs, the complaint plausibly alleged that plaintiffs, as principals acting through their agents, had been injured by the alleged overcharges." *Id.*

In *Bowers v. BB&T Corporation*, No. 1:15-cv-732-CCE-JEP (M.D.N.C. Apr. 18, 2016), the court denied defendant's motion to dismiss, finding that plaintiff's allegations regarding Employment Retirement Income Security Act ("ERISA") violations related to defendant's management of plaintiffs' 401(k) Savings Plans are sufficient for litigation to move forward.

In *Brotherston v. Putnam Investments, LLC*, No. 1:15-cv-13825-WGY, 2016 WL 1397427 (D. Mass. Apr. 7, 2016), the court denied defendant's motion to dismiss, finding that plaintiff's allegations regarding Employment Retirement Income Security Act ("ERISA") violations related to defendant's management of plaintiffs' 401(k) Savings Plans are sufficient for litigation to move forward.

In *Vaughan v. M-Enterm't Props., LLC*, No. 1:14-CV-914, 2016 WL 7365201 (N.D. Ga. Mar. 15, 2016), the district court granted in part exotic dancer plaintiffs' affirmative motion for summary judgment on the issues of (1) whether entertainers qualify as employees under the FLSA, (2) whether related entity defendants qualified as joint employers, (3) the viability of the defendants' offset defense, and (4) the viability of the defendants' counterclaims.

In *Heaton v. Social Finance, Inc.*, No. 3:14-cv-05191-the, 2015 WL 6003119 (N.D. Cal. Oct. 15, 2015), the court denied defendants' motion for summary judgment, finding that there were triable issues of fact as to whether defendants had violated the statutes at issue, whether the alleged violations were willful, and finding that defendants had failed to meet their burden as to plaintiffs' claims under the California Unfair Competition Law.

In *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633 (7th Cir. 2015), *reh'g. en banc denied*, 807 F.3d 839 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 1607 (2016) the U.S. Court of Appeals for the Seventh Circuit reversed the district court's dismissal of plaintiff's complaint against a student loan guarantor for wrongfully charging collection fees on a defaulted student loan, finding that plaintiff's claims for breach of contract and for violations of the RICO Act were not preempted by the Higher Education Act, and stating that "a guaranty agency may not impose collection costs on a borrower who is in default for the first time but who has timely entered into and complied with an alternative repayment agreement." *Id.*

In *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, 2015 WL 7075971 (W.D. Tex. Oct. 5, 2015), the court granted plaintiffs' motion for conditional certification, conditionally certifying a class of employees alleging violations of the overtime wage provisions of the Fair Labor Standards Act by a multinational corporation that produces major commodities including oil and gas.

In *Payne v. WBY, Inc*., 141 F. Supp. 3d 1344 (N.D. Ga. 2015) the court denied defendant's motion to compel arbitration of opt-in plaintiffs in an FLSA conditionally certified collective action. The court held that the defendant's alleged posting of an arbitration agreement on a bulletin board in the breakroom without additional notice to workers of its existence, its terms, or its binding nature was insufficient to establish an offer or acceptance of its terms.

In *Miller v. Fleetcor Technologies Operating Co., LLC*, 118 F. Supp. 3d 1351 (N.D. Ga. 2015), the court denied defendant's motion for decertification, agreeing with plaintiffs that each individual claim and the case as a whole should be kept together, allowing plaintiffs to move forward as a collective group.

In *Johnson v. Casey's Gen. Stores, Inc.*, 116 F. Supp. 3d 944 (W.D. Mo. July 27, 2015), the court denied defendant's motion to dismiss, finding that plaintiff's allegations regarding Fair Credit

Reporting Act violations and the willfulness of defendant's conduct sufficient for litigation to move forward.

In *Henderson v. 1400 Northside Drive, Inc.*, 110 F. Supp. 3d 1318 (N.D. Ga. 2015), the court granted plaintiffs' motion for partial summary judgment on the issues of: (1) the creative professional exemption, finding that defendants misclassified adult entertainers as exempt from the overtime and minimum wage requirements of the FLSA; and (2) offset, finding that defendants could not offset their minimum wage obligations with tips paid by customers to adult entertainers.

In *Clark v. Centene Company of Texas, LP*, 104 F. Supp. 3d 813 (W.D. Tex. 2015), upon the conclusion of a bench trial, the court awarded damages to a collective action of utilization review nurses. The court found that plaintiffs submitted sufficient evidence to create a just and reasonable inference as to overtime hours worked by the collective and awarded liquidated damages. This victory followed the court's order on the parties' cross-motions for summary judgment and defendant's motion for decertification last year, holding that the defendant misclassified its utilization nurses. 44 F. Supp. 3d 674 (W.D. Tex. 2014). The court ruled that plaintiffs are not exempt from the Fair Labor Standards Act's overtime laws and are thus eligible for overtime pay. The court further held that defendant's claim that each plaintiff's claim would need to be analyzed individually to determine liability and damages was without merit.

In *Lengel v. HomeAdvisor, Inc.*, 102 F. Supp. 3d 1202 (D. Kan. 2015), the court denied defendant's motion to dismiss, finding that plaintiff's allegations regarding Fair Credit Report Act violations and the willfulness of defendant's conduct sufficient for litigation to move forward.

In *Perez v. Mortgage Bankers Association*, 135 S. Ct. 1199 (2015), the United States Supreme Court ruled unanimously in favor of a group of employees represented by Nichols Kaster. The Court upheld a Department of Labor interpretation granting minimum wage and overtime compensation for mortgage loan officers.

In *Febus v. Guardian First Funding Group, LLC*, 90 F. Supp. 3d 240 (S.D.N.Y. Mar. 4, 2015), plaintiffs brought a motion to enforce a wage and hour settlement from which one of the individual defendants defaulted. The court ordered the defendant pay the amount due, imposed an additional thirty percent penalty on the amount due, and awarded interest. The court noted that Nichols Kaster had been "attempting, in vain, to collect," and emphasized that defendant "cannot avoid his contractual obligations because he has decided that the settlement terms no longer suit his interests."

In *Hart v. Rick's Cabaret Int'l, Inc.*, No. 09 Civ 3043, the court denied decertification of the FLSA Collective and Rule 23 Class of approximately 2,300 adult entertainers at Rick's Cabaret in New York and granted, in part, plaintiffs' affirmative motion for partial summary judgment on damages, finding that no reasonable jury could conclude the Class was owed less than $10.8 million. 2014 WL 6238175 (S.D.N.Y. Nov. 14, 2014). This significant ruling came approximately one year after the court ruled that the Class and Collective Members are employees as a matter of law under the FLSA and New York Labor Law and that Rick's Cabaret

violated both laws by failing to pay wages. The court further held that the money entertainers received from Rick's Cabaret's customers were tips and not service charges that could offset wage obligations and that Rick's Cabaret violated New York Labor Law by charging Class and Collective Members fines and fees as a condition of employment. 967 F. Supp. 2d 901 (S.D.N.Y. Sept. 10, 2013). On September 22, 2015, the court granted final approval of a class-wide $15 million gross settlement, finding the settlement to be fair, reasonable, and adequate and further awarding plaintiffs' counsel's attorneys' fees, expenses, and service awards to the named plaintiffs and discovery participants. 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015).

In the consolidated lawsuits of *Casey v. Citibank, N.A.*, No. 5:12-cv-0820 (N.D.N.Y.) and *Coonan v. Citibank, N.A.*, No. 1:13-cv-00353, 2014 WL 4120599 (N.D.N.Y.) (Aug. 21, 2014), the court granted final approval of an approximately $110 million settlement on behalf of settlement classes who were force-placed with flood or hazard insurance by Citibank, N.A. The settlement also provides substantial injunctive relief, forbidding Citibank and its affiliates from accepting commissions or any other form of compensation in connection with force-placed insurance for a period of six years, places limits on the amount of insurance coverage that Citibank may require borrowers to maintain, and requires Citibank to offer class members the opportunity to reduce their flood insurance coverage if Citibank had increased their coverage amount to an amount in excess of the amount required under federal law. The court found the settlement to be "fair, reasonable, and adequate, in the best interests of the Settlement Classes" and overruled nine objections.

In *Bible v. General Revenue Corp.*, No. 12-cv-01236 RHK (D. Minn. June 27, 2014), the court granted final approval of a $1.25 million settlement on behalf of approximately 134,000 class members, more than double the statutory cap for a Fair Debt Collection Practices Act class action.

In *Pearsall-Dineen v. Freedom Mortgage Corp.*, No. 13-cv-06836-JEI-JS, 2014 WL 2873878 (D. N.J. June 25, 2014), the court conditionally certified the Fair Labor Standards Act overtime case as a collective action. The judge's order authorized notice of the lawsuit to be disseminated to all mortgage underwriters who worked for Freedom Mortgage in the last three years, providing them the opportunity to join the lawsuit and to assert their overtime claims against the defendant for failing to pay them overtime hours.

In *Wolfram v. PHH Corp.*, No. 1:12-cv-599, 2014 WL 2737990 (S.D. Ohio June 17, 2014), the court granted plaintiffs' motion for partial summary judgment, finding that the assigned real estate offices from where plaintiffs, who are current or former loan officers employed by defendant, worked where all serving as the "employer's place of business" under the outside sales exemption of the Fair Labor Standards Act. This established that an employee may work from multiple sites, not technically owned or operated by the employer, and each of those sites can be considered the "employer's place of business" under the regulations, therefore any work performed at these sites is not "outside" work under the outside sales exemption.

In *Ellsworth v. U.S. Bank, N.A.*, No. C 12-2506-LB, 2014 WL 2734953 (N.D. Cal. June 13, 2014), the court issued a broad class certification ruling on behalf of plaintiff-borrowers who were force-placed with flood insurance. In its order, the court certified multi-state classes of

borrowers spanning forty different states to pursue claims against U.S. Bank for breach of their mortgage agreements stemming from U.S. Bank's force-placed insurance practices. In addition, the court separately certified classes of borrowers in California and New Mexico to pursue claims against U.S. Bank and its force-placed insurance vendor, ASIC, for unjust enrichment, unfair business practices, and/or breach of the covenant of good faith and fair dealing.

In *MacIntyre v. Lender Processing Services, Inc.*, No. 3:13-cv-89-J-25JBT (M.D. Fla. Apr. 29, 2014), the court granted affirmative summary judgment to plaintiff (a Minnesota resident) on a breach of contract claim for an unpaid bonus, and used its discretion to enforce Minnesota state law for defendant's (a Florida company) failure to promptly pay wages. The court simultaneously denied defendant's motion to dismiss plaintiff's gender discrimination claims ruling, in part, that defendant's actions toward plaintiff constituted direct evidence of gender discrimination.

In *Arnett v. Bank of America, N.A.*, No. 3:11-cv-01372-SI (D. Or. Apr. 17, 2014), the court preliminarily approved a $31 million settlement for approximately 625,000 class members, the largest common fund settlement ever negotiated in a case involving force-placed flood insurance.

In *Rhodes v. CashCall*, JAMS Ref. No. 1200047475, *Garcia v. CashCall*, JAMS Ref. No. 1200047422, *Good v. CashCall*, JAMS Ref. No. 1200047220, and *Green v. CashCall, Inc.*, JAMS Ref. No. 1200047225 (2014), a JAMS arbitrator ruled that CashCall misclassified Rhodes and Green, loan processers, and Garcia and Good, underwriters, as exempt from the overtime requirements of California and federal law. The arbitrator awarded Rhodes $15,000 in unpaid overtime plus an additional $15,000 in liquidated damages, along with $88,179 in attorneys' fees and costs, Green was awarded $15,067.72 in damages, as well as $54,165.50 in attorneys' fees and costs. The arbitrator also awarded Garcia $10,000 in unpaid overtime plus an additional $10,000 in liquidated damages, along with $98,709 in attorneys' fees and costs, and Good was awarded $43,631 in unpaid overtime, as well as $50,627.49 in attorneys' fees and costs.

In *Farmer v. Bank of America, N.A.*, No. 5:11-cv-00935-OLG (W.D. Tex. Oct. 18, 2013), the court granted final approval of the parties' multi-million dollar settlement with significant prospective injunctive relief, finally certifying a class of 25,000 Texas mortgagors who had been sent letters requesting proof of hazard insurance in violation of the language of their deeds of trust, and appointing Nichols Kaster as class counsel.

In *Huff v. Pinstripes, Inc.*, 972 F. Supp. 2d 1065 (D. Minn. 2013), the court ruled in plaintiffs' favor on cross-motions for summary judgment, finding that Pinstripes had violated the Minnesota Fair Labor Standards Act's provisions on tip-pooling by requiring its servers to share their tips with "server assistants," who act as servers' support staff at the restaurant.

In *Walsten v. Shank Power Products Co., Inc.*, No. 19HA-CV-12-1094 (Minn. Dist. Ct., Sept. 9, 2013), a minority shareholder case, an advisory jury returned a $700,000 verdict for the plaintiff, finding for him on his claims for breach of fiduciary duty and violation of his reasonable expectation of continuing employment. The trial judge subsequently issued an order sustaining the $700,000 advisory verdict and awarding $200,000 in attorneys' fees.

In *Karl v. Uptown Drink, LLC*, 835 N.W.2d 14 (Minn. Aug. 14, 2013), the Minnesota Supreme Court ruled that under Minnesota law, employers cannot require employees to reimburse them from their tips for items such as cash register shortages, unsigned credit card receipts, and customer walk outs. The Court also found that employees do not have to show that because of the deductions their wages fell below the minimum wage in order to prove a violation of Minn. Stat. § 181.79. In this case, the plaintiffs were over 750 employees who worked at three different bars/night clubs in Minneapolis. At a jury trial in 2011, the plaintiffs prevailed on their record-keeping and certain minimum wage claims, but lost on the unlawful deductions claims. Nichols Kaster appealed the deductions issue, and took it all the way to the Minnesota Supreme Court, where the Court agreed with plaintiffs and instructed the lower court to enter judgment on the plaintiffs' behalf on this claim.

In *Ernst v. DISH Network, LLC*, No. 12-8794-LGS (S.D.N.Y. July 23, 2013), the court appointed Nichols Kaster as interim class counsel for the putative class with claims against Defendant Sterling Infosystems, Inc., finding that Nichols Kaster had "demonstrated it is able fairly and adequately to represent the interests of the putative class. On September 22, 2014, the court ruled on plaintiff's and two of the defendants' cross-motions for partial summary judgment, granting plaintiff's motion and denying defendants' motion. The court ruled that the summary report received by two of the defendants was a "consumer report" for purposes of the Fair Credit Reporting Act because it "communicated information bearing on Plaintiff's character, general reputation, or mode of living, and the information was collected and expected to be used for 'employment purposes.'" (Order, S.D.N.Y Sept. 22, 2014.)

In *Holmes v. Bank of America, N.A.*, 2013 WL 2317722 (W.D.N.C. May 28, 2013), the court denied four motions to dismiss plaintiffs' claims regarding force-placed insurance and allowing the case to proceed.

In *Singleton v. Domino's Pizza, LLC*, No. 8:11-cv-01823(D. Md. May 13, 2013), the court granted preliminary approval of the parties' proposed $2.5 million settlement under the Fair Credit Reporting Act in a case where plaintiffs alleged that the defendant employer had improperly procured consumer reports on employees and applicants and had failed to comply with the pre-adverse action notice requirements of the Act. The court preliminarily certified three settlement classes of over 50,000 people and appointed Nichols Kaster as class counsel, describing the firm as "qualified, experienced, and competent."

In *Ulbrich v. GMAC Mortgage*, 2013 WL 8692404 (S.D. Fla. May 10, 2013), the court granted final settlement approval and appointed Nichols Kaster as class counsel for a 2,000+ nationwide class.  The case involved claims against GMAC Mortgage, LLC and Balboa Insurance Services, Inc. relating to force-placed wind insurance.

In *Kirsch v. St. Paul Motorsports, Inc.*, No. 11-cv-02624, 2013 WL 1900620 (D. Minn. May 7, 2013), the court denied defendants' motion for summary judgment in its entirety, finding that plaintiff had put forth sufficient evidence for a prima facie claim of age discrimination.

In *Gustafson v. BAC Home Loan Services, LP*, No. 8:11-cv-00915 (C.D. Cal. Feb. 27, 2013), Judge Josephine Staton Tucker appointed Nichols Kaster as co-lead interim class counsel for

multiple putative classes in a force-placed insurance case against Bank of America and other defendants.

In *Boaz v. Federal Express Customer Info. Services, Inc.*, 725 F.3d 603 (6th Cir. 2013), the U.S. Court of Appeals for the Sixth Circuit ruled that plaintiff, a FedEx project manager who had claimed that FedEx had failed to pay her overtime wages, in violation of the Fair Labor Standards Act, and paid her less than male coworkers performing the same job, in violation of the Equal Pay Act, could pursue her overtime and gender discrimination claims. The federal laws at issue provide employees three years to file a lawsuit and FedEx had plaintiff sign an application which stated that lawsuits had to be brought within 6 months or claims were lost. The lower court had dismissed plaintiff's claims, citing the application. The Sixth Circuit unanimously sided with plaintiff, reversed the dismissal and remanded the case for trial.

In *Calderon v. GEICO General Insurance Co.*, 2012 WL 6889800 (D. Md. Nov. 29, 2012), the court granted summary judgment in favor of approximately one hundred current and former Security Investigators for GEICO, finding that they were not covered by the administrative exemption. Specifically, the court held that plaintiffs did not exercise discretion and independent judgment as to matters of significance.

In *Spar v. Cedar Towing & Auction, Inc*., Case No. 27-CV-11-24993 (Minn. Dist. Ct., Oct. 16, 2012), Nichols Kaster won class certification and was appointed class counsel for a class of approximately six thousand Minneapolis consumers who plaintiffs alleged had been charged illegal towing fees by defendant.

In *Walls v. JPMorgan Chase Bank, N.A.,* Civ. No. 3:11-cv-00673, 2012 WL 3096660 (W.D. Ky. July 30, 2012), a case regarding force-placed flood insurance, the court denied defendant's motion to dismiss, stating that the plaintiff's mortgage agreement did not explicitly provide that the lender's flood insurance requirement could change at will and that Kentucky contracts contain provisions which can impose limits on discretion afforded by a contract, thus rejecting defendant's interpretation of plaintiff's mortgage agreement for purposes of the motion.

In *Bollinger v. Residential Capital*, 863 F. Supp. 2d 1041 (W.D. Wash. May 30, 2012), the court granted plaintiffs' motion for partial summary judgment, finding that defendants misclassified the underwriter plaintiffs under the administrative exemption, and rejected defendants' argument that there was no evidence of willful violation of the FLSA, stating that "a jury could conclude that Defendants knowingly and recklessly" misclassified plaintiffs.

In *Lass v. Bank of America, N.A.,* 695 F.3d 129 (1st Cir. 2012), the United States Court of Appeals for the First Circuit struck down the district court's ruling that had dismissed plaintiff's claims. The Court found that plaintiff's allegations regarding excessive flood insurance and improper kickbacks had been properly alleged and that the case should proceed.

In *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325 (2011), the United States Supreme Court found in favor of the plaintiff and held that "an oral complaint of a violation of the Fair Labor Standards Act is protected conduct under the [Act's] anti-retaliation provision."

This was a huge win for employees all over the country, as the Supreme Court's decision set a new FLSA anti-retaliation standard.

In *Monroe v. FTS USA, LLC*, No. 2:08-cv-21 (W.D. Tenn. Oct. 2011), the jury found that defendants willfully violated the Fair Labor Standards Act by failing to pay nearly 300 cable installers for all overtime hours worked. The district court entered judgment with damages for the plaintiffs. The case is currently at the Sixth Circuit.

In *Clincy v. Galardi South Enterprises, Inc.*, 808 F. Supp. 2d 1326 (N.D. Ga. Sept. 7, 2011), the court granted plaintiffs' motion for partial summary judgment on the issue of misclassification, finding that defendants misclassified adult entertainers as independent contractors and that the entertainers were in fact employees covered by the FLSA.

In *Eldredge v. City of Saint Paul*, Civ No. 09-2018 (D. Minn. 2011), plaintiff Eldredge reached a settlement of his case that was the second largest paid by the City of Saint Paul in an employment lawsuit.

In *Hofstetter v. JPMorgan Chase Bank, N.A.*, 2011 WL 1225900 (N.D. Cal. Mar. 31, 2011), Nichols Kaster was appointed class counsel for four classes encompassing approximately 40,000 mortgagors against Chase Bank. In the same case, Nichols Kaster secured an approximately $10MM settlement for the classes. *Hofstetter*, 2011 WL 5545912 (N.D. Cal. Nov. 14, 2011).

In *Stewart v. CenterPoint Energy Resources Corp.*, 2006 WL 839509 (D. Minn. Mar. 26, 2006), Nichols Kaster achieved a significant class action settlement on behalf of more than 2,500 low-income households who were left without heat by CenterPoint Energy in violation of Minnesota's "Cold Weather Rule."

---

## ASSOCIATE BIOGRAPHIES

<u>Alexander M. Baggio:</u> Alex focuses on class and collective actions, currently representing thousands of employees regarding commission payments, minimum wage, overtime, and improper meal and break deductions. Prior to working at Nichols Kaster, Alex clerked for the Honorable Gary Larson and Janet Poston of the Minnesota District Courts. <u>Education</u>: B.A. University of Wisconsin-Madison 2005, J.D. University of Minnesota Law School 2009 *cum laude.*

<u>Daniel S. Brome:</u> Daniel, while in law school, worked with the California Labor Commissioner, served as the Editor-in-Chief of the Berkeley Journal of Employment and Labor Law, and as Director of the Workers' Rights Clinic. After law school, Daniel worked with a California law firm representing workers and unions in arbitrations and litigation. Daniel continues pursuing his passion for employment law at Nichols Kaster, working with the firm's national wage and hour team out of the San Francisco office. <u>Education</u>: B.A. Princeton University 2005, J.D. University of California, Berkeley, School of Law 2011.

Charles A. Delbridge:  Charlie is a member of Nichols Kaster's individual rights practice group, representing employees who have been discriminated against for unlawful reasons. He has nearly a decade of experience as a civil litigator across a broad range of substantive practice areas. Charlie has been recognized as a "Minnesota Rising Star" by *Super Lawyers* magazine, and an "Up & Coming Attorney" by *Minnesota Lawyer*. He is active in professional organizations, having served as a member of the Board of Directors of both the Minnesota State Bar Association and Minnesota Continuing Legal Education. Education: B.A. University of Wisconsin-Madison 2003, J.D. William Mitchell College of Law 2006 *magna cum laude.*

Carl F. Engstrom:  Carl began his legal career in 2010 as a law clerk with Nichols Kaster.  He went on to work as a Judicial Law Clerk in Hennepin County District Court for Judge Philip Carruthers and Judge Tamara Garcia. He returned to Nichols Kaster in March 2015, and is a vital part of the firm's growing ERISA practice. Education: B.A. Harvard College 1998, J.D. University of Minnesota Law School 2012.

Laura A. Farley:  Laura is a member of Nichols Kaster's individual rights litigation team, and is dedicated to protecting the rights of current and former employees who face a wide-range of employment-related issues, including discrimination, harassment, retaliation, minority shareholder, and contract disputes. Prior to joining Nichols Kaster, Laura worked as an associate for a Minneapolis litigation firm, focusing on minority shareholder, employment, and contract disputes. During law school, Laura was on the Executive Board of the *Minnesota Law Review*, the board of the Women's Legal Student Association, and volunteered with the Advocates for Human Rights. Prior to attending law school, Laura worked for a Fortune 100 company in business-to-business sales supporting operations and logistics in small businesses. Education: B.A., University of St. Thomas, 2010, *magna cum laude*; J.D., University of Minnesota Law School, 2015.

Matthew A. Frank:  Matt attended the University of Michigan Law School as a Clarence Darrow Scholar. At graduation, he received the Robert S. Feldman Award for outstanding work in labor and employment law. Prior to joining Nichols Kaster in 2016, Matt clerked for the Hon. Susan N. Burke in Hennepin County District Court and practiced plaintiffs' employment law at another Twin Cities firm. Matt is part of Nichols Kaster's individual rights team.  Education: B.A. University of Colorado, Boulder 2002 *summa cum laude*, Philosophy Ph.D. (ABD) University of Minnesota, Twin Cities, J.D. University of Michigan Law School 2013 *cum laude*.

Jason D. Friedman:  Prior to joining Nichols Kaster in 2016, Jason practiced in Maryland and the District of Columbia, litigating wage an hour cases in state and federal courts.  Jason is now a member of Nichols Kaster's national wage and hour team, where he represents workers seeking recovery of unpaid wages, commissions, minimum wage, and overtime.  Jason is also a Maryland court certified mediator. Education: B.A. Washington University in St. Louis 2009, J.D. University of Maryland Francis King Carey School of Law, 2012.

Eleanor E. Frisch: Prior to joining Nichols Kaster, Eleanor served as a judicial clerk to the Hon. Roger L. Wollman of the U.S. Court of Appeals for the Eighth Circuit. Eleanor is on Nichols Kaster's national consumer class action team, and is part of the consumer origination group. She has published articles in Bench & Bar of Minnesota and the Minnesota Law Review regarding

whistleblower and sexual harassment claims. <u>Education</u>: B.A. Trinity University 2008, J.D. University of Minnesota Law School 2014 *magna cum laude.*

<u>Lucas J. Kaster:</u>  Lucas received his J.D. from Marquette University Law School, where he focused his coursework on litigation. Prior to joining Nichols Kaster, Lucas was the founding attorney of Kaster Law in Milwaukee, Wisconsin where he did criminal defense work. Now, Lucas works as a part of Nichols Kaster's individual rights team, focusing on aggressive advocacy, creative solutions and responsiveness to clients. <u>Education</u>: B.A. Villanova University 2004, J.D. Marquette University Law School 2011.

<u>Michelle L. Kornblit:</u>  Michelle is part of Nichols Kaster's individual rights practice group and assists employees with a wide-range of claims, including discrimination, harassment, retaliation and whistleblower protection. Michelle has been dedicated to employee rights and challenging unfair employment practices her entire career. While in law school, Michelle interned with an Administrative Law Judge of the U.S. Equal Employment Opportunity Commission, and with the Women's Rights Project of the American Civil Liberties Union. Prior to joining Nichols Kaster, Michelle was an associate with a leading employment litigation firm in New York, representing employees in individual, multi-party and class action cases. <u>Education</u>: B.A. New York University 2010 *cum laude*, J.D. Benjamin N. Cardozo School of Law 2014 *cum laude*.

<u>Jennifer K. Lee:</u>  Jenny is a member of Nichols Kaster's consumer rights practice where she represents consumers harmed by false advertising, predatory high-interest lenders, and other illegal corporate practices. Prior to joining Nichols Kaster in 2016, Jenny worked for several years at the American Civil Liberties Union's National Office in New York, where she litigated high-stakes constitutional and civil rights cases in courts across the country. Prior to that, she worked at the corporate law firm Cravath, Swaine & Moore LLP in New York. During law school Jenny served as Editor-in-Chief of the *University of Chicago Legal Forum* and interned with Planned Parenthood Federation of America, the Legal Aid Society's Prisoners' Rights Project, and the ACLU of Illinois. She is licensed in New York. <u>Education:</u> Yale University, B.A. *cum laude* (2006), University of Chicago Law School, J.D. with honors (2010).

<u>Brandon T. McDonough:</u> Brandon is a member of Nichols Kaster's ERISA litigation team where he represents current and former employees whose retirement accounts have been shortchanged due to excessive fees, imprudent investments, employer self-dealing, and general mismanagement.  Prior to joining the firm, Brandon practiced plaintiffs-side consumer and civil rights law. <u>Education</u>: B.A. University of Chicago 2007, J.D. University of Minnesota Law School 2012 *cum laude*.

<u>Janet Olawsky:</u> Janet works on individual employee rights cases with Nichols Kaster, fighting unlawful employment conduct and discrimination. Prior to joining Nichols Kaster, Janet volunteered with the Innocence Project of Minnesota and served as a judicial law clerk for the Hon. Kevin A. Lund and Hon. Robert Birnbaum in Rochester, Minnesota. Janet is also a qualified neutral under Rule 114 of the Minnesota Rules of General Practice. <u>Education</u>: B.A. University of St. Thomas 2007, J.D. William Mitchell College of Law 2012 *magna cum laude*.

<u>Robert L. Schug:</u>  Robert is part of Nichols Kaster's national wage and hour litigation team. Robert has close to a decade of experience litigating cases through trial in both court and

arbitration. He has represented employees in courts across the country on a variety of issues, including employee misclassification, gender discrimination, unpaid overtime, off-the-clock work, and unlawful pay deductions. Robert previously served as Director of Litigation at the Impact Fund, a nationally recognized non-profit law firm in Berkeley, California devoted to achieving social justice through large scale impact litigation. He has twice been recognized as a Rising Star by Northern California Super Lawyers. He is licensed in California and Minnesota. <u>Education</u>: B.S. Middle Tennessee State University 2003 *summa cum laude*; J.D. William Mitchell College of Law 2006 *summa cum laude*.

<u>Jacob T. Schutz</u>:   Jacob is a member of Nichols Kaster's ERISA litigation team where he represents current and former employees whose retirement accounts have been shortchanged due to excessive fees, imprudent investments, employer self-dealing, and general mismanagement. In law school, Jacob was an editor of the ABA Journal of Labor & Employment Law and published an article on the association provision of the Americans with Disabilities Act. Prior to joining Nichols Kaster, he was an associate in a firm acting as general counsel for Taft-Hartley employee benefit funds. <u>Education</u>: B.A. University of Pennsylvania 2010, J.D. University of Minnesota Law School 2013 *magna cum laude*.

<u>Brittany Bachman Skemp</u>:   Brittany is part of Nichols Kaster's national wage and hour litigation team and focuses on class and collective actions. Prior to working as an associate at Nichols Kaster, Brittany clerked for Judge Thomas J. Kalitowski and Judge Jill Flaskamp Halbrooks of the Minnesota Court of Appeals. Brittany also serves as the community service director of the New Lawyers Section of the Hennepin County Bar Association. <u>Education</u>: B.A. University of St. Thomas 2008, J.D. William Mitchell College of Law 2013 *magna cum laude.*

<u>Brock J. Specht</u>:   Brock has experience litigating complex multi-million dollar lawsuits in numerous federal courts around the country and currently works with the firm's national consumer class action team, assisting plaintiffs who have been harmed by big business. Prior to joining the firm, Brock worked with a major Twin Cities law firm, and as a clerk for two judges on the Minnesota Court of Appeals. Brock also has worked as a Special Assistant State Public Defender, *pro bono*, and as an Adjunct Professor of Law at the University of St. Thomas School of Law. <u>Education</u>: B.A. University of Minnesota 2002, J.D. University of St. Thomas School of Law 2007 *magna cum laude.*

<u>Nicholas D. Thompson</u>:   Prior to joining Nichols Kaster, Nick worked on personal injury and criminal cases. Nick is part of Nichols Kaster's individual rights team. <u>Education</u>: B.A. (double) University of Wisconsin 2005, J.D. University of Minnesota Law School 2008.